IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER<br><br><br><br>Debtor. | Bankruptcy No. 5:25-bk-00087<br><br>Chapter 11 |
| HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER,<br><br>Movant,<br>v.<br>NO RESPONDENTS. | |

**EXPEDITED MOTION FOR ORDER APPROVING THE
CONTINUED USE OF THE DEBTOR'S
BANK ACCOUNTS AND BUSINESS FORMS**

Heart 2 Heart Volunteers, Inc. (the "Debtor"), by and through it is undersigned proposed counsel, Bernstein-Burkley, P.C., hereby files this *Expedited Motion for Order Approving the Continued Use of the Debtor's Bank Accounts and Business Forms* (the "Motion"), and in support thereof, avers as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of West Virginia (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a "core" proceeding in accord with 28 U.S.C. § 157(b)(2).

3. Sections 105, 345, and 363 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), serve as the statutory bases for the relief requested in this Motion.

## BACKGROUND

**A. General Background**

4. On February 27, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is a debtor-in-possession pursuant to sections 1107(a), 1108, and 1116 of the Bankruptcy Code.

6. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. No official committee of unsecured creditors has been appointed by the United States Trustee.

7. A Notice of Appearance and Request for Notices was filed on February 28, 2025 by Gary O. Kinder of the U.S. Trustee Office of the United States (the "US Trustee").

8. The Debtor is a substance abuse recovery provider that has a principal place of business located at 667 Stone Shannon Road, Wheeling, WV 26003. Presently, the Debtor's employees solely provide substance abuse recovery treatment, as well as treatment for sober living.

9. The Debtor was formed in 2015 and became a Medicaid provider in 2019. The business is operated by a Board of Directors comprising of the following members: Sharon Marie Travis, President; Cindy Fiorilli, Vice President; Debbie Langmyer, Secretary; Gregory Ford, Board Member; Rose Halverson, Board Member; Tara Singer, Secretary II/Treasurer.

2

10. The President and Secretary II/Treasurer manage the Debtor's day-to-day operations, alongside office support staff, and employs and pays the employees, contracts for, and pays for, goods and services needed in connection with the Debtor's operations. The Debtor owns and controls the bank accounts through which the cash for operations flow.

B. **The Debtor's Cash Management System**

11. As indicated above, the Debtor's operations historically have been and continue to be controlled and managed by the Debtor, including cash management, bill payment and collections.

C. **The Bank Accounts**

12. Prior to the Petition Date, the Debtor maintained the following bank accounts (collectively, "Bank Accounts"):

| Institution | Account Type | Account Name | Account Number |
|---|---|---|---|
| United Bank | Free Business Checking | General Fund | XXXX5900 |
| United Bank | Free Business Checking | | XXXX2134 |
| United Bank | Free Business Checking | | XXXX8726 |
| United Bank | Free Business Checking | State Grant Fund | XXXX1528 |
| United Bank | Free Business Checking | General Account | XXX6979 |
| Main Street Bank | Basic Business Checking | | XXXXXX5669 |

13. The Debtor receives payment from payors and Medicaid into the 5900 Account and uses those funds to make payments necessary to operate the business, including to pay wages for approximately thirty-one (31) employees, taxes (including trust fund-type such as sales, use and occupancy taxes), amounts owed to trade vendors and other business expenses, such as utilities and similar recurring charges and expenses.

3

14. As the Debtor has expended considerable time and effort setting up the Bank Accounts and as the payors, the Debtor believes and avers that closing each of its Bank Accounts and reopening new ones in their place will result in unnecessary delay, additional expenses, administrative confusion, and general disruption to its business operations, including its timely payments to vendors and state and federal authorities for tax obligations.

15. The Debtor proposes to continue using its prepetition accounts, create a clear break (no less than fifty (50) checks) in check numbers postpetition and stamp or write "Debtor in Possession" on all postpetition checks issued.

16. The Debtor can determine what, if any, checks are unpaid and outstanding as of the Petition Date. The Debtor will direct United Bank and Main Street Bank not to pay any pre-petition debts unless authorized by this Court.

## RELIEF REQUESTED

17. Accordingly, subject to the prohibition against honoring pre-petition checks without specific authorization from the Court, the Debtor requests that its existing Bank Accounts be deemed debtor-in-possession accounts and that the maintenance and continued use of such Bank Accounts, in the manner set forth herein and with the same account numbers, styles, and document forms as those employed during the pre-petition period, be authorized.

18. Thus, the Debtor requests entry of an order, substantially in the form of the Proposed Order, approving the Debtor's continued use of the existing Bank Accounts, and business forms.

## BASIS FOR RELIEF

A. **The Continued Use of the Cash Management System, Bank Accounts, and Business Forms is Essential to the Debtor's Ongoing Operations and is in the Best Interest of the Debtor's Estate and Creditors.**

19.     The U.S. Trustee's Operating Guidelines and Financial Reporting Requirements for the Debtor-in-possession and Trustees (the "UST Guidelines") requires the Debtor to close all existing bank accounts and open new debtor-in-possession accounts.

20.     Compliance with the UST Guidelines would result in significant expense to the Debtor's estates. The Debtor would be required to make significant changes to its use of the Bank Accounts, which would greatly disrupt the Debtor's ongoing operations.

21.     The existing Bank Accounts and Cash Management System have the necessary accounting controls to allow the US Trustee, and any other interested party, to track funds during the duration of the Bankruptcy Case to ensure all transactions are appropriate and can be adequately documented and readily accessible.

22.     The Bank Accounts utilized by the Debtor involve direct payments to the Debtor for the benefit of the patients in its care. Without the ability to access these funds, the Debtor will be limited in its ability to care for its patients.

23.     Therefore, the closure of the Bank Accounts would cause delays in payments to critical vendors, employees, expenses, and costs associated with the ongoing operations.

24.     The continued use of the Debtor's existing Bank Accounts is consistent with section 363 of the Bankruptcy Code, which allows a debtor-in-possession to "use property of the estate in the ordinary course of business, without notice or a hearing." 11 U.S.C. § 363(c)(1). The uninterrupted continuation of the relationship and the cash management functions in the ordinary course are critical to the Debtor's ability to continue operations and pay creditors in the ordinary course.

25. Similarly, the Debtor requests permission to continue the use of the existing Business Forms, to avoid confusion among the vendors and to avoid disruption of the Debtor's ongoing operations.

26. Finally, the Debtor requests that its current account holders, United Bank and Main Street Bank, be entitled to continue to maintain, service, and administer the Bank Accounts, except for carve-out relating to pre-petition checks.

**B. Waiver of Section 345(b) Deposit Guidelines**

27. Section 345 of the Bankruptcy Code requires that any deposit or investment made by a debtor be secured by either a bond in favor of the United States that is secured by the undertaking of a corporate surety approved by the U.S. Trustee for the relevant district or the deposit of securities of the kind specified in section 9303 of title 31 of the United States Code. *See* 11 U.S.C. § 345(b)(1).

28. The Debtor asserts that the Bank Accounts are in compliance with the requirements set forth under section 345 as the banks are insured and regulated by the federal agencies including Federal Deposit Insurance Corporation (the "FDIC").

29. The Debtor asserts that the Bank Accounts comply with UST Guidelines as it permits the Debtor to comply with the reporting requirements.

30. The discontinuation of the Debtor's access to the Bank Accounts will cause extreme detriment to the Debtor's ongoing operations and creditors.

31. The Debtor asserts that "cause" exists to allow the Debtor to maintain the Bank Accounts. *See In re Service Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (stating that several factors, including the bank ratings, the benefit of the harm, if any, to the estate, and the

reasonableness of the debtor's request in light of the overall circumstances of the case should all be considered when determining if cause exists to waive the requirements of § 345(b)).

### C. Request for Expedited Consideration, Immediate Relief and Waiver of Stay

32. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

33. Bankruptcy Rule 6003(b) provides, in pertinent part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to pay all or part of a claim that arose before the filing of the petition."

34. The Debtor seeks immediate entry of an order granting the relief sought herein and a waiver of any stay of the effectiveness of such an order as failure to provide such relief will result in irreparable harm to the Debtor's estate. *See In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (holding that the "immediate and irreparable harm" exists where loss of the business threatens ability of the Debtor to reorganize).

35. The need for expedited consideration has not been caused by any lack of due diligence on the Debtor's or its counsel's part. The relief sought herein is essential to prevent the disruption of the Debtor's ongoing operations.

### **NO PRIOR REQUEST**

36. No prior request for the relief sought herein has been made by Debtor to this Court or any other court.

## **NOTICE**

37.    The Debtor will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the Northern District of West Virginia; (ii) the holders of the 20 largest unsecured claims against the Debtor on a consolidated basis; and (iii) the Internal Revenue Service; (iv) the West Virginia Department of Revenue; (v) the West Virginia Department of Environmental Protection; (vi) the Tax Division of the State of West Virginia; and (vii) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor respectfully requests that this Court enter the attached proposed Order Approving the Continued Use of the Debtor's Bank Accounts and Business Forms and granting such other further relief as may be just and proper.

Dated: March 4, 2025

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

/s/ *Kirk B. Burkley*
Kirk B. Burkley (WV ID No. 11767)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
Email: kburkley@bernsteinaw.com

*Proposed Attorney for the Debtor*