# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER<br><br>   Debtor. | Bankruptcy No.<br><br>Chapter 11 |
| HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER,<br><br>   Movant,<br>   v.<br>NO RESPONDENTS. | |

## EXPEDITED MOTION FOR ORDER TO AUTHORIZE PAYMENT OF PREPETITION WAGES

Heart 2 Heart Volunteers, Inc., LLC (the "Debtor"), by and through it is undersigned proposed counsel, Bernstein-Burkley, P.C., hereby files this *Expedited Motion for Order to Authorize Payment of Prepetition Wages* (the "Motion"), and in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of West Virginia (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

3. On February 27, 2025 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended,

1

the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of West Virginia (the "Court") commencing case number 24-bk-22610 (the "Bankruptcy Case").

4. The Debtor is a substance abuse recovery provider that has a principal place of business located at 667 Stone Shannon Road, Wheeling, WV 26003. Presently, the Debtor's employees solely provide substance abuse recovery treatment, as well as treatment for sober living.

5. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Section 1107(a), 1108, and 1116 of the Bankruptcy Code.

6. As of the Petition Date, the Debtor employs a workforce of approximately thirty-one (31) individuals paid on an hourly basis. These employees include various therapists, nurses, mental health technicians and support staff, kitchen staff, office support staff, cleaning staff, and maintenance staff (the "Employees"). In addition to the Employees, the Debtor also employs three (3) individuals on a salaried basis. These employees include a medical director, the in-house accountant who also serves on the Board of Directors, and the CEO who also serves on the Board of Directors (the "Administrative Staff").

7. In the ordinary course of business, the Debtor issues payments for wages of the Employees.

8. The next scheduled payday is March 7, 2025 for Employees. The March 7, 2025, payroll is for the pay period February 17, 2025 through March 2, 2025. A true and correct copy of the Debtor's next scheduled payroll is attached as **Exhibit A**.

9. The payroll to be paid on March 7, 2025 includes all wages from the February 17, 2025 through March 2, 2025.

10. The next scheduled payday for the Administrative Staff is March 12, 2025. The March 12, 2025 payroll is for the pay period of February 17, 2025 through March 2, 2025.

11. The Debtor completes the payroll for the Employees on a different date than the Administrative Staff to ensure all hourly Employees are compensated on schedule and lessen the financial burden making such a large payroll naturally occurs for a business.

12. The Employees and Administrative Staff estimated total prepetition gross wages are $58,946.18, with an additional $6,435.93 in federal, state, local, and delinquent taxes. The total payroll expense for March 7, 2025 and the March 12, 2025 payroll is $65,382.11. The Debtor will confidentially provide additional employee information, including the exact wages, to parties entitled thereto upon request.

13. Debtor's principal owner is included in the Administrative Staff payroll.

14. If no Objection is filed by March 6, 2025 at 9:00 AM, Debtor will issue the March 7, 2025 payroll and the March 12, 2025 payroll, including the prepetition amount.

15. The Employees and Administrative Staff perform a variety of critical functions for the Debtor and the Debtor's business, processes, and systems. The Employees' knowledge and understanding of the Debtor's business and its operations are essential to the continued operation of the Debtor's business in this chapter 11 case. Without the continued, uninterrupted services of the Employees and the Administrative Staff, the Debtor's business operations will be halted, and the administration of the estate will be materially impaired.

## **RELIEF REQUESTED**

16. The Debtor requests the entry of an order, substantially in the form of the proposed order (i) authorizing, but not directing, the Debtor to (a) pay the Employees' prepetition wages, salaries, and other compensation; (b) pay the Administrative Staff's prepetition wages, salaries, and other compensation; and (c) continue employee benefits programs in the ordinary course,

including payment of certain prepetition obligations related thereto; and (ii) granting any related relief the Court deems just and proper.

## BASIS FOR RELIEF

17. The Bankruptcy Code provides various grounds for the relief requested herein by the Debtor. Relief sought herein is appropriate pursuant to sections 507(a)(4), 541(d), and 105(a) of the Bankruptcy Code.

### A. *Section 507(a)(4) of the Bankruptcy Code*

18. Pursuant to section 507(a)(4) of the Bankruptcy Code, employees are given a fourth level priority claim and distribution for wages earned within 180 days of the Petition Date, up to $15,150 per employee.

19. Section 507 provides priority for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." 11 U.S.C. § 507(a)(4)(A).

20. The payrolls is for the Employee's wages earned prepetition. The Employees of the Debtor are entitled to priority for the full amount of their wages and benefits for this period as no individual Employee is owed prepetition wages in excess of $15,150 for the subject pay periods.

21. To the extent prepetition claims for employee wages and taxes, which would be accorded priority under the Bankruptcy Code, are paid pursuant to this Motion, such payment will reduce that creditor's priority claim against the estate.

22. Therefore, the Employees' prepetition wages are entitled to priority and the Debtor should be granted relief to pay this prepetition obligation.

### B. *Section 541 of the Bankruptcy Code*

23. Section 541 of the Bankruptcy Code indicates as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains

>  legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

24. Property that is held in trust for the benefit of another does not constitute property of the estate within the meaning of Section 541. *See In re Columbia Gas Sys.,* 997 F.2d 1039 (3d. Cir. 1993).

25. In the normal course of its business, the Debtor is also responsible for the payment of payroll taxes on employee wages (the "Taxes").

26. The Taxes held by the Debtor for the Employees do not constitute property of the estate. *See In re Calabrese*, 689 F.3d 312, 321 (3d Cir. 2012) (recognizing that "taxes required to be withheld by an employer under the Federal Insurance Contributions Act, 26 U.S.C. § 3102(a), are held in trust"); *see also City of Farrell v. Sharon Steel Corp.,* 41 F.3d 91, 99 (3d Cir. 1994) (holding that by virtue of holding income taxes, a trust was created under Pennsylvania law).

27. Allowing the Debtor to pay the prepetition Employees and Administrative Staff wages and Taxes is appropriate as the Taxes included in the Employee's and Administrative Staff's wages are held in trust by the Debtor and therefore such funds do not constitute as an asset of the estate. The payment of the Employees' and Administrative Staff's prepetition wages and Taxes will not diminish the Debtor's estate.

C. *Section 105 of the Bankruptcy Code*

28. Pursuant to Section 105 of the Bankruptcy Code, the Bankruptcy Court has the equitable power to authorize the payments of the Employees' prepetition wages because it is essential for the Debtor's ongoing operations. *See In re Columbia Gas Sys., Inc.,* 136 B.R. 930, 939 (Bankr. D. Del. 1992); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

29. Section 105(a) of the Bankruptcy Code grants broad authority and discretion to enforce the provisions of the Bankruptcy Code pursuant to statutory scheme or equitable principles. Under the "doctrine of necessity," several courts have allowed for the authorization of pre-petition obligations, where payment is an essential element to preserve the value of the debtor's estate. *See In re CoServ, LLC,* 273 B.R. 487, 497 (Bankr. N. D. Tex. 2002) ("[t]hese are simply examples of claims that may require satisfaction for the debtor in possession to perform its fiduciary obligations. In such instances it is only logical that the bankruptcy court be able to use Section 105(a) of the Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate."); *see also In re NVR L.P*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Section 105(a) of the Bankruptcy Code empowers the court to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.' 11 U.S.C. § 105. Under 11 U.S.C. § 105 the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.'") (*citing In re Ionosphere Clubs, Inc.*, 98 Bankr. 174, 177 (Bankr. S.D.N.Y. 1989)).

30. Failure to provide payment for prepetition wages will be detrimental to the Employees and Administrative Staff and will cause a disruption in the Debtor's ongoing operations and efforts to reorganize through this Bankruptcy Case. Certainly, these Employees and Administrative Staff are critical to the Debtor's business operations. Without dedicated and skilled individuals caring for the patients in the Debtor's care, the Debtor cannot take in and/or house current patients. This will inhibit the Debtor's ability to make income and harm the restructuring effort.

31. The Court has the authority to authorize the payment of the prepetition Employees wages and Taxes as it is appropriate and necessary in order to carry out the provisions set forth in the Bankruptcy Code.

### **REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY**

32. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

33. Bankruptcy Rule 6003(b) provides, in pertinent part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to pay all or part of a claim that arose before the filing of the petition."

34. The Debtor seeks immediate entry of an order granting the relief sought herein and a waiver of any stay of the effectiveness of such an order as failure to provide such relief will result in the irreparable harm to the Debtor's estate. *See In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 36 n. 2 (Bankr. S.D.N.Y. 1990) (holding that the "immediate and irreparable harm" exists where loss of the business threatens ability of the Debtor to reorganize).

35. The relief sought herein is essential to prevent the disruption of the Debtor's ongoing operations.

### **NO PRIOR REQUEST**

36. No prior request for the relief sought herein has been made by Debtor in this Court or any other court.

## **NOTICE**

37. The Debtor will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the Northern District of West Virginia; (ii) the holders of the 20 largest unsecured claims against the Debtor on a consolidated basis; and (iii) the Internal Revenue Service; (iv) the West Virginia Department of Revenue; (v) the West Virginia Department of Environmental Protection; (vi) the Tax Division of the State of West Virginia; and (vii) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

38. As this motion is seeking expedited relief, notice of this motion and any order entered hereon will be served on all parties required by the Local Rules. Due to the urgency of the relief requested, the Debtor submits that no other or further notice is necessary

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form of the proposed order, authorizing the Debtor to pay the Employee's and Administrative Staff's prepetition wages and Taxes and granting such other relief as may be just and proper.

Dated: March 4, 2025

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.

/s/ *Kirk B. Burkley*
Kirk B. Burkley (WV ID No. 11767)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
Email: kburkley@bernsteinlaw.com

*Proposed Attorneys for the Debtor*