IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER<br><br><br><br>Debtor. | Bankruptcy No. 5:25-bk-00087<br><br>Chapter 11 |

**DECLARATION OF SHARON MARIE TRAVIS IN SUPPORT OF
VOLUNTARY PETITION FOR RELIEF, FIRST DAY MOTIONS
AND RELATED RELIEF SOUGHT IN THIS CHAPTER 11 CASE**

Sharon Marie Travis declares and states, under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

**INTRODUCTION**

1. I am more than 18 years old and am competent to testify to the matters set forth below.

2. I am the President and CEO of Heart 2 Heart Volunteers, Inc. d/b/a Serenity Hills Life Center (the "Debtor" or "Heart 2 Heart"), and in this capacity, I am familiar with the Debtor's business and financial affairs.

3. I submit this declaration (the "Declaration") in connection with the Debtor's voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") filed in the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Court") on February 27, 2025 (the "Petition Date") and in support of the Debtor's plan for this chapter 11 case and in support of relief

requested by Debtor in connection with the commencement of the bankruptcy case (collectively, the "First Day Motions") and hereafter.

4. Pursuant to the *Corporate Resolution* dated February 25, 2025 (the "Written Action"), I was authorized to execute and file the voluntary petition for relief. A true and accurate copy of the Written Action was filed along with the Petition.

**Business Background**

5. The Debtor is a substance abuse recovery provider that has a principal place of business located at 667 Stone Shannon Road, Wheeling, WV 26003. Presently, the Debtor's employees solely provide substance abuse recovery treatment, as well as treatment for sober living.

6. In connection with this business, the Debtor operates three (3) addiction recovery centers and treatment facilities at the following addresses: 667 Stone Shannon Road, Wheeling, WV 26003; 669 Stone Shannon Road, Wheeling WV 26003; and 1 Shepherd House Drive, Wheeling, WV 26003.

7. To conduct such business, the Debtor employs a workforce of approximately thirty-one (31) individuals paid on an hourly basis. These employees include various therapists, nurses, mental health technicians and support staff, kitchen staff, office support staff, cleaning staff, and maintenance staff (the "Employees"). In addition to the Employees, the Debtor also employs three (3) individuals on a salaried basis. These employees include a medical director, the in-house accountant who also serves on the Board of Directors, and the CEO who also serves on the Board of Directors (the "Administrative Staff").

**Operational Challenges**

8. Historically, the Debtor has operated a robust and successful business providing care for hundreds of individuals seeking treatment for substance abuse.

9. After new rehabilitative programs opened near to the Debtor's business and competition in the area began, the Debtor faced difficulties as it navigated a new business strategy to stay competitive.

10. In the midst of financial setbacks, the Debtor signed six short-term loans. While these loans provided the Debtor with an immediate source of cash, the payback requirements presented new financial hurdles for the Debtor to overcome.

11. Given the nature of the Debtor's business, the Debtor receives both Medicaid funds and funds from payor insurance companies, all earmarked for the financial cost of caring for specific individuals.

12. Recently, these short-term loan companies garnished the payments from Medicaid and the insurance companies, redirecting funds before they even reached the Debtor's bank account.

13. Thus, the Debtor was financially unable to care for patients. Because the Debtor couldn't take in any new patients, the Debtor couldn't generate revenue, deepening the financial hole.

**The Need for Chapter 11 Relief**

14. With a new business climate, significant secured debt, and the unauthorized garnishment by these short-term loan companies, the Debtor has been unable to generate enough revenue to properly operate the business and meet creditor obligations. Among other things, the Debtor has defaulted on its secured debt obligations, owes back taxes to various taxing authorities, and is behind on its payments to these short-term loan companies. The Debtor needed to take action to maintain its business while it sought to address its financial distress.

15. The Debtor filed chapter 11 to preserve and maximize the value of the Debtor's estate through a chapter 11 plan. As part of the chapter 11 process, the Debtor intends to revitalize the business in such a way that allows it to compete in the new business environment and return it to its once fully successful operational capacity.

16. I have reviewed the First Day Motions filed by the Debtor and the statements therein. Each of the First Day Motions seeks relief that I believe is necessary and critical to the efficient administration of the Debtor's estate and to minimize the disruption of ongoing operations and loss of value.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*/s/ Sharon Marie Travis*
Sharon Marie Travis