UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:  HEART 2 HEART VOLUNTEERS INC.
d/b/a SERENITY HILLS LIFE CENTER

CASE NO. 5:25-bk-00087
CHAPTER 11

## MOTION TO MODIFY AUTOMATIC STAY

Now come your Movants, Crystal Bauer and Cristyn Davis, who are claim holders and/or creditors of the bankruptcy Petitioner set forth above, and who are the plaintiffs in the West Virginia Circuit Court civil action described below, by their counsel, Anthony I. Werner, Esquire and Jeffrey A. Grove, Esquire, who respectfully move this Honorable Court for an order modifying the automatic bankruptcy stay to allow Movants to proceed against the bankruptcy Petitioner in the West Virginia Circuit Court action solely for purposes of establishing its liability and pursuing proceeds from its liability insurance.  More specifically, in and support of this motion, Movants set the following:

1.      On 02/25/2025, in the Circuit Court of Ohio County, West Virginia, Movants Crystal Bauer and Cristyn Davis filed the civil *Complaint* (hereinafter "the State Court Civil Action") which is attached hereto as ***Exhibit A***.  The *Complaint* presents tort causes of action against two defendants, Heart 2 Heart Volunteers Inc. d/b/a Serenity Hills Life Center and Sharon Travis.

2.      As is reflected by each *Notice of Filing* of *Return Copy* of the *Summons* filed in the State Court Civil Action at 9:43 a.m. on 02/27/2025,  hours prior to Debtor's filing of its petition before this Court, the *Summons* and *Complaint* for the State Court Civil Action were personally served by the Sheriff of Ohio County, West Virginia, upon each defendant through delivery to Sharon Travis in both her individual capacity and her capacity as an officer of Heart 2 Heart

Volunteers. The returns of service filed with the Ohio County Circuit Clerk's office are attached as *Exhibits B and C*.

3.      Later on 02/27/2025, i.e., two days after Movants/Plaintiffs filed the State Court Civil Action and a number of hours after service of the state court *Complaint*, Heart 2 Heart Volunteers Inc. d/b/a Serenity Hills Life Center filed its *Voluntary Petition for Non-Individuals Filing for Bankruptcy* [Doc 1], resulting in the imposition of an automatic bankruptcy stay.[1]

4.      As attested to by the *Affidavit of Anthony I. Werner, Esquire* appended hereto as *Exhibit D*, on or about 03/07/2025 your undersigned received a telephone call from a representative for AIG Insurance who identified herself as Lindsay Fitzsimmons and who stated that she is the claim handler assigned to the claims against the defendants in the State Court Civil Action. She moreover stated that she had assigned the defense of the State Court Civil Action to Thomas Buck, Esquire, of the Wheeling law firm of Bailey & Wyant.

5.      Consistent with this representation, on 03/07/2025 in the State Court Civil Action Thomas Buck filed and served upon Movants/Plaintiffs the *Notice Of Automatic Stay* which is attached hereto as *Exhibit E*. (It is noted that Mr. Buck represents both defendants in the State Court Civil Action, not just defendant Heart 2 Heart.)

6.      By virtue of the above-referenced communication with AIG representative Lindsay Fitzsimmons, it is thus known that bankruptcy Petitioner Heart 2 Heart Volunteers Inc. has an insurance policy in effect during the time period of the events upon which the State Court Civil Action is based that potentially provides coverage to some or all of the claims against the bankruptcy Petitioner. Otherwise, a defense would not be offered.

---

[1] Your Movants are not identified as creditors in the "Verification of Creditor Matrix" filed in the Bankruptcy Court.

7.     Based on this, Movants pray to have the automatic bankruptcy stay modified and/or lifted purely and solely for purposes of pursuing insurance proceeds which may be owed due to liability on the part of Heart 2 Heart Volunteers Inc.  Even more specifically, Movants state they shall not attempt to pursue any assets from your bankruptcy Petitioner other than for insurance proceeds.

8.     Especially given that a defense is provided by AIG, your bankruptcy Petitioner will not be harmed in any way if the automatic stay is modified/lifted as Movants pray.

9.     Long-existing law supports this motion.

"Where a creditor's rights against a surety are contingent upon recovery of a judgment against the bankrupt, permission to prosecute suit in the state courts to this extent is frequently given." 52 F.2d at 864. This is especially significant in jurisdictions which do not permit suit directly against the insurer. West Virginia is such a state. *United Dispatch v. Albrecht Co.,* 135 W. Va. 34, 62 S.E.2d 289 (1950); *Criss v. United States Fidelity & Guaranty Co.,* 105 W. Va. 380, 142 S.E. 849 (1928).

Thus, were this Court not to lift the stay to permit the Plaintiff to proceed against the Debtor, she would be effectively precluded from any recovery for her alleged injuries. The choice is between lifting the stay to permit the civil action to proceed or to simply allow the unliqidated claim to be discharged. The Court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies. The cases referred to above, although decided under the Bankruptcy Act, demonstrate judicial recognition of the equity of permitting a civil suit to proceed against one covered by insurance where the bankruptcy estate is in no way harmed.

. . . .

No property of the Debtor will be put in jeopardy. If there is a liability of the Debtor, it is "personal" only to the extent necessary to sustain the recovery against the insurer.

Thus, though the liability to the Plaintiff is dischargeable in bankruptcy, the automatic stay will be modified to permit the Plaintiff to proceed with her suit in the Circuit Court of McDowell County to the extent of the Debtor's insurance coverage. The Plaintiff may not take any step toward collecting any judgment

personally from the Debtor, however, nor may the issue of dischargeability be raised in another court. An order so modifying the stay will be entered.

*In re Honosky*, 6 B.R. 667, 669-70 (Bankr. S.D. W. Va. 1980).

In seeking recovery from a debtor's insurer, while simultaneously honoring the permanent injunction against asserting post-confirmation debtor liability on discharged debt, the creditor is confined to act within a very narrow swath of permissible conduct--squeezed, as it were, between Section 524(a) and Section 524(e). In this connection, courts have precisely defined the compass of such conduct by their nearly unanimous agreement that Section 524(e) permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor *for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer. See Hawxhurst*, 40 F.3d at 179-80; *In re Edgeworth*, 993 F.2d at 53-54; *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 197 (7th Cir. 1993); *McAteer*, 985 F.2d at 118; *Green*, 956 F.2d at 35; *In re Shondel*, 950 F.2d 1301, 1306-07 (7th Cir. 1991); *International Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 733-34 (7th Cir. 1991); *In re Walker*, 927 F.2d at 1142; *In re Jet Fla. Sys., Inc.*, 883 F.2d at 973-74; *Federated Deposit Ins. Corp. v. Pappas (In re Pappas)*, 106 B.R. 268, 271 (D. Wyo. 1989); *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360, 363 (B.A.P. 9th Cir. 1992); *In re Gibson*, 172 B.R. 47, 49 (Bankr. W.D. Ark. 1994); *Cooper v. Walker (In re Walker)*, 151 B.R. 1006, 1008 (Bankr. E.D. Ark. 1993); *In re Czuba*, 146 B.R. 225, 228-29 (Bankr. D. Minn. 1992); *In re Greenway*, 126 B.R. 253, 255 (Bankr. E.D. Tex. 1991); *Copper Kettle Marina, Inc. v. Dorner (In re Dorner)*, 125 B.R. 198, 202 (Bankr. N.D. Ohio 1991); *In re Traylor*, 94 B.R. 292, 293 (Bankr. E.D. N.Y. 1989); *In re Lembke*, 93 B.R. 701, 702-03 (Bankr. D. N.D. 1988); *In re Mann*, 58 B.R. at 956; *In re McGraw*, 18 B.R. 140, 143 (Bankr. W.D. Wis. 1982); 4 Lawrence P. King et al., *Collier on Bankruptcy* P 524.05, at 524-36 (15th ed. rev. 1998); *see also Jessie v. Honosky (In re Honosky)*, 6 B.R. 667, 669-70 (Bankr. S.D. W.Va. 1980) (lifting the automatic stay "to the extent of the Debtor's insurance coverage");...

*In re Jason Pharm.*, 224 B.R. 315, 322-23 (Bankr. D. Md. 1998).

**WHEREFORE**, Movants request that this Court grant relief from the automatic bankruptcy stay provision and modify the automatic stay so that Movants may proceed with their West Virginia Circuit Court Civil Action against bankruptcy Petitioner Heart 2 Heart Volunteers Inc. d/b/a Serenity Hills Life Center (and, of course, non-bankrupt defendant Travis) and, with respect to the debtor, for the sole purpose of proving liability on its part as a prerequisite to

recovering from its insurer, and that the Court consequently enter an order so that the stay may be modified pursuant to 11 U.S.C. §362(d) and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: _____
                    Counsel

**ANTHONY I. WERNER, ESQUIRE**
W. Va. Bar ID #5203
JOHN & WERNER LAW OFFICES, PLLC
Board of Trade Building, STE 200
80 – 12th Street
Wheeling, WV 26003
Telephone: (304) 233-4380
Fax: (304) 233-4387

**JEFFREY A. GROVE, ESQUIRE**
W. Va. Bar ID #6065
GROVE, HOLMSTRAND & DELK, PLLC
44 15th Street
Wheeling, WV  26003
Telephone: (304) 905-1961
Fax: (304) 905-8628

## CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of this **MOTION TO MODIFY AUTOMATIC STAY** was hand delivered to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia who, in return, electronically filed said **MOTION TO MODIFY AUTOMATIC STAY** using the CM/ECF system, which will send notification of such filing this 13th day of March, 2025, to the following:

Kirk B. Burkley, Esquire
BERNSTEIN-BURKLEY, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219

Harry W. Greenfield, Esquire
BERNSTEIN-BURKLEY, P.C.
1360 East Ninth Street
Suite 1250
Cleveland, OH 44114

Gwenyth A. Ortman, Esquire
BERNSTEIN-BURKLEY, P.C.
601 Grant Street
9th Floor
Pittsburgh, PA 15219

John Pizzo, Esquire
BERNSTEIN-BURKLEY, P.C.
32 20th Street
Maxwell Centre
STE 301
Wheeling, WV 26003
***(Counsel for Petitioner)***

_____
Counsel

**JEFFREY A. GROVE, ESQUIRE**
W. Va. Bar ID #6065
GROVE, HOLMSTRAND & DELK, PLLC
44 15th Street
Wheeling, WV 26003
Telephone: (304) 905-1961
Fax: (304) 905-8628

E-FILED | 2/25/2025 1:34 PM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

CRYSTAL BAUER and
CRISTYN DAVIS,

      Plaintiffs,

v.                                 Civil Action No: _____

HEART 2 HEART VOLUNTEERS INC.
dba SERENITY HILLS LIFE CENTER
and SHARON TRAVIS,

      Defendants.

# C O M P L A I N T

For their Complaint against Defendant Heart 2 Heart Volunteers Inc. dba Serenity Hills Life Center and Defendant Sharon Travis, Plaintiff Crystal Bauer and Plaintiff Cristyn Davis, by their counsel Jeffrey A. Grove, Esquire, and Anthony I. Werner, Esquire, state as follows:

1.      Plaintiff Crystal Bauer (sometimes herein "Plaintiff Bauer") is a citizen and resident of Ohio County, West Virginia.

2.      Plaintiff Cristyn Davis (sometimes herein "Plaintiff Davis") is a citizen and resident of Belmont County, Ohio.

3.      At all times material hereto, Defendant Sharon Travis (hereinafter "Defendant Travis") has been a citizen and resident of Ohio County, West Virginia.

4.      At all times material hereto, Defendant Heart 2 Heart Volunteers Inc, d/b/a Serenity Hills Life Center, (hereinafter "Defendant Serenity Hills") is a West Virginia Corporation doing business in and having its principal office located in Ohio County, West Virginia.

5.      As registered with and officially recognized by the West Virginia Secretary of State, the business purpose of Defendant Serenity Hills is to provide "Health Care and Social

1

**EXHIBIT A**

Assistance-Hospitals-Psychiatric and Substance Abuse Hospitals." Essentially, Defendant Serenity Hills has provided medical and psychiatric counseling and care to those suffering from substance abuse.

6.     At all times material hereto, Defendant Travis was the President and Chief Executive Officer of Defendant Serenity Hills, she did at times hold herself out as Defendant Serenity Hills' owner, and she was authorized and did in fact act on behalf of Defendant Serenity Hills so as to render Defendant Serenity Hills liable for her wrongful conduct through principles of imputation.

7.     At all times material hereon, Defendant Serenity Hills, by and through Defendant Travis herself, and by and through its other officers, managers, agents and representatives, was aware of the actions of Defendant Travis as are set forth herein, or in the exercise of reasonable diligence and care required of it, should have been aware of her actions, including those taken in the name of and on behalf of Defendant Serenity Hills.

8.     Jurisdiction over the parties and the subject matter of Plaintiffs' claims is proper in Ohio County, West Virginia.

9.     Venue for this action is proper in Ohio County, West Virginia

10.    At all times material hereto, Plaintiff Bauer was a licensed practical nurse and registered nurse, licensed by the State of West Virginia Board of Registered Nurses.

11.    At all times material hereto, Plaintiff Davis was a Nurse Practitioner and Registered Nurse, licensed by the State of West Virginia Board of Registered Nurses, and holding an Advanced Practice License.

12.    In July of 2019, Defendant Travis contacted Plaintiff Bauer and requested that she agree to be employed by Defendant Serenity Hills to cover for an already-employed nurse

2

practitioner during her vacation. Plaintiff Bauer agreed, became employed by Defendant Serenity Hills, and thereafter continued to work for Defendant Serenity Hills on an as needed basis until the fall of 2019 at which point she declined an offer for a full-time position.

13.     In or about early February 2022, Plaintiff Bauer was again contacted by Defendant Travis about a job opportunity with Defendant Serenity Hills. On or about February 14, 2022, as President of Defendant Serenity Hills, Defendant Travis hired Plaintiff Bauer to be employed as a nurse by Defendant Serenity Hills at its facility located in Ohio County West Virginia. Plaintiff Bauer was to be the Nurse Supervisor, which title was changed to Director of Nursing to account for a detoxification unit that would fall under her direction once opened.

14.     During the first week or so of Plaintiff Bauer's employment, Defendant Travis did refer to herself, Plaintiff Bauer and Plaintiff Davis as the "Dream Team" and made clear how thrilled she was to have Plaintiffs Bauer and Davis working at Defendant Serenity Hills.

15.     Plaintiff Bauer only worked at Defendant Serenity Hills until March 11, 2022. Her employment concluded as a result of an ongoing investigation by the Office of Health Facility Licensure and Certification (OHFLAC) triggered by a complaint against Defendant Travis lodged by a resident that resulted in a survey of Defendant Serenity Hills.

16.     In March of 2022 OHFLAC issued a Licensure Statement of Deficiencies which enumerated the deficiencies cited as a result of the behavioral health licensure survey and complaint investigation. Defendant Serenity Hills appealed the actions of OHFLAC as reflected by *Heart 2 Heart Volunteers, Inc, dba Serenity Hills Life Center v. WVDHHR, Action No. 22-DOR-1437.* The decision on the appeal was entered on November 4, 2022.

3

17.    Defendant Travis directed Serenity Hills' employees, including Plaintiffs, to not cooperate with OHFLAC in its official investigation and threatened them with termination for "insubordination" should they disobey her directive.

18.    As is required by law, each Plaintiff cooperated with OHFLAC in relation to its investigation.

19.    At all times material hereto, Defendants were aware that the survey by OHFLAC and the decision to close the Serenity Hills facility on or about March 11, 2022, was not due to any improper conduct on the part of Plaintiff Bauer or Plaintiff Davis.

20.    At all times material hereto, Defendants, including through Serenity Hills' Clinical Director, were aware that Plaintiffs worked throughout March 11, 2022, and/or the days leading up to that date, to place residents in other facilities for their ongoing care, that Plaintiffs worked in conjunction with other agencies that were assisting, and that at all times Plaintiffs acted in the best interests of the residents under the prevailing circumstances.

21.    On March 14, 2022, Plaintiff Bauer arrived at the Serenity Hills facility to finalize the transition process that occurred on March 11, 2022, but she was ordered off the premises by Defendant Travis, who accused Plaintiff Bauer of stealing and of committing defamation against Travis. Wrongly accused on both counts, Plaintiff Bauer denied the allegation.

22.    Defendant Travis' conduct accomplished the termination of Plaintiff Bauer's employment on March 14, 2022, without any written notification.

23.    Plaintiff Bauer's few weeks of employment by Defendants can be accurately characterized as chaotic and emotionally damaging as a direct result of the behavior of Defendant Travis and the investigation by OHFLAC. Defendants were at all times aware of the difficult and

4

traumatic working environment that was occurring and its impact on their employees such as Plaintiffs.

24. Notwithstanding Defendants' knowledge and causation of the traumatizing working conditions of Plaintiff Bauer's employment, Defendant Travis, acting individually and as Chief Executive Officer for Defendant Serenity Hills, did further retaliate against Plaintiff Bauer by filing a complaint with the West Virginia Board of Registered Nursing seeking to have Plaintiff Bauer's license revoked, which complaint was sent to Plaintiff Bauer by letter dated October 14, 2022.

25. Defendants filed the aforementioned complaint despite knowing of the false allegations asserted by them and despite the fact they knew or should have known of the emotional trauma that it would cause to Plaintiff Bauer.

26. Defendant Travis has further made statements in the community of her intention to ruin Plaintiff Bauer and to have her license revoked.

27. By letter dated January 4, 2024, from the Executive Director of the West Virginia Board of Registered Nurses, Plaintiff Bauer was advised that no adverse action would be taken against her license on the complaint filed by Defendants.

28. Plaintiff Davis was hired by Defendant Travis to be employed by Defendant Serenity Hills as its Medical Director and her employment in that capacity lasted until ending on or about March 11, 2022.

29. Plaintiff Davis was forced to work through the chaotic and emotionally harmful working environment which was created and permitted to exist by Defendants.

30. Plaintiff Davis worked throughout March 11, 2022, and the preceding days to place residents in other facilities in light of the OHFLAC actions.

31.     Plaintiff Davis testified at the hearing held in August of 2022 relating to the Defendant Serenity Hills' appeal of the actions of OHFLAC.

32.     Plaintiff Davis' brief employment by Defendants can be accurately characterized as chaotic and emotionally damaging as a direct result of the behavior of Defendant Travis and the investigation by OHFLAC.

33.     Notwithstanding Defendants' knowledge and causation of the traumatizing working conditions of Plaintiff Davis' employment, Defendant Travis, acting individually and as Chief Executive Officer for Defendant Serenity Hills, did further retaliate against Plaintiff Davis by filing a complaint with the West Virginia Board of Registered Nursing seeking to have Plaintiff Davis' license revoked which complaint was sent to Plaintiff Davis by letter dated October 7, 2022.

34.     Defendants filed the aforementioned complaint despite knowing of the false allegations asserted by them and despite the fact they knew or should have known of the emotional trauma that it would cause to Plaintiff Davis.

35.     By letter dated February 29, 2024, from the Executive Director of the West Virginia Board of Registered Nurses, Plaintiff Davis was advised that no adverse action would be taken against her license on the complaint filed by Defendants.

36.     Not deterred by the failure of their improper efforts to financially ruin the Plaintiffs through stripping them of the ability to work in their respective areas of licensure, certification, and devotion, on March 11, 2024, in the continuation of their wrongful conduct, Defendant Travis and Defendant Serenity Hills filed a civil action against Plaintiffs seeking monetary damages in the Circuit Court of Ohio County, West Virginia, namely, Civil Action No. 2024-C-46 (hereafter "Defendants' Civil Action"), which once again related to the events occurring at Serenity Hills during the weeks of the OHFLAC survey referenced herein.

6

37.    Defendants' Civil Action continued to assert false allegations against employees of Serenity Hills, employees which Defendant Serenity Hills, including through its officers and managers other than Defendant Travis, failed and refused to protect from the actions of Travis.

38.    At all times material hereto, Defendant Serenity Hills was aware of the allegations against its CEO, Defendant Travis, and which led to the investigation by OHFLAC and of the charges by OHFLAC against the facility and its CEO, Defendant Travis.

39.    At all times material hereto, Defendant Serenity Hills was also aware of the actions of Defendant Travis at the facility and of her threats to employees such as Plaintiffs.

40.    Defendant Serenity Hills was likewise aware of the action it took against Plaintiffs in an attempt to punish them by having their licenses to practice as nurses revoked and were aware of the responses to their allegations and the ultimate rejection of their complaint by the West Virginia Board of Registered Nurses.

41.    Notwithstanding this knowledge, and in the continuation of their wrongful conduct, Defendants did file and maintain Defendants' Civil Action against the Plaintiffs despite knowing the claims lacked merit, and did so with the malicious purpose of retaliating against Plaintiffs and inflicting further severe emotional trauma, financial hardship, and overall punishment on Plaintiffs.

42.    All of Defendant Serenity Hills' officers, board members, and other managerial representatives and agents know or should have known of the filing and maintaining of Defendants' Civil Action and of its baseless and malicious purpose.

43.    By both their actions and their inactions, all of Defendant Serenity Hills' officers, board members, and other managerial representatives and agents other than Defendant Travis assisted and permitted Defendant Travis' conduct upon which this action is based, and they

7

expressly or implicitly acknowledged and/or ratified Defendant Travis' conduct as being within the scope and authority of her employment and/or job capacity with Defendant Serenity Hills.

44.     Defendants' Civil Action was dismissed by Order entered on 10th day of June, 2024, due to the claims violating West Virginia Code §55-7B-6(b) as Plaintiffs were health care providers and the claims fell within the provisions of that statute. The dismissal was a final order that terminated Defendants' Civil Action.

45.     Defendants did not appeal the Order dismissing Defendants' Civil Action.

### Count I: Malicious Prosecution

46.     Plaintiffs incorporate as if specifically set forth herein all of the allegations contained in the preceding paragraphs of this Complaint.

47.     Defendants caused Defendants' Civil Action to be commenced and prosecuted.

48.     The commencement and prosecution of Defendants' Civil Action was malicious and without reasonable or probable cause.

49.     Defendants' conduct in association with Defendants' Civil Action was moreover vexatious and in bad faith.

50.     Defendants' Civil Action was terminated favorably to Plaintiffs.

51.     As a result of the actions of the Defendants and the malicious prosecution of the Defendants' Civil Action, each Plaintiff has suffered damages for which Defendants are liable, as more particularly set forth below.

### Count II: Tort of Outrage

52.     Plaintiffs incorporate as if specifically set forth herein all of the allegations contained in the preceding paragraphs of this Complaint.

8

53.    At all times material hereto from the start of the OHFLAC survey of Defendant Serenity Hills through the date of the dismissal of Defendants' Civil Action, the Defendants' continual conduct against each Plaintiff was atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency.

54.    Defendants' conduct in association with both the administrative Registered Nursing Board proceedings and Defendants' Civil Action was moreover vexatious and in bad faith.

55.    At all times material hereto from the start of the OHFLAC survey of Defendant Serenity Hills through the date of the dismissal of Defendants' Civil Action, Defendants continually acted with the intent to inflict emotional distress upon each Plaintiff, or acted recklessly when it was certain or substantially certain emotional distress to each Plaintiff would result from their conduct.

56.    The actions of the Defendants in fact caused each Plaintiff to suffer emotional distress.

57.    As a direct and proximate result of Defendants' actions, each Plaintiff suffered emotional distress which was so severe that no reasonable person could be expected to endure it.

58.    As a result of the foregoing, Defendants are liable to each Plaintiff for damages, as more particularly set forth below.

### Count III: Negligent Infliction of Emotional Distress

59.    Plaintiffs incorporate as if specifically set forth herein all of the allegations contained in the preceding paragraphs of this Complaint.

60.    At all times material hereto, the Defendants engaged in the actions asserted herein which were reasonably foreseeable to the Defendants to cause the Plaintiffs to suffer severe emotional distress.

9

61.    As a direct and proximate result of the Defendants' actions, each Plaintiff has suffered severe emotional distress.

62.    As a result of the foregoing, Defendants are liable to each Plaintiff for damages, as more particularly set forth below.

## Damages

63.    Plaintiffs incorporate as if specifically set forth herein all of the allegations contained in the preceding paragraphs of this Complaint.

64.    As a direct and proximate result of their actionable misconduct, Defendants are liable to Plaintiff Bauer and must compensate her for the following damages:

    a.    Emotional distress, mental anguish and like harm;

    b.    Damage to her professional reputation and hireability and/or marketability in her chosen profession;

    c.    Attorneys' fees and expenses; and,

    d.    Other damages both economic and non-economic as recognized by applicable law.

65.    As a direct and proximate result of their actionable misconduct, Defendants are liable to Plaintiff Davis and must compensate her for the following damages:

    a.    Emotional distress, mental anguish and like harm;

    b.    Health care expenses associated with professional health care received as a result of Defendants' conduct;

    c.    Damage to her professional reputation and hireability and/or marketability in her chosen profession;

    d.    Attorneys' fees and expenses; and,

    e.    Other damages both economic and non-economic as recognized by applicable law.

66.    Given the nature and quality of Defendants' conduct against each Plaintiff, Defendants are liable to each Plaintiff for punitive damages.

**WHEREFORE**, Plaintiff Crystal Bauer and Plaintiff Cristyn Davis each pray for judgment against Defendants in amounts within the jurisdiction of this Court, in full compensation for all of the injuries and damages encompassed by this Complaint, and for whatever other relief as would be appropriate under applicable law. The minimum jurisdictional amount established for filing this action is satisfied.

<u>**Plaintiffs Demand Trial By Jury On All Issues So Triable**</u>

Plaintiffs, Crystal Bauer and Cristyn Davis

By:_____ */s/ Anthony I. Werner*_____
Counsel

**JEFFREY A. GROVE, ESQ.**
W.Va. State Bar ID #6065
**JEFFREY A. HOLMSTRAND, ESQ.**
W.Va. State Bar ID #4893
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
Telephone: (304) 905-1961
Fax: (304) 905-8628

**ANTHONY I. WERNER, ESQ.**
W.Va. State Bar ID #5203
JOHN & WERNER LAW OFFICES, PLLC
Board of Trade Building, STE 200
80 - 12th Street
Wheeling, WV 26003
Telephone: (304) 233-4380
Fax: (304) 233-4387

11



West Virginia E-Filing Notice

CC-35-2025-C-33

Judge: Joseph E. Barki

**To:**   Anthony Werner
awerner@johnwernerlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
Crystal Bauer v. Sharon Travis
CC-35-2025-C-33

The following complaint was FILED on 2/25/2025 1:34:41 PM

Notice Date:     2/25/2025 1:34:41 PM

Brenda L. Miller
CLERK OF THE CIRCUIT COURT
Ohio County
1500 Chapline Street
WHEELING, WV 26003

(304) 234-3611
Brenda.Miller@courtswv.gov

**SUMMONS**

A TRUE
COPY

FILED 2/27/2025 9:43 AM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

CC-35-2025-C-33

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
### Crystal Bauer v. Sharon Travis

Service Type:    Sheriff - Including Copy Fee

NOTICE TO:    Sharon Travis, 220 Bethany Pike, Wheeling, WV 26003

Anthony Werner, 80 12th St Ste 200, , Wheeling, WV 26003

| SERVICE: | | |
| --- | --- | --- |
| 2/25/2025 1:34:41 PM | /s/ Brenda L. Miller | |
| Date | Clerk | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to _Sharon Travis_

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_2-27-25_ Date

_Randall Sleeth_ Server's Signature

### CC-35-2025-C-33
### Crystal Bauer v. Sharon Travis

## SERVICE RETURN

## EXHIBIT B



West Virginia E-Filing Notice

CC-35-2025-C-33

Judge: Joseph E. Barki

**To:**  Anthony I. Werner
awerner@johnwernerlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
Crystal Bauer v. Sharon Travis
CC-35-2025-C-33

The following service return was FILED on 2/27/2025 9:43:37 AM

Notice Date:    2/27/2025 9:46:07 AM

Brenda L. Miller
CLERK OF THE CIRCUIT COURT
Ohio County
1500 Chapline Street
WHEELING, WV 26003

(304) 234-3611
Brenda.Miller@courtswv.gov

**SUMMONS**

RETURN COPY

FILED 2/27/2025 9:43 AM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

CC-35-2025-C-33

---

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
### Crystal Bauer v. Sharon Travis

Service Type:    Sheriff - Including Copy Fee

NOTICE TO:    Heart 2 Heart Volunteers Inc. dba Serenity Hills Life Center, 220 Bethany Pike, Wheeling, WV 26003

Anthony Werner, 80 12th St Ste 200, , Wheeling, WV 26003

---

SERVICE:

| 2/25/2025 1:34:41 PM | /s/ Brenda L. Miller |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☒ I certify that I personally delivered a copy of the Summons and Complaint to _Sharon Travis_

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| 2-21-25 | Randall Platt |
| Date | Server's Signature |

---

### CC-35-2025-C-33
### Crystal Bauer v. Sharon Travis

## SERVICE RETURN

## EXHIBIT C

West Virginia E-Filing Notice

CC-35-2025-C-33

Judge: Joseph E. Barki

**To:** Anthony I. Werner
awerner@johnwernerlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

Crystal Bauer v. Sharon Travis

CC-35-2025-C-33

The following service return was FILED on 2/27/2025 9:43:37 AM

Notice Date:      2/27/2025 9:44:35 AM

Brenda L. Miller

CLERK OF THE CIRCUIT COURT

Ohio County

1500 Chapline Street

WHEELING, WV 26003

(304) 234-3611

Brenda.Miller@courtswv.gov

## AFFIDAVIT OF ANTHONY I. WERNER, ESQUIRE

I, Anthony I. Werner, the affiant herein, after being duly sworn, state as follows:

1.      Along with Jeffrey A. Grove, Esquire, I represent Crystal Bauer and Cristyn Davis in relation to a civil action pending in the Circuit Court of Ohio County, West Virginia, styled as follows:   *Crystal Bauer and Cristyn Davis v. Heart 2 Heart Volunteers Inc. d/b/a Serenity Hills Life Center and Sharon Travis* – Ohio County Civil Action No. 35-2025-C-33.

2.      On February 25, 2025, we filed the Complaint in this West Virginia civil action and I understand service was made upon both defendants through Sharon Travis, both in her individual and officer capacities.

3.      On or about March 7, 2025, I received a telephone call from Lindsay Fitzsimmons who stated that she is the representative of AIG Insurance Company who is handling the claims against the defendants in the civil action.   Ms. Fitzsimmons further stated that the defense of the claims would be assigned to Thomas Buck, Esquire, of the Wheeling office of Bailey & Wyant. She also provided her telephone number and the claim number designated by AIG for the claims.

Further affiant sayeth not this ___14th___ day of March, 2025.

_____
ANTHONY I. WERNER, ESQ.

Taken, subscribed and sworn to before me this _14th_ day of March, 2025.

_____
Notary Public

(SEAL)



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LISA C KOBASKO
26 Kobasko Drive
Wheeling, West Virginia 26003
My Commission Expires Aug. 14, 2027

**EXHIBIT D**

E-FILED | 3/7/2025 1:35 PM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**CRYSTAL BAUER and**
**CRISTYN DAVIS**

      **Plaintiffs,**

**v**
                                              **CIVIL ACTION NO.: 25-C-33**
                                              **Judge Joseph E. Barki**

**HEART 2 HEART VOLUNTEERS INC.**
**dba SERENITY HILLS LIFE CENTER**
**and SHARON TRAVIS,**

      **Defendants.**

## NOTICE OF AUTOMATIC STAY

      COME NOW the Defendants, by and through undersigned counsel Thomas E. Buck, Esq., Benjamin P. Visnic, Esq., and the law firm of Bailey & Wyant, PLLC, and provide notice of a stay applicable to the above-captioned case pursuant to 11 U.S.C. § 362, *et al.*, as follows:

1.     Upon the filing of a bankruptcy case, 11 U.S.C. § 362 automatically prohibits "[t]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

2.     Heart 2 Heart Volunteers, Inc. filed for bankruptcy on February 27, 2025, having received permission from the Board of Directors to do so on February 25, 2025. *See In Re Heart 2 Heart Volunteers, Inc.*, 5:25-bk-00087, Doc. 1, pp. 1 and 11. Doc. 1 is attached as Exh. A.

3.     Plaintiffs filed the instant case on February 25, 2025, and served it on Defendants on February 27, 2025. *See, e.g., Crystal Bauer v. Sharon Travis, et al.*, Dkt. No. 1.

**EXHIBIT E**

4.     The Bankruptcy Court for the Northern District of West Virginia issued Official Form 309F1 which, *inter alia*, identifies the imposition of the automatic stay. *See In Re Heart 2 Heart Volunteers, Inc.*, 5:25-bk-00087, Doc. 40. Doc. 40 is attached as Exh. B.

5.     Accordingly, the automatic stay prohibits this case from proceeding until the resolution of the bankruptcy.

       WHEREFORE, Defendants notice this Court and all parties of the automatic stay triggered by 11 U.S.C. § 362, and for any and all other relief this Court deems appropriate.

                                        HEART 2 HEART VOLUNTEERS INC.
                                        dba SERENITY HILLS LIFE CENTER
                                        and SHARON TRAVIS
                                        By Counsel

Thomas E. Buck, Esq. (6167)
Benjamin P. Visnic, Esq. (12289)
BAILEY & WYANT, PLLC
1219 Chapline Street
Wheeling, WV  26003
Telephone: 304-233-3100
Facsimile: 304-233-0201
tbuck@baileywyant.com
bvisnic@baileywyant.com

2

**IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

CRYSTAL BAUER and
CRISTYN DAVIS

      Plaintiffs,

v                                        **CIVIL ACTION NO.: 25-C-33**
                                         **Judge Joseph E. Barki**

HEART 2 HEART VOLUNTEERS INC.
dba SERENITY HILLS LIFE CENTER
and SHARON TRAVIS,

      Defendants.

<u>**CERTIFICATE OF SERVICE**</u>

    Service of the foregoing **NOTICE OF AUTOMATIC STAY** was had upon the following by electronic filing, this ____ day of March 2025.

Anthony I. Werner, Esq.
W.Va. State Bar ID #5204
John & Werner Law Office, PLLC
Board of Trade Building, STE 200
80-12th Street
Wheeling, WV 26003
Telephone: (304) 233-4380
Fax: (304) 233-4387

Jeffrey A. Grove, Esq.
W.VA. State Bar ID #6065
Jeffrey A. Holmstrand, Esq.
W.Va. State Bar ID # 4893
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15TH Street
Wheeling, WV 26003
Telephone: (304) 905-1961
Fax: (304) 905-8628

Thomas E. Buck, Esq.
Benjamin P. Visnic, Esq.

3

E-FILED | 3/7/2025 11:35 PM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

Fill in this information to identify the case:

United States Bankruptcy Court for the:

Northern District of West Virginia

Case number (If known): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (If known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center |
| 2. | All other names debtor used in the last 8 years | |
| | Include any assumed names, trade names, and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-2418972 |

4. Debtor's address

**Principal place of business**

667 Stone Shannon Road
Number     Street

Wheeling          WV    26003
City             State   ZIP Code

Ohio County
County

**Mailing address, if different from principal place of business**

Number     Street

P.O. Box

City             State   ZIP Code

**Location of principal assets, if different from principal place of business**

Number     Street

City             State   ZIP Code

5. Debtor's website (URL)    https://www.serenityhillslifecenter.org

6. Type of debtor

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy


EXHIBIT

Debtor    Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center    Case number (if known) _____

      Name

| | |
|---|---|
| **7. Describe debtor's business** | **A. Check one:** |
| | ☑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☐ None of the above |
| | **B. Check all that apply:** |
| | ☑ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ . |
| | 621420 |

| | | |
|---|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* | |
| | ☐ Chapter 7 | |
| | ☐ Chapter 9 | |
| | ☑ Chapter 11. *Check all that apply:* | |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☐ | Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | ☐ | The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ | The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | ☐ | A plan is being filed with this petition. |
| | ☐ | Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ | The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ | The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 | |

| | | |
|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☑ No | |
| | ☐ Yes.  District _____  When _____  Case number _____ | |
| |                                       MM / DD / YYYY | |
| |          District _____  When _____  Case number _____ | |
| |                                         MM / DD / YYYY | |

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☑ No | |
| | ☐ Yes.  Debtor _____  Relationship _____ | |
| |        District _____  When _____ | |
| |                                     MM / DD / YYYY | |
| |        Case number, if known _____ | |

Debtor ___Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center_____ Case number (if known)_____
     Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? ............................................................

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                          Number      Street

    _____
    City                          State   ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center | Case number (if known) |
|---|---|---|
| | Name | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/27/2025
            MM / DD / YYYY

✗ /s/ Sharon Travis                          Sharon Travis
Signature of authorized representative of debtor    Printed name

Title  President

| 18. Signature of attorney | ✗ /s/ Kirk B. Burkley | Date | 02/27/2025 |
|---|---|---|---|
| | Signature of attorney for debtor | | MM / DD / YYYY |

Kirk Burkley
Printed name
Bernstein-Burkley, P.C.
Firm name
601 Grant Street 9th Floor
Number    Street
Pittsburgh                                      PA        15219
City·                                          State     ZIP Code
412-456-8100                                   kburkley@bernsteinlaw.com
Contact phone                                  Email address

89511                                          PA
Bar number                                     State

No. 5:25-bk-00087   Doc 1   Filed 02/27/25   Entered 02/27/25 16:42:48   Page 5 of 11

Debtor   Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center

First Name   Middle Name   Last Name

<u>Continuation Sheet for Official Form 201</u>

4) Debtor's Addresses

Business                                    220 Bethany Pike Wheeling, WV 26003,
                                           Ohio County

No. 5:25-bk-00087    Doc 1    Filed 02/27/25    Entered 02/27/25 16:42:48    Page 6 of 11

**Fill in this information to identify the case:**

Debtor name: Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center

United States Bankruptcy Court for the: Northern District of West Virginia

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Small Business Administration 409 Third St SW Washington, DC, 20416 | | | Unliquidated Contingent | | | 165,519.62 |
| 2 | The Fundworks LLC 299 S. Main St Suite 1300, PMB 93894 Salt Lake City, UT, 84111 | | | Disputed Unliquidated Contingent | | | 118,410.00 |
| 3 | Synrgi Partners, Inc PO Box 5599 Florence, SC, 29502 | | | Unliquidated Contingent | | | 70,633.47 |
| 4 | Legend Advance Funding 800 Brickell Ave Miami, FL, 33131 | | | Disputed Unliquidated Contingent | | | 69,931.19 |
| 5 | Itria Ventures LLC 1 Penn Plz STE 3101 New York, NY, 10119 | | | Disputed Unliquidated Contingent | | | 58,100.00 |
| 6 | American Electric Power PO Box 24401 Canton, OH, 44701 | | | Unliquidated Contingent | | | 35,317.85 |
| 7 | Avion Funding LLC 101 Chase Avenue STE 208 Lakewood, NJ, 08701 | | | Disputed Unliquidated Contingent | | | 32,613.50 |
| 8 | Gordon Food Service 1300 Gezon Parkway SW Wyoming, MI, 49509 | | | Unliquidated Contingent | | | 28,947.66 |

| Debtor | Heart 2 Heart Volunteers Inc d/b/a Serenity Hills Life Center | Case number (if known) | | |
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | WV BRIM<br>PO BOX 1373<br>Charleston, WV, 25325 | | | Unliquidated<br>Contingent | | | 28,539.52 |
| 10 | Candy Capital Corp<br>124 Grove Avenue<br>Suite 309<br>Cedarhurst, NY, 11516 | | | Disputed<br>Unliquidated<br>Contingent | | | 27,489.00 |
| 11 | The Money Store Funding, Inc<br>7 Kermit Avenue<br>Staten Island, NY, 10305 | | | Disputed<br>Unliquidated<br>Contingent | | | 26,323.31 |
| 12 | Community Bank<br>875 National Rd<br>Wheeling, WV, 26003 | | | Unliquidated<br>Contingent | | | 20,038.71 |
| 13 | Dean's Natural Wellness<br>489 Charleston St.<br>Cadiz, OH, 43907 | | | Unliquidated<br>Contingent | | | 16,096.00 |
| 14 | Highmark<br>814 Market Street<br>Parkersburg, WV, 26101 | | | Unliquidated<br>Contingent | | | 15,151.95 |
| 15 | Schrader Companion Duff & Law<br>401 Main St.<br>Wheeling, WV, 26003 | | | Unliquidated<br>Contingent | | | 10,351.19 |
| 16 | United Bank Card Center<br>PO Box 3364<br>Charleston, WV, 25333 | | | Unliquidated<br>Contingent | | | 8,413.61 |
| 17 | Gompers Lohrl & Associates<br>117 Edglngon Lane<br>Wheeling, WV, 26003 | | | Unliquidated<br>Contingent | | | 7,040.00 |
| 18 | Integrated Software Solutions<br>PO BOX 822272<br>South Florida, FL, 33082 | | | Unliquidated<br>Contingent | | | 4,320.60 |
| 19 | Dalton Service Company LLC<br>1230 Mercer Road<br>Ellwood City, PA, 16117 | | | Unliquidated<br>Contingent | | | 2,515.12 |
| 20 | Stericycle<br>28883 Network Place<br>Chicago, IL, 60673 | | | Unliquidated<br>Contingent | | | 2,504.06 |

United States Bankruptcy Court
Northern District of West Virgini

In re:  Heart 2 Heart Volunteers Inc d/b/a Serenity
Hills Life Center

Case No.

Chapter    11

Debtor(s)

### Verification of Creditor Matrix

The above-named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  _____02/27/2025_____

/s/ Sharon Travis                                          
Signature of Individual signing on behalf of debtor

President                                          
Position or relationship to debtor

Advance Communications
PO BOX 6650
Wheeling, WV 26003

Advance Lock & Security
109 3rd ST.
Bellaire, OH 43906

Alliance Laundry
P. O. Box 844226
Dallas, TX 75284

American Electric Power
PO Box 24401
Canton, OH 44701

Avion Funding LLC
101 Chase Avenue
STE 208
Lakewood, NJ 08701

Brewer & Company of WV Inc
3601 7th Avenue
Charleston, WV 25387

Candy Capital Corp
124 Grove Avenue
Suite 309
Cedarhurst, NY 11516

Citynet
3600 University Avenue
Morgantown, WV 26505

Community Bank
875 National Rd
Wheeling, WV 26003

Culligan
809 Boulevard St.
Dover, OH 44622

Dalton Service Company LLC
1230 Mercer Road
Ellwood City, PA 16117

Dean's Natural Wellness
489 Charleston St.
Cadiz, OH 43907

Dish
PO Box 7203
Pasadena, CA 91109

Frontier
PO BOX 740407
Cincinnati, OH 45274

Gompers Lohri & Associates
117 Edgington Lane
Wheeling, WV 26003

Gordon Food Service
1300 Gezon Parkway SW
Wyoming, MI 49509

Groupstar
111 Park View Lane
Suite 102
Wheeling, WV 26003

Highmark
614 Market Street
Parkersburg, WV 26101

Hughes Office
3114 Belmont St
Bellaire, OH 43906

Integrated Software Solutions
PO BOX 822272
South Florida, FL 33082

Itria Ventures LLC
1 Penn Plz
STE 3101
New York, NY 10119

Jochum Refuse
1 Ellen St
Wheeling, WV 26003

Klein Consulting Firm
188 Springdale Ave
Wheeling, WV 26003

Lauttamus Security
PO Box 2216
Weirton, WV 26062

Legend Advance Funding
800 Brickell Ave
Miami, FL 33131

Lowes
PO Box 669807
Dallas, TX 75266

Main Street Bank
2001 Main St.
Wheeling, WV 26003

Medstat
5308 Park Ave
Bethel Park, PA 15102

Medstat
PO Box 1826
Albany, GA 31702

National Equipment
1 Fourteenth St.
Wheeling, WV 26003

Ohio County Public Service District
PO Box 216
Triadelphia, WV 26059

Ohio County Sheriff's Department
PO Box 188
Wheeling, WV 26003

On-Site Testing Specialist
5308 Park Ave
Bethel Park, PA 15102

Orkin
90 W Chestnut St
STE 145UL
Washington, PA 15301

Partner Community Capital, Inc.
1000 Galliher Drive
Fairmont, WV 26554

Relias Learning
PO Box 74008620
Chicago, IL 60674

Schrader Companion Duff & Law
401 Main St.
Wheeling, WV 26003

Small Business Administration
409 Third St SW
Washington, DC 20416

Sterlcycle
28883 Network Place
Chicago, IL 60673

Subaru
PO Box 650516
Dallas, TX 75265

Synrgi Partners, Inc
PO Box 5599
Florence, SC 29502

The Fundworks LLC
299 S. Main St
Suite 1300, PMB 93894
Salt Lake City, UT 84111

The Money Store Funding, Inc
7 Kermit Avenue
Staten Island, NY 10305

United Bank Card Center
PO Box 3364
Charleston, WV 25333

USDA
2118 Ripley Rd.
Ripley, WV 25271

WV BRIM
PO BOX 1373
Charleston, WV 25325

## WRITTEN CONSENT OF THE BOARD OF DIRECTORS

### CORPORATE RESOLUTION

#### OF

#### Heart 2 Heart Volunteers Inc.

BE IT RESOLVED that the Board of Directors of Heart 2 Heart Volunteers Inc. (the "Company") is hereby authorized and empowered for and on behalf of the Company to file a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, and to undertake all necessary acts consistent with the rights and duties of the Board of Directors under West Virginia Corporation Law, and any and all other statutory, regulatory, and common law to effectuate bankruptcy filing.

BE IT FURTHER RESOLVED that the President of the Company, Sharon Travis, is hereby authorized to serve as the signatory to sign all documents necessary to the administration of the bankruptcy case on behalf of the Company.

BE IT FURTHER RESOLVED that the Board of Directors hereby authorize the Company to engage the law firm of Bernstein-Burkley, P.C. for all legal services related to the bankruptcy filing and related proceedings.

The undersigned hereby certifies that the above and foregoing is a true and correct copy of a Resolution adopted by the Board of Directors of the above named Company by written consent on this 25th day of February, 2025, in lieu of a meeting.

_Sharon Marie Travis_

Sharon Travis, President

E-FILED | 3/7/2025 1:35 PM
CC-35-2025-C-33
Ohio County Circuit Clerk
Brenda L. Miller

## Information to identify the case:

| | | | |
|---|---|---|---|
| Debtor | **Heart 2 Heart Volunteers Inc.** | EIN | 47-2418972 |
| | Name | | |

United States Bankruptcy Court   Northern District of West Virginia

Case number:   **5:25-bk-00087**                     Date case filed for chapter 11   2/27/25

**Official Form 309F1 (For Corporations or Partnerships)**

**Notice of Chapter 11 Bankruptcy Case**                                          12/1/2024

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

| | | |
|---|---|---|
| 1. | Debtor's full name | Heart 2 Heart Volunteers Inc. |
| 2. | All other names used in the last 8 years | dba Serenity Hills Life Center |
| 3. | Address | 667 Stone Shannon Road<br>Wheeling, WV 26003 |
| 4. | Debtor's attorney<br>Name and address | Kirk B. Burkley<br>Bernstein-Burkley, P.C.<br>707 Grant Street<br>Suite 2200 Gulf Tower<br>Pittsburgh, PA 15219 | Contact phone 412-456-8108<br><br>Email: kburkley@bernsteinlaw.com |
| 5. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Northern District Of West Virginia<br>P.O. Box 70 – 12th and Chapline Streets<br>Wheeling, WV 26003-0008 | Hours open:<br>Monday – Friday<br>8:30 AM – 5:00 PM<br><br>Contact phone 304-233-1655<br><br>Date: 3/7/25 |
| 6. | Meeting of creditors<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | April 17, 2025 at 01:00 PM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>BY TELEPHONIC CONFERENCE, PLEASE CALL 866-717-3799, ENTER PASS CODE: 2432406<br>For additional meeting information go to www.justice.gov/ust/moc |

For more information, see page 2 >

Official Form 309F1 (For Corporations or Partnerships)                 Notice of Chapter 11 Bankruptcy Case


EXHIBIT
B

| 7. Deadlines | Deadline for filing proof of claim: | |
|---|---|---|
| | For all creditors (except a governmental unit): | 5/8/25 |
| | For a governmental unit: | 8/26/25 |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless: <br> • your claim is designated as *disputed, contingent, or unliquidated*; <br> • you file a proof of claim in a different amount; or <br> • you receive another notice. | |
| | If your claim is not scheduled or if your claim is designated as *disputed, contingent, or unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.uscourts.gov. | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to venue:** | Filing deadline: Within 21 days after the meeting of creditors |
| 8. Exception to discharge deadline <br> The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. <br><br> **Deadline for filing the complaint:** | <br><br><br><br> 6/16/25 |
| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |