IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

    Heart 2 Heart Volunteers, Inc.,                Case No. 25-00087

                Debtor                                Chapter 11

---

RESPONSE OF UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO WAIVE
APPOINTMENT OF PATIENT CARE OMBUDSMAN

---

The Acting United States Trustee for Region 4, Matthew W. Cheney ("UST"), by counsel, objects to the Debtor's Motion to Waive Appointment of Patient Care Ombudsman Pursuant to Section 333 of the Bankruptcy Code ("Motion"), Docket # 53, and states that:

1.     The UST is charged with overseeing the administration of Chapter 11 cases filed in this district pursuant to 28 U.S.C. §586 and has standing to be heard on this matter under 11 U.S.C. §307.

<u>Debtor is a Health Care Businesses</u>

2.     The Debtor's Chapter 11 petition acknowledges that the debtor is health care businesses as defined in 11 U.S.C. §101(27A).

3.     The Debtor is a substance abuse recovery provider in Wheeling, WV. The Debtor provides in-patient substance abuse recovery treatment with up to 76 beds, as well as sober living treatment.

4.     As is reflected in the Debtor's Motion to the Court, the Debtor's operations are a "health care business" as defined in 11 U.S.C. § 101(27A).

1

Appointment of a Patient Care Ombudsman

5. The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCA") added Section 333 to the Bankruptcy Code. This section mandates that the court order the appointment of a Patient Care Ombudsman ("PCO") when the debtor is a health care business unless the court finds the appointment is not necessary.

6. 11 U.S.C. § 333(a)(1) provides:

If the debtor in a case under chapter 7, 9, 11 is a health care business, the court ***shall order***, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business **unless** the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case. (*emphasis added*).

7. The purpose of the PCO is to protect the interest of patients, who have little or no control or input in the bankruptcy process, and to give a voice to their concerns. The appointment of a PCO is not remedial, but preventative. The PCO serves that objective by monitoring the quality of patient care and representing the interests of the patients in the bankruptcy case, as prescribed in section 333(a)(1).

8. When the appointment of an ombudsman is ordered, the UST selects a disinterested person to serve. The PCO is charged with monitoring the quality of patient care provided to patients, reporting to the court regarding the quality of health care, and reporting to the court any material declines in the quality of patient care, and with preserving patient's confidential information. 11 U.S.C.§333(b).

9. The Debtor admits that it is a health care business but contends the appointment of a PCO is not necessary. The burden of proof is on the party opposing the appointment of a PCO. See *In re Starmark Clinics*, 388 B.R. 729 (Bankr.S.D.Tex.2008).

10. Courts considering whether the appointment of a PCO is not necessary have primarily explored nine factors in making this determination. See *In re Alternate Family Care*,

377 B.R. 754, 758 (Bankr.S.D.Fla. 2007); In *re Valley Health System*, 381 B.R. 756 (Bankr.C.D.Cal.2008). The nine factors are:

> (1) the cause of the bankruptcy; (2) the presence and role of licensing or supervising entities; (3) debtor's past history of patient care; (4) the ability of the patients to protect their rights; (5) the level of dependency of the patients on the facility; (6) the likelihood of tension between the interests of the patients and the debtor; (7) the potential injury to the patients if the debtor drastically reduced its level of patient care; (8) the presence and sufficiency of internal safeguards to ensure appropriate level of care; (9) the impact of total cost of an ombudsman on the likelihood of a successful reorganization. (377 B.R. at 758)

11. The Debtor asserts that no PCO is required but provides no evidentiary support for its arguments and allegations. For example, in paragraph 17 of the Motion the Debtor states that it "will maintain the presence of sufficient safeguards to ensure appropriate level of care". But there is no explanation of what safeguards are in place, let alone what safeguards are sufficient to protect the bankruptcy estate from potential administrative claims arising from any failure in the alleged safeguards. A PCO is uniquely positioned to work with the Debtor to ensure appropriate patient care and help the Debtor, as the estate fiduciary, protect against post-petition claims arising from inadequate care.

12. Moreover, as of this date, no schedules have been filed and the Debtor's Motion containing the assertion that no PCO is required contains conclusory statements without reference to actual evidence such as official regulatory records or verified statements under penalty of perjury. Thus, there is no evidence of record upon which the Court could find that a PCO is not necessary in this particular case. Any finding that a PCO is unwarranted must be based on a finding of specific facts supported by specific evidence. *See, e.g.*, *In re Adams*, 2011 Bankr. LEXIS 2804 (Bankr. N.D. Miss. July 21, 2011) (After evidentiary hearing, Court declined to appoint patient care ombudsman where physician had no private patients, was employed by a regulated hospital and filed bankruptcy because of tax and alimony issues); *In re RAD/ONE, P.A.*, 2009 Bankr. LEXIS 417 (Bankr. N.D. Miss. Feb. 24, 2009) (After evidentiary hearing, Court declined to appoint patient care ombudsman where debtor only provided outpatient care, had an existing internal ombudsman program and was compliant with regulatory agency requirements); *In re Valley Health Sys.*, 59 C.B.C.2d 490, 381 B.R. 756 (Bankr. C.D. Cal. 2008) (After evidentiary hearing, Court declined to appoint patient care

ombudsman where health care district had no history of patient care problems and adequate internal monitoring systems); *In re Saber, M.D.*, 369 B.R. 631 (Bankr. D. Colo. 2007) ((After evidentiary hearing, Court declined to appoint patient care ombudsman where debtor was a single physician entity, with 20 years of experience, in good standing with a positive cash flow who filed bankruptcy for reasons unrelated to patient care); *In re Total Woman Healthcare Center, P.C.*, 2006 Bankr. LEXIS 3411, 57 C.B.C.2d 603 (Bankr. M.D. Ga. Dec. 14, 2006) (After evidentiary hearing, Court declined to appoint patient care ombudsman where patient care had not been affected by bankruptcy and debtor's obligations not related to patient care).

13. The Debtor asserts that a PCO is not necessary for the protection of the patients. The Motion argues that the Debtors have not had pre-petition care issues and the bankruptcy filing was not precipitated by patient care issues. However, those references are to historical pre-bankruptcy periods. The primary function of a PCO is to monitor patient care post-petition and serve as an advocate to warn the court if patient care is being compromised or if patients are placed at a greater risk during the bankruptcy case. A critical function of a PCO is to ensure that the Debtor's financial circumstances during the case do not diminish the manner in which the Debtor provides patient services.

14. Although a health care provider may proclaim that it has no pre-petition patient care issues, the financial circumstances of a Chapter 11 bankruptcy may result in a reduction of services or cost-cutting measures that may, in turn, compromise the care of patients who are dependent on the debtor for their care. The representation of such patients is precisely the purpose of a PCO under Section 333.

15. Section 333 mandates the appointment of a PCO to represent the interest of the patients of a health care business unless the court finds the appointment unnecessary, based on the specific facts of the case. The present record in this case does not show any specific facts demonstrating that an ombudsman is not necessary. Accordingly, the UST requests this Court direct the appointment of a PCO in this case.

WHEREFORE, based on the foregoing, the United States Trustee respectfully requests this Court to enter an order:

  a. denying the request of the Debtor to find that a patient care ombudsman is not necessary, pursuant to 11 U.S.C. §333(a)(1);

  b. within 30 days, order the appointment of a patient care ombudsman, pursuant to 11 U.S.C. §333(a)(1); and

  c. for such further relief as is just, equitable and proper.

Dated: March 13, 2025        Respectfully submitted,

                Matthew W. Cheney
                Acting United States Trustee


                By Counsel


/s/ *Gary O. Kinder*
Gary O. Kinder (WV Bar #7732)
United States Courthouse, Room 2025
300 Virginia Street, E.
Charleston, WV 25301
Telephone: (304) 347-3400

CERTIFICATE OF SERVICE

      I hereby certify that on this day, I electronically filed the foregoing Response with the Clerk of this Court using the CM/ECF system, which will serve this filing on all participants who are registered CM/ECF users.

Date: March 13, 2025

/s/ *Gary O. Kinder*
Gary O. Kinder (WV Bar #7732)
United States Courthouse, Room 2025
300 Virginia Street, E.
Charleston, WV 25301
Telephone: (304) 347-3400