

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: HEART 2 HEART VOLUNTEERS INC.
d/b/a SERENITY HILLS LIFE CENER

CASE NO. 5:25-bk-00087
CHAPTER 11

### ORDER OF COURT

Upon consideration of the Movant's *Motion to Modify Automatic Stay* (the "Motion"), filed

by Cristyn Davis and Crystal Bauer, seeking limited relief from the automatic stay to proceed in the civil

state court action before the Circuit Court of Ohio County, West Virginia, captioned *Crystal Bauer and*

*Cristyn Davis v. Heart 2 Heart Volunteers Inc. dba Serenity Hills Life Center and Sharon Travis* (the "State

Court Action"); and, notwithstanding that the Debtor disputes the allegations asserted in the State Court

Action, the Debtor having agreed to the relief requested in the Motion subject to the terms set forth herein;

and the Court having reviewed the Motion has agreed the relief sought, as modified by the terms herein, is

in the best interest of the Debtors estate; and after due deliberation and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted, as set forth herein.

2.      The stay afforded by section 362 of the Bankruptcy Code is hereby modified solely

to permit the State Court Action to proceed on the condition that Movants only pursue insurance

proceeds and that no estate resources are expended, nor recovered from, for any purpose during the duration of said action.

3.      Neither the Movants nor any of their agents, attorneys, or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of or in connection with the State Court Action from the Debtor and/or the properties and assets of the Debtors estate. The Movant waives the right and ability to recover on any and all claims that they have or may have against the Debtor or the estate arising out of, related to, or in connection with, the State Cout Action.

4.      The Movants will file a report with the Bankruptcy Court indicating when the case has resolved.

5.      Except to the extent expressly set forth in paragraph 2 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against the Debtor of any claims by any person or entity other than the Movant with respect to the State Court Action, subject to the limitations set forth herein.

6.      The agreement by the Debtor to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtor to provide assistance or to cooperate with the Movant in any way in her efforts to pursue a recovery in connection with the State Court Action.

7.      This Order is the entire agreement between the Debtor and the Movant with respect to the subject matter hereof. This Order supersedes any and all agreements, whether written or oral, that may have previously existed between the Movant and the Debtor with respect to the matters set forth herein. No statements, promises, or representations have been made between the

Movant and the Debtor, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

8.      The Debtor is authorized to take any and all actions necessary to effectuate the relief set forth in this Order including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Order.