

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>HEART 2 HEART VOLUNTEERS, INC. d/b/a SERENITY HILLS LIFE CENTER,<br><br><br>Debtor. | Bankruptcy No. 5:25-bk-00087<br><br>Chapter 11 |

## ORDER APPROVING SPECIAL COUNSEL FOR THE CHAPTER 11 TRUSTEE, ROBERT L. JOHNS

AND NOW, this 18th day of May, 2026, upon consideration of the *Application for an Order Authorizing and Approving the Employment and Retention of WH Burkley, LLP as Special Counsel to the Chapter 11 Trustee, Robert L. Johns* (the "Trustee"), The Court being satisfied that WH Burkley, LLP and the members of his firm are "disinterested persons" within the meaning of Section 101 (14) of the Bankruptcy Code and that such employment is necessary and would be in the best interest of the estate. Furthermore, WH Burkley, LLP, have considerable experience in matters of this character, already have previous knowledge as to Debtor and its operations, and WHB is well qualified to represent him as a Chapter 11 Trustee in this Bankruptcy Case.

For the reasons set forth above, and other good cause existing,

it is hereby ORDERED, ADJUDGED, and DECREED as follows:

(1) The Application is approved as of the filing date of this Application.

(2) WH Burkley, LLP, located at 601 Grant Street, 9th Floor, Pittsburgh, PA 15219, is hereby appointed as Attorney(s) for the Chapter 11 Trustee in this bankruptcy proceeding for the reasons set forth in the Application.

(3) Professional persons or entities performing services in this case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(4) Approval of any application for appointment of counsel in which certain terms of compensation are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms. Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

(5) Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Attorney, this Order does not authorize the Attorney to retain or pay any outside counsel or other professional to assist Attorney in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

(6)  Counsel for the Trustee shall make application to the Court for interim compensation not more than once every one hundred twenty (120) days, unless good cause is shown for filing such applications more frequently.

**Presented by:**

Dated: May 1st, 2026.

Respectfully submitted,

*/s/ Robert L. Johns*
ROBERT L. JOHNS
101 Brook Hill Drive
Charleston, West Virginia 25311
Telephone: (304) 720-2312
Fax: (304) 720-2311
Email: rjohns@johnswvlaw.com
*Chapter 11 Trustee*