

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HEART 2 HEART VOLUNTEERS, INC., | ) | Case No. 5:25-bk-87 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |

## <u>ORDER</u>

On May 20, 2026, Sharon Marie Travis filed a motion to remove the ombudsman.  In her motion, Ms. Travis poses allegations of impartiality, breach of duties, abuse of process, misconduct, and fraud.

Pursuant to 11 U.S.C. § 333(a)(1), "if the debtor in a case under chapter . . . 11 is a health care business, the court shall order . . . the appointment of an ombudsman monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case."  If one is found necessary, "the United States trustee shall appoint 1 disinterested person . . . to serve as such ombudsman."  11 U.S.C. 333(2)(A). The ombudsman is tasked with reporting at least every 60 days "to the court" regarding quality of patient care provided to the debtors.  11 U.S.C. § 333(b)(2).  Rule 2007.2(d) of the Federal Rules of Bankruptcy Procedures guides the termination of a patient-care ombudsman providing that "[o]n motion of the United States trustee or a party in interest, the court may terminate a patient-care ombudsman's appointment that it finds to be unnecessary to protect patients."

Here, the patient-care ombudsman was appointed on April 2, 2025.[1]  On March 5, 2026, the Court entered an order granting the United States Trustee's application for approval of the appointment of Robert L. Johns as Chapter 11 Trustee.  While the Court recognizes Ms. Travis is

---

[1] Such appointment was made after a contested hearing on objection by the Debtor.

a creditor and therefore a party in interest, it is the Court's understanding that, at some time since the appointment of the Trustee, Ms. Travis has been terminated from her role with the Debtor and that relations between Ms. Travis and the current administration of the estate have substantially deteriorated as a result.

As 11 U.S.C. § 333(b)(2) provides, the patient-care ombudsman is appointed to report *to the court* and is not appointed to serve as an advocate for the debtor, creditors, former management, or any other party in the case.  With this appointment, the ombudsman has discretion on what matters are relevant and necessary to report on to the Court.  The ombudsman serves as a neutral and disinterested officer appointed for the limited purpose of monitoring patient care and advising the Court regarding matters affecting patient welfare.  The Court, not any individual party in interest, determines the weight to be afforded to the ombudsman's reports and whether continued appointment remains necessary.  To the extent Ms. Travis disagrees with the substance or conclusions of the ombudsman's reports, such disagreement alone does not constitute sufficient cause for removal.  The bulk of the motion consists of generalized employee grievances and allegations arising from broader disputes concerning administration of the estate, rather than allegations demonstrating failure of the ombudsman to perform the statutory duties imposed under 11 U.S.C. § 333.[2]  Based on its review, the Court does not find appropriate grounds to remove the patient-care ombudsman and continues to find her role necessary for the protection of patients pursuant to 11 U.S.C. § 333(a)(1) and Fed. R. Bankr. P. 2007.2(d).[3]

Therefore, the Court does hereby

---

[2] In fact, the Court notes that Ms. Travis recently filed a motion to strike testimony (Doc. No. 258), a motion to compel turnover of property (Doc. No. 263), and a motion to partially seal all filings (Doc. No. 271), each of which reflects a common theme of grievances and allegations regarding the appointment of the Trustee and her removal as an officer of the Debtor.  In addition, most of these same types of allegations were support for the appointment of the Chapter 11 Trustee.  To the extent Ms. Travis is attempting to challenge or circumvent the appointment of the Trustee, such effort is procedurally improper and untimely.

[3] The Court notes that any further hearing or required response to the motion by the Chapter 11 Trustee and/or Patient Care Ombudsman would result in substantial cost to the bankruptcy estate, which would further increase administrative expenses in this case and further unnecessarily reduce any potential return for creditors and/or potential for reorganization.  The Court further notes that the Debtor remains subject to both federal and state enforcement compliance requirements and no violations have been brought to the Court's attention by such enforcement agencies.

**ORDER** that Ms. Travis' motion to remove ombudsman (Doc. No. 273) filed May 20, 2026, is **DENIED**.