**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**      **Bankruptcy Case No. 25-00087**
**d/b/a SERENITY HILLS LIFE CENTER,**      Chapter 11

         Debtor.

**OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY FILED
BY SHARON MARIE TRAVIS AND TRUSTEE'S MOTION FOR REQUIRING
SHARON MARIE TRAVIS TO PAY STORAGE FEES AND EXCESS WAGES**

       Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), objects to the *Motion to Compel, Request for Storage Fees, and Excess Wages* ("Motion to Compel") filed by Sharon Marie Travis ("Travis") on May 6, 2026.  The Trustee further requests this Court enter an order requiring Travis to pay storage fees and pay back excess wages received by Travis ("Motion for Repayment").

In support thereof, the Trustee respectfully represents:

       1.     The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27, 2025.

       2.     The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

       3.     On April 2, 1015, the Court entered an order directing the U.S. Trustee to appoint a health care ombudsman pursuant to 11 U.S. C. §333.

       4.     On December 17, 2025, the Debtor filed an application to employ a CRO on an expedited basis.

5. After it was clear that a CRO was not working, the U.S. Trustee filed a Motion for entry on order directing the appointment of a Chapter 11 Trustee.

6. On February 19, 2026, after an evidentiary hearing on the United States Trustee's *Motion to Appoint a Chapter 11 Trustee,* this Court determined that it was necessary and appropriate to appoint a Chapter 11 Trustee and the Trustee was appointed.

7. On February 25, 2026, Travis and Tara Singer, Secretary of the Board of Directors, filed a *Motion to Reconsider the Appointment of a Trustee*, which was denied by the Court.

8. Approximately, 2 ½ months after the Debtor's filing, Travis filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on May 12, 2025.

9. On her schedules, Travis listed her monthly wages, salary and commissions as $6,500.00 per month ($78,000 annually). In addition, Travis listed her residence at 220 Bethany Pike, Wheeling, WV, with a value of $135,000 (1/2 interest).

10. Travis filed a Motion to Sell real estate at 220 Bethany Pike for the sum of $260,000 which was granted by the Court on May 29, 2025. No report of sale has been filed by Travis, however; a review of the records of the Clerk for the County Commission of Ohio County, West Virginia, reveal that the property was sold for $260,000.00, and a deed recorded on June 24, 2025, Deed Book 1090, Page 25.

11. On or about July 2, 2025, 51 days after her personal bankruptcy was filed and 5 days after her Meeting of Creditors was conducted; Travis increased her salary as CEO from $78,000 to $88,000, without Court approval or advising the Court of her change in income.

12. On August 18, 2025, Travis's personal bankruptcy case was closed.

13. In August or September of 2025, Travis sold her residence and moved many of her belongings to the Debtor's business location instead of renting a personal storage unit.  Once again, Travis did not seek approval from the Court for use of the Debtor's facility, nor did she compensate the Debtor for use of its facility.

14. On or about March 20, 2026, the Trustee placed Travis on administrative leave based upon various reasons including, but not limited to OHFLAC complaints against the facility.

15. By email dated April 23, 2026, Travis advised the Trustee that she would be at the Debtor's business location to obtain her "personal things".  [Exhibit A, copy of email dated April 23, 2026].

16. By email dated April 24, 2026, the Trustee responded to Travis's email stating that she needed to identify her belongings and make arrangements with a licensed mover, with proper insurance, to move her personal belongings. [Exhibit A, a copy of April 24, 2026 email].

17. On May 1, 2026, the Trustee terminated the employment of Travis and once again advised her to identify her personal effects at the facility and make arrangements to retrieve those items that are personal in nature and not belonging to the Debtor. Once identified, Travis also needs to provide evidence of ownership.

**WHEREFORE**, the Trustee respectfully requests this Court to (1) deny Travis's Motion to Compel; (2) require her to make arrangements with the Trustee to obtain her personal effects at a set upon time convenient for the Trustee; and (3) identify the personal

items she wishes to obtain in detail, provide evidence of ownership, and secure a licensed mover with proper insurance.

ADDITIONALLY, the Trustee requests the Court enter an order (1) requiring Travis to pay to the estate storage fees in the amount of $1,350.00 (9 months @ $150.00 per month for a 10x20 unit); (2) reimburse the estate unauthorized excess salary paid to Travis in the amount of $9,119.65 (25 payrolls x $388.07); and grant whatever additional relief this Court would deem appropriate.

Respectfully submitted,
**ROBERT L. JOHNS, TRUSTEE**
By Counsel:


_____/s/ Brian R. Blickenstaff_____
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
**101 Brook Hill Drive**
Charleston, WV  25311
Phone No.      (304) 720-2300
Fax No.        (304) 720-2311
E-mail         bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**          **Bankruptcy Case No. 25-00087**
**d/b/a SERENITY HILLS LIFE CENTER,**          Chapter 11

Debtor.

**CERTIFICATE OF SERVICE**

I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY FILED BY SHARON MARIE TRAVIS AND TRUSTEE'S MOTION FOR REQUIRING SHARON MARIE TRAVIS TO PAY STORAGE FEES AND EXCESS WAGES***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid or by utilizing the Court's CM/ECF Pacer System where indicated, on this 27th day of May, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV  25307
(*Via Electronic Filing*)

**KIRK B. BURKLEY, ESQ.**
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
(*Via Electronic Filing*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003

Given this day by my hand,

____/s/ Brian R. Blickenstaff__