No. 5:26-cv-00114-JPB

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

In re HEART 2 HEART VOLUNTEERS INC., Debtor

SHARON TRAVIS, Appellant,

V

DEBORAH FISH, Appellee.

ON APPEAL FROM THE UNITED STATES BANRUPTCY COURT

FOR NORTHERN DISTRICT OF WEST VIRGINIA

Bankruptcy Case No. 5:25-bk-00087

**APPELLANT'S OBJECTION AND MOTION TO DENY THE UNITED STATES TRUSTEE'S UNAUTHORIZED AND UNTIMELY DESIGNATION OF RECORD AND TO DECLARE APPELLEE'S LOSS OF RIGHT TO DESIGNATE DUE TO TIMING DEFAULT**

The United States Trustee Concedes Non-Party Status: The acting United States Trustee explicitly states in his filing that he "is not currently listed" as a party to this appeal in his filing that he and is merely seeking leave to intervene.

No Substantive Filings Permitted by Non- Parties: Pursuant to FRBP 8013(g). Any entity seeking to intervene in a bankruptcy appeal must move for leave to intervene. A motion for leave is merely a request for admission; until

the motion is formally granted by a judicial order; the proposed intervener remains a legal stranger to the record. A non -party possesses no procedural authority, docketing rights, or standing to file a substantive document such as Designation of Record.

Pre- Intervention Filings Are Procedural Nullity:  It is a foundational principal that a non-party cannot exercise the right of a party prior to being granted intervenor status. By Unilaterally docketing a designation under FRBP 8009 before the Court has ruled on his motion for leave, the United States Trustee is attempting to bypass judicial oversight. This creates procedural chaos and forces a pro se Appellant to expend limited resources responding to an unauthorized entity.

The Appellee Completely Waived and Lost the Right to Designate the Record, and the United States Trustee Cannot Unilaterally Cure Her Default: The Mandatory 14-day Timeline Under Rule 8009: Pursuant to FRBP 8009(a)(2), an appellee or responding entity has a strict, mandatory window of exactly 14 days after being served with the appellants initial designation to file and serve counter designation of additional items.

The 14-day Window Has Expired for the Proper Party: The Appellant timely filed and served the initial Designation of Record on June 22, 2026. Under Computation rules of FRBP 9006, the strict 14-day window for the proper respondent to cross-designate or add items to the record expired on July 6, 2026.

Inexcusable Default by the rightful Appellee who is a License attorney failed to file. The Apellee who is a licensed attorney and the Ombudsman. Despite her professional standing, the Apellee made absolutely attempt to file a timely

2

designation, nor did she file and extension of time from this Court under FRBP 9006(b). This inaction by an experienced legal professional constitutes a complete unexcused waiver of her right to expand or alter the record on appeal.

An Intervenor Cannot Resurrect a Waived Right Where No Extension was requested: A pending motion to intervene motion by a third party does not grant "cleansing powers" to step into the shoes of a defaulted professional and resurrect a dead procedural window that the party never even thought to extend. By attempting to force untimely designation into the record without a formal extension, the United States Trustee improperly engages in the presumption of Judicial action, treating a pending motion for leave as an accomplished fact rather than a request requiring explicit court approval

## CONCLUSION AN PRAYER FOR RELIEF

For the foregoing reasons, the appellant respectfully requests that this court SUSTAIN the Objection to the United Staes Trustee's filing. Grant the Appellants Motion, and enter an order providing the following relief:

Striking the United States Trustee's Designation of Record from the docket as procedurally improper unauthorized filing.

Declaring that the Apellee has completely waived and lost her right to designate additional items or supplement the record due to her un-excused timing default: and

Designating the record closed, consisting strictly of items timely designated by the Appellant June 22, 2026.

3

DATE: July 8th 2026

Sharon Travis, Pro Se930 Main Street Apartment 303

304-281-0474

4

## CERTIFICATE OF COMPLIANCE

This document complies with the type- volume limitations of Federal Rule of Bankruptcy 8013(1)(3) because it contains 688 words

This document complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5)-(6) because it has been prepared in Microsoft Word using 14-point Times Mew Romans font, a proportionally spaced typeface.

Sharon" Marie" Travis

7-8-2026

## CERTIFICATE OF SERVICE

I certify that on July 8, 2026, a copy of the foregoing document was mailed First class, postage prepared, to:

Deborah Fish
211 West Fort Street Suite 705
Detroit, MI 48226

Matthew w. Cheney
Acting United States Trustee
United States Courthouse, Room 2025 300 Virginia Street, East Charleston, WV 25301 (304) 347-3400

Gary Kinder
Assistant United States Courthouse, Room 2025 300 Virginia Street, East Charleston, WV 25301 (304) 347-3400

*Shawn Travis*
7-8-2026