IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

Heart 2 Heart, Inc Case No 25-00087

Creditor Chapter 11

Pro se/ Creditor/Pro se

07/09/2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV

JUL 09 2026

Time: 3:45 ___ AD am/pm

EMERGENCY OBJECTION TO THE MOTION TO THE TRUSTEE ADJOURNMENT ATTEMPS, FOR THE JULY 16, 2026.

EMERGENCY OBJECTION TO RETENTION OF AUTHORIZED PERSONNEL (ROBERT BOLES AND SARAH DEAN)

MOTION FOR AN EMERGENCY INVESTIGATION BY A THIRD PARTY FOR THE HARRASSMENT AND RETALIATION CHARGE AGAINST SHARON TRAVIS WHEN SHE WAS AN EMPLOYEE AND HER CONTINUED DEFIMATION OF MY CHARACTER AS A FORMER EMPLOYEE THEN CREDITOR.

MOTION TO HAVE AN APOINTMENTS FOR THIRD PARTY COMPREHENSIVE EXAMINATION OF RECORDS FINANCIAL AUDIT CONCERNING SHARON TRAVIS MONEY OWED FOR A PROOF OF CLAIM TO BE FULLY ESTABLISHED.

MOTION FOR AN INVESTIGATION ON THE FORMAL COMPLAINT MADE ON DAHNA HERR AND SHEILA WEESE FOR HARRASSMENT CHARGES MADE ON APRIL 6, 2026 MADE BY SHARON TRAVIS AFTER NUMEROUS COMPLAINT AND NOTHING DONE.

ALSO INCLUDE THE RENTAL FEES FOR THE USE OF MY PROPERTY FOR THAT I PREPOSED FOR THE JULY 16 HEARING.

Now comes Sharon Travis, an individual, Pro Se creditor, and a party of interest in the

above -captioned Chapter 11 proceedings, and respectfully files this Emergency

Objection and Motion for Protective Order and Third-Party Appointments.

Movant urgently requests this Court to maintain long-standing hearing scheduled for July

16, 2026, and to Issue an emergency order immediately removing and barring Robert

Boles, Sarah Dean and any coordinating staff from the estate, estate records or any online

access to emails or other business accounts

Movant further requests appointment of a neutral, independent, independent Third-Party

 Examiner to conduct a full examination of financial records from 2020, 2021, 2022,

2023, 2024, 2025, and 2026 including the years of the Movant's deferred Payments and

the money that was repaid. In support thereof, Movant respectfully states the following.

## I.      PRELIMINARY STATEMENT

1. This Motion was brought on an emergency basis to stop the Chapter 11

Trustee from utilizing unapproved, highly conflicted, and vindictive individuals to obstruct a financial review and weaponizing the estate against a creditor.

2. The trustee is actively attempting to avoid a longstanding July 16th court hearing while allowing Robert Boles and Sarah Dean to remain onsite without court approval. 11U.S.C $ 327(a).

3. These individuals are actively leveraging their unauthorized employment to defend against an active ethics complaint and engage in targeted intimidation.

4. Because the process has been completely compromised, Movant requests that a court appointed independent examiner strip these individuals of the record and expand financial audit to encompass years 2020 through 2026. Alongside all deferred payment ledgers.

II. Factual Background

5. This Court previously authorized a review of financial records to establish

claims for the 2025 year. The Trustee is currently attempting to delay this hearing by claiming a conflict

of interest with a separate creditor meeting thereby insulating the unapproved personnel from immediate

judicial review.

6. The Trustee has installed Robert Boles and Sarah Dean In positions

Of operations in a professional at the facility without filing an application to Employ under 11 U.S.C

$327, bypassing mandatory conflict and connection disclosures. Both individuals were hired recently.

And the Trustee has demonstrated a complete lack of understanding regarding backgrounds, prior

employment histories or previous harm they previously caused.

7. Concealment of Position and Data Access: Despite being an unapproved,

recent hire, Robert Boles had access to the facilities computer systems, everyone's personnel Data, and sensitive business files. He was given access to the SAM.gov account which is a very secure government site before he was hired and before Sharon Travis was fired as put in the record previously. Furthermore, the Trustee and his representative have actively hidden Mr. Boles Specific role. When Movant, Sharon Travis =acting as a principal creditor- ask the Trustee's attorney onsite. During a property retrieval. When asked by Sharon Travis what was his role at The facility as a creditor, the attorney flat-out refusal to disclose Robert Boles position.

8. Suspicious Timeline of Recruitment: The timeline surrounding their installments are deeply suspect. While Movant was put on leave for a month and 10 days stating she was still being investigated, The Trustee was interviewing and meeting with them as early as the middle of April. Mr. Dean and Mr. Boles coordinated by their good friend Sheila Weese the nurse practitioner. Effectively plotting to replace the CEO with hostile conflicted adversaries.

9. Both individuals' posse's profound, disqualifying adverse Interest and are actively using the estate's premises and authority to execute personal vendetta against Movant:

- Sarah Dean: This individual is a counselor whom the movant previously terminated from the business. She is currently facing formal ethics complaint before the West Virginia Board of Examiners in counseling. Ms. Dean is using her current unauthorized employment at the facility – along with past adverse statements from the ombudsman my termination and the court stating that they were tired of my motions. As a defensive leverage in her personal Ethics Complaint.

- Robert Boles: This individual harbors severe personal animosity the Movant. Acting in collusion with Ms. Dean's ethics defense. Also, on a personal property retrievement that the lawyers were aware of the conflict of interest. He was allowed to follow me around the whole time; they tried add in my load things that did not belong to me that was hauled off. Boxes of my clothes were missing, food from my 4,000 dollar 24-year MRE's food was missing, the had a movable closet turns around and they said my stuff was not in it and when I looked it was. Robert Boles also barricaded my old desk and would not let me look for important papers. They put what they said was my stuff in the hall and many they did not know what belong to me. Gifts and letters from patients to me were missing. This is why I did not go into meet the attorney because he would not be guaranteeing Robert Boles would not be there. My mini freezer was broken and it had been working because when I got home the block of ice in the freezer was melting.

- Intentional Infliction of Stress and Use of Conflicted Personnel:

The Trustee acted with full knowledge that the Movant did not want Robert Boles her due to an extreme deep-seated conflict of interest. Despite the Trustee sending his own attorney on-sire under the guise of managing the situation, the Trustee and his counsel purposely allowed Mr. Boles to remaining close proximity to Movant the entire time. This calculated maneuver was designed to inflict maximum stress and pressure, directly causing a severe adverse effect on the Movant's Mental health, wellbeing.

10. Obstruction of Court Process: Due to the severe distress of letting a person that I have a conflict of interest with having touch and things come up missing. I had to call in sick and miss a scheduled date with the lawyer to review my financial record that I believe that was the motive.

11. Expansion of Financial Scope: A complete adjudication of the Movant's claims require an examination of the records of 2020, 2021. 2022, 2023, 2024. 2025 and 2026. I will put forth my differed payments this Monday for all the years, but the hearing is about the deferred 2025 payment and 2026 payments. Movant cannot trust the integrity of these older and newer records of a trustee is putting roads blocks up at every turn and hiring persons who have a deep vendetta against me.

III. Prior Harassment and Formal Complaints: Prior to being placed on leave, Motivant explicitly warned management regarding improper conduct of the

facilities Nurse Practitioner (Sheila Weese) and the Nursing Director (Dahna Herr), But these warnings were entirely ignored. Subsequently, while Movant was On leave, formal charged of harassment, retaliation and bullying and they were lying to the ombudsman even after Sharon Travis was terminated as reflected in her reports. Despite the Severity of these charges, management and the trustee failed to take any disciplinary action, leaving the compromised nurses in place terminating me as he said she wanted and hiring all of her friends back.

## IV.  LEGAL ARGUMENT

A. The Trustee is Utilizing Disqualified Personnel in Severe Violation of 11

U.S.C. § 327(a).\

12. Under 11 U.S.C. § 327(a), professionals and agents serving an estate must

13. be entirely "disinterested persons" who do not hold or represent an interest adverse to the estate.

14. Agents who utilize their physical and administrative control over debtor assets to draft defamatory letters against a creditor, manipulate evidence for personal ethics board defenses, and intimidate parties out of attending discovery dates possess textbook adverse interests. By failing to file an application under Rule 2014(a), the Trustee has unlawfully shielded these conflicts from court

scrutiny.

B. The Complete Compromise of the Internal Administration Mandates an

Independent, Outside Third-Party Examiner.

15. Under 11 U.S.C. § 1104(c), the Court shall order the appointment

of an examiner to conduct an investigation of the debtor as is appropriate,

including allegations of fraud, dishonesty, incompetence, misconduct, or

mismanagement, if such appointment is in the best interests of creditors or the

estate.

16. Given that the records spanning 2020 through 2026 and complex

deferred payment accounts must be evaluated to determine true claims, leaving

these files in the hands of biased, unapproved actors creates an acute risk of

spoliation of evidence (the destruction or alteration of records).

17. The Trustee has completely failed to execute his statutory duty to

perform an objective, impartial investigation into the systemic harassment, defamation,

and mismanagement occurring at the facility. Instead, by actively forcing a known

adversary into close proximity with a creditor to inflict psychological distress, the Trustee

has entirely aligned himself with conflicted personnel

18. Utilizing the Court's equitable powers under 11 U.S.C. § 105(a),an

independent, neutral third party must be appointed to assume custody of these financial dockets, insulate the evidence from conflicted personnel, and conduct an objective audit. Furthermore, a neutral investigation into the defamatory and harassing conduct of the Nurse Practitioner and other personnel is required to restore order to these proceedings.

The Complete Compromise of the Internal Administration Mandates an Independent, Outside Third-Party Examiner.

19. Under 11 U.S.C. § 1104(c), the Court shall order the appointment of an examiner to conduct an investigation of the debtor as is appropriate, including allegations of fraud, dishonesty, incompetence, misconduct, or mismanagement, if such appointment is in the best interests of creditors or the estate.

20. The Trustee has completely failed to execute his statutory duty to perform an objective, impartial investigation into the systemic harassment, defamation and mismanagement occurring at the facility. Instead, by actively forcing a known adversary into close proximity with a creditor to inflict psychological distress, the Trustee has entirely aligned himself with conflicted personnel.

21. Because the Trustee's internal management, counsel, and staff are completely and irrevocably compromised, no objective or lawful evaluation of claims can happen internally. Utilizing the Court's equitable powers under 11 U.S.C. § 105(a), an **independent, neutral, outside third party** must be appointed. Only an outside examiner free from the Trustee's influence can safely take custody of the 2020–2026 financial dockets, insulate the evidence from spoliation, and conduct an uncompromised, neutral investigation into the harassment, retaliation, and defamatory conduct perpetrated against Movant.

## V.    RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court enter an Order:

22. **Sustaining** this Emergency Objection in its entirety;

23. **Ordering** that the scheduled hearing for **July 16, 2026,** proceed without any

adjournment or delay for 2025 and 2026 receipts and the Robert Boles Hearing and Sara Dean;

24. **Entering an Emergency Protective Order** immediately removing and

enjoining Robert Bowes, Sarah Dean, and the Nurse Practitioner from the business premises, and barring them and coordinating staff from accessing any accounts,

books, or records of the estate;

25. **Appointing a Neutral Third-Party Examiner** under Section 1104(c) to

take immediate, exclusive custody of all financial records, ledgers, and

accounts for the years **2020, 2021, 2022, 2023, 2024, 2025, and 2026**;

26. **Ordering** said Examiner to perform a comprehensive forensic audit of all

receipts and Movant's **years of deferred payments** to ensure a safe, accurate, and

unhindered calculation of claims;

27. **Directing** an independent, outside investigation into the

harassment, retaliation, and defamatory statements generated by the Nurse

Practitioner and Nurse Supervisor against a creditor of the estate; and

Granting such other and further relief as this Court deems just
And proper.

Dated: July 9, 2026

Respectfully submitted,

**Sharon "Marie" Travis**

*Sharon Travis*

*7-9-2026*

*My Vacation was set around this hearing*