**UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
WEST VIRGINIA**

In re:                                                                     Case No. 25-00087

HEART 2 HEART VOLUNTEERS, INC.

                                                                           Chapter 11

                              Debtor

_____/

**RESPONSE OF PATIENT CARE OMBUDSMAN TO
EMERGENCY MOTION FOR TEMORARY RESTRAINING
ORDER, PRELIMINARYAND PERMANENT DUE TO UNLICENSED
PRACTICE OF PSYCHOLOGY AND INJICTION RELIEF AND
TO REMOVE SARAH DEAN, CLINICAL DIRECTOR DUE TO
UNLICENSED PRACTICE OF PSYCHOLOGY AND IMMEDIATE
<u>FACILITY AND PATIENT RISK</u>**

Patient Care Ombudsman ("<u>PCO</u>") files this Response (the "<u>Response</u>") to the

*Emergency Motion for Temporary Restraining Order, Preliminary and Permanent*

*Due to Unlicensed Practice of Psychology and Injunction Relief and to remove sara*

*Dean, Clinical Director Due to Unlicensed Practice of Psychology and Immediate*

*Facility and Patient Risk* [Docket No. 344] (the "Motion for Temporary Restraining

Order") In support of this Response, PCO respectfully states:

**<u>BACKGROUND</u>**

1.      On February 27, 2025 (the "Petition Date"), the Debtor initiated a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of West Virginia (the "Court"). Following the commencement of this Chapter 11 Case, the Debtor has retained possession of its assets and oversight of its business operations until the Chapter 11 Trustee was appointed.

2.    The PCO was appointed following a contested evidentiary hearing on April 4, 2025 (Doc 107).

3.    On December 23, 2025, a CRO was appointed (Doc 185).

4.    On February 4, 2026, the Office of the United States Trustee filed a Motion to Appoint a Chapter 11 Trustee (Doc 210).

5.    On February 19, 2026, the Court entered an Order Granting the Motion to Appoint a Trustee (Doc 219).

6.    On March 5, 2026, Notice of Appointment of Robert Johns as Trustee was filed (Doc 227).

7.    On July 16, 2026, Sharon Travis filed Motion for Temporary Restraining Order (Doc 344).

8.    On July 20, 2026, the Court entered Order and Notice requiring the Trustee and the Healthcare Ombudsman to file a written response to the Motion for Temporary Restraining Order (Doc 347).

RESPONSE

9. The PCO confirmed that Sarah Dean, the Clinical Director, is a Licensed Professional Counselor. A review of the State Website confirmed her license is valid until June 30, 2027. Additionally, her license is in good standing and there are no reported investigations or complainants according to the State Website. https://wvbec.certemy.com/public-registry.

10. The PCO further confirmed that her employment agreement does not state that she is a licensed psychologist, nor does it require her to be one.

11. Sharon Travis does not state in her Motion for Temporary Restraining Order that Sarah Dean is not qualified to function as Clinical Director, she takes issue with one word she claims should be stricken from her resume the word "psychologist." Sharon Travis inaccurately states on page 2 of 22 that Sarah Dean holds herself out as a "Licensed" psychologist. I do not see the word licensed in front of the word psychologist (on her resume). Then it appears because of words on her resume and **not** cited factual evidence, Sharon Travis assumes Sarah Dean is conducting psychological testing and diagnostic interpretations and further assumes Sarah Dean is exceeding the scope of her license and education.

12. The residents of the facility have not seen Sarah Dean's resume nor should they. She simply presents herself to them as the Clinical Director. The

3

residents trust that the facility hires professionals that meet the State of West Virgina (the "State") requirements. Sarah Dean was the Clinical Director when the State performed its last licensure survey in December 2024. The State did not cite the facility for an unqualified Clinical Director or in way indicate that she was not qualified to function as Clinical Director. See https://ohflac.wvdhhr.org/Apps/Lookup/FacilityDetails/159065, December 3, 2024, Re-Licensure survey.

13.    There is no evidence that Sarah Dean is performing diagnostic psychological tests and clinical interpretations procedures that are legally restricted to a licensed psychologist. Any evaluations performed by the facility to measure current status and then progress of a resident as she advances in the program are standard and within the scope of any of the respective provider's license or education.

14.    The Debtor is a behavioral health facility where drug and alcohol addictions are treated, the Debtor is not a mental health facility, residents with psychiatric needs are sent outside the facility for evaluation and treatment.

15.    The PCO was at the facility on July 14th, 2026, the PCO does not believe there is an immediate nor any threat to patient safety.

16.    The PCO questions the standing of Sharon Travis to bring this motion and

questions whether this Court is the appropriate forum for the relief requested. Additionally, a request of this nature generally requires a verified statement and an analysis of the four elements to obtain a Temporary Restraining Order. Even with latitude given an in pro per filer, the PCO does not believe the Motion for Temporary Restraining Order demonstrates that all of the elements can be established.

## RESERVATION OF RIGHTS

17.     The PCO  expressly reserves all such rights including, without limitation, the right to supplement and/or amend this Response.

## CONCLUSION

**WHEREFORE**, for each of the foregoing reasons, the PCO respectfully requests that this Court deny the Motion for Temporary Restraining Order in its entirety and grant such other and further relief as the Court may deem just and proper.

/S/ Deborah L. Fish
Deborah L. Fish
Patient Care Ombudsman
211 West Fort Street
Suite 705
Detroit, MI 48226
(313) 309-3171
dfish@allardfishpc.com

July 24, 2026

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed the foregoing pleading with the Court using the CM/ECF System.  All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF.

And:

 Served Sharon Marie Travis via First Class mail on July 24, 2026, at 930 Main Street, Apt 303 Wheeling, WV 26003.

/S/Deborah L. Fish
Patient Care Ombudsman
211 West Fort Street Suite 705
Detroit, MI 48226
313.309.3171
dfish@allardfishpc.com