**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**      **Bankruptcy Case No. 25-00087**
**d/b/a SERENITY HILLS LIFE CENTER,**      **Chapter 11**

Debtor.

**COMBINED RESPONSE TO VARIOUS OBJECTIONS AND MOTIONS FILED**
**ON JULY 9TH, 2026 BY SHARON MARIE TRAVIS**

This day appeared Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), by undersigned counsel; in response to Sharon Marie Travis' ("Travis") *Emergency Objection to the Motion to the Trustee Adjournment Attempts* [sic]*, for July 16, 2026* ("Objection No. 1"), *Emergency Objection to Retention of Authorized Personnel (Robert Boles and Sarah Dean)* ("Objection No. 2"), *Motion for Emergency Investigation by a Third Party for the Harrassment* [sic] *and Retaliation Charge Against Sharon Travis When She Was an Employee and Her Continued Defimation* [sic] *of My Character as a Former Employee then Creditor* ("Retaliation Motion"); *Motion to Have an Apointments[sic] for Third Party Comprehensive Examination of Records Financial Audit Concerning Sharon Travis Money Owed for a Proof of Claim to be Fully Established* ("Financial Examination Motion")*; Motion for an Investigation of the Formal Complaint made on Dahna Herr and Sheila Weese for Harrassment* [sic] *Charges Made on April 9, 2026 Made by Sharon Travis after Numerous Complaint and Nothing Done* ("Investigation Motion")*;* and *Also Include the Rental Fees for the Use of My Property for that I Preposed* [sic] *for the July 16 Hearing* ("Rental Fees Motion"), collectively (the "July 9th Pleadings") [Docket No. 336].

The majority of Travis's July 9th Pleadings, address relief for claims regarding issues with Robert Boles, Sarah Dean, Sheila Weese, and Dahna Herr that are personal in nature and as such this Court is not the proper forum for Travis to address these claims. Beyond Travis' personal claims, the July 9th Pleadings have little to do with the Chapter 11 Trustee's operation of Heart 2 Heart Volunteers, Inc. (the "Debtor").  Staffing choices are clearly within the discretion of the Chapter 11 Trustee and the Court should defer to his business judgment in such matters.  For these reasons, the relief requested in Travis' July 9th Pleadings should be denied. The Trustee represents the following in response:

1.      The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27th, 2025.

2.      The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

3.      On February 19th, 2026, this Court entered an on order directing the appointment of a Chapter 11 Trustee.

4.      The Trustee, a part of his duties, oversees the operation of the Debtor, has regular meetings with staff, and is also available remotely as the need arises.

5.      On June 30th, 2026, Sharon Marie Travis ("Travis") filed her *Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis* [Docket No. 315]; and *Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job Description, Title and Pay Filed by Sharon Travis* [Docket No.  316].

6.      On July 9th, 2026, Travis filed her July 9th Pleadings [Docket No. 336].

7.      On July 10th,  2026, the Trustee filed his Combined *Response to Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis*; and *Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job Description, Title and Pay Filed by Sharon Travis* ("Trustee's Combined Response") [Docket No. 338].

### Objection No. 1

8.      Travis' Objection to continue the hearing set for July 16th, 2026, is moot, as this Court has already granted the Trustee's request to continue the hearing, with good cause being shown; to July 29th, 2026.

### Objection No. 2

9.      To the extent the July 9th Pleadings further argue the roles of either Robert Boles and/or Sarah Dean pursuant to 11 U.S.C. § 327(a), the Trustee relies on the facts and case law in the Trustee's Combined Response [Docket No. 338].

10.      As to the remaining allegations made by Travis regarding intimidation and other claims as it related to Robert Boles, these claims are personal in nature and this Court is not the proper forum for Travis to address these claims.

11.      However, Robert Boles contact with Travis was limited; in fact, Robert Boles agreed to not interact with Travis and aided counsel for the Trustee with attempting to locate additional personal property at the request of Travis, coordinating Debtor staff to facilitate the removal of Travis' personal items, and providing refreshments to employees of the moving company.

12.     The only limited interaction between Robert Boles and Travis was an incident regarding access to a restricted area where Debtor records and files were being stored.

## Retaliation Motion

13.     As stated previously, the allegations made by Travis regarding intimidation and other claims as it related to Robert Boles, are personal in nature and this Court is not the proper forum for Travis to address these claims.

14.     Nevertheless, Robert Boles agreed to not interact with Travis and aided counsel for the Trustee with attempting to locate additional personal property at the request of Travis, coordinating Debtor staff to facilitate the removal of Travis' personal items, and providing refreshments to employees of the moving company.

15.     The only limited interaction between Robert Boles and Travis was an incident regarding access to a restricted area where Debtor records and files were being stored.

## Financial Examination Motion

16.     On June 30th, 2026, the Trustee and his Counsel agreed that Travis could come to the Debtor's facility and review relevant financial documents.

17.     On July 6th, 2026, Trustee's counsel while in route to the Debtor's business location received an e-mail from Travis stating she was ill and could not keep the appointment to review the receipt records.

18.     On July 9th, 2026, the Trustee caused that copies of all expenses related to personal reimbursement and board meetings for the years 2020 – 2025 to be made on behalf

of Travis, consistent with what was to have occurred between Travis and Trustee's Counsel at the proposed July 6th, 2026 meeting (the "Copies").

19.    Additionally, the Trustee also provided documents that appeared to be unrelated to the operation of the Debtor, but appeared to belong to Travis (the "Unrelated Documents").

20.    On that same day, the Trustee had the Copies and Unrelated Documents mentioned above sent by Federal Express, overnight; to Travis at her address that is of record with this Court.

21.    Upon information and belief, any additional financial documents related to Travis' claim for expense reimbursement are available to Travis through her own financial statements and credit card information.

22.    Furthermore, much of the information requested by Travis is the period in which Travis was acting as President of the Debtor and before the Trustee was appointed as Chapter 11 Trustee.

23.    Since the appointment of the Trustee, the Trustee continues to file monthly operating reports for the benefit of all creditors and interested parties.

24.    Upon information and belief, the Trustee believes that the financial information requested by Travis been provided to her.

25.    However, if this Court would deem the request for a financial investigation appropriate, the Trustee would be willing to cooperate with an independent, experienced, third-party investigator who is a licensed certified public accountant, specializing in forensic accounting; at the cost and expense of Travis.

**Investigation Motion**

26.     As previously argued by the Trustee, a trustee is "…vested with considerable discretion." *United States use of Julien P. Benjamin Equipment Co. v. Sapp*, 641 F.2d 182, 185 (4th Cir. 1981).

27.     As such, the Trustee makes business decisions that in his discretion are in the best interest of the Debtor and ensures that the business is operating in an appropriate manner.

28.     No written complaint has been made by Travis to the Trustee regarding the medical director or nursing director.  Despite Travis' allegations towards Sheila Weese and Dahna Herr, these claims seem to be personal in nature and this Court is not the proper forum for Travis to address these claims.

29.     In addition, upon information and belief, claims against Sheila Weese have been filed against her nursing license and other claims have been filed by OHFLAC, the regulatory agency for the facility, and are being investigated by those entities.  No adverse decision has been issued by those entities.

30.     Regardless, the Trustee is unaware of any concerns relating to Robert Boles, Sarah Dean, Dahna Herr and Sheila Weese that interfere with the Debtor's day-to-day business operations.

31.     The Trustee will continue to operate the Debtor and use his business judgment accordingly for the benefit of creditors and other interested parties.

**Rental Fees-**

32. Prior to the Chapter 11 Trustee's appointment, the Debtor filed certain schedules, including "Schedule F" that included Travis as creditor, owing a contingent and unliquidated claim  and listed the amount owed as "unknown." [Docket No. 92].

33. Travis was at that time responsible for information that was included in the Debtor's schedules and signed the Bankruptcy Petition and Schedules.

34. As part of his duties as Chapter 11 Trustee, the Trustee is tasked with reviewing the claims that are against the Debtor's estate as the schedules list the amount as "unknown" and fail to describe the nature of the obligation.

35. Travis repeatedly refers to herself as a creditor, but has not filed any claims in the bankruptcy case.

36. The Chapter 11 Trustee is unable to evaluate the validity and extent of Travis' claims, if any against the bankruptcy estate.

37. Travis has had over sixteen (16) months since the Debtor filed its case to identify the nature of her claim and the amount of the claim.

38. The Trustee respectfully requests that Travis file a proof of claim within ten (10) days of the hearing on July 29, 2026, putting forth her claims, with supporting detail; against the bankruptcy estate, including but not limited to rental fees requested.

**WHEREFORE**, the Trustee respectfully requests this Court to (1) deny the relief requested in the July 9th Pleadings; (2) enter an order requiring Travis to file a proof of claim with ten (10) days of the July 29th hearing,  and (3) grant whatever additional relief this Court would deem appropriate.

**ROBERT L. JOHNS, TRUSTEE**
By Counsel:


_____/s/ Brian R. Blickenstaff_____
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
**101 Brook Hill Drive**
Charleston, WV  25311
Phone No.      (304) 720-2300
Fax No.        (304) 720-2311
E-mail         bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

| | |
|---|---|
| **HEART 2 HEART VOLUNTEERS INC.,** | **Bankruptcy Case No. 25-00087** |
| **d/b/a SERENITY HILLS LIFE CENTER,** | **Chapter 11** |

Debtor.

**CERTIFICATE OF SERVICE**

    I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***COMBINED RESPONSE TO VARIOUS OBJECTIONS AND MOTIONS FILED ON JULY 9TH, 2026 BY SHARON MARIE TRAVIS,***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid, by electronic mail, or by utilizing the Court's CM/ECF Pacer System where indicated, on this 24th day of July, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV  25307
(*Via Electronic Mail*)

**KIRK B. BURKLEY, ESQ.**
WH Burkley, LLP
601 Grant Street, 9th Floor
Pittsburg, PA 15219
(*Via Electronic Mail*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003
(*Via Electronic Mail*)

Given this day by my hand,

    /s/ Brian R. Blickenstaff