

David L. Bissett
United States Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| HEART 2 HEART VOLUNTEERS, INC., | ) | CASE NO. 5:25-bk-00087 |
| | ) | |
| Debtor. | ) | Chapter 11 |

### ORDER RESOLVING MOTION TO COMPEL TURNOVER OF PROPERTY, RECORDS, AND APPOINTMENT OF EXAMINER

On May 6, 2026, Sharon Marie Travis filed a *Motion to Compel The Production Of Property And Or A Motion Under Rule 2004 Examination; also, A Motion To Compel Turnover of Property And Or A Motion For Relief From The Automatic Stay To Retrieve Personal Property* (Doc. No. 263) ("Motion to Compel Turnover of Property").  On May 27, 2026, Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), filed an *Objection To The Motion To Compel Turnover Of Property Filed By Sharon Marie Travis* (the "Trustee's Objection to the Motion to Compel Turnover of Property") and *Trustee's Motion For Requiring Sharon Marie Travis To Pay Storage Fees And Excess Wages* (Doc. No. 279).  On June 1, 2026, in consideration of the filings, the Court issued an Order setting the matters for hearing on July 16, 2026 (Doc. No. 282).

On June 3, 2026, Ms. Travis filed a *Motion To Expedite Hearing and Shorten the Time for Good Cause on My Original Motion to Turnover Property (11 U.S.C. § 542) And To Let Travis To Come On The Property To Make that List Under Supervision* (Doc. No. 285) ("Motion to Expedite Hearing").  Also on June 3, 2026, Ms. Travis filed a *Reply To Objection To Motion to Compel Turnover Of Property Filed By Sharon Marie Travis, Objection To The Trustee's Motion Requiring Sharon Marie Travis To Pay Storage Fees And Excess Wages, A Request For The Answer To A Motion Made on May 6, 2026, For The Examination Of Books As A  Creditor To Get Receipts So I Can Formally File My Amount For The Proof Of Claim And Find Out Now About Excess Wages That Is Being Claimed, A Motion For An Independent Auditor Because Of The Accusations Of My*

*Pay And What Is Being Stated, A Motion To Require the Debtor To Pay Rental Fees For The Use Of Her Equipment For Daily Operations In The Facility, The Sober House, And The Farmhouse And Damage To The Property*, and *Motion To Pay Deferred Wages From February 27, 2025 To May 1, 2026; also, The Repayment Of All Expenditures Spent On Serenity Hills Life Center And All Heart 2 Heart Programs From February 27, 2025 to February 27, 2026* (Doc. No. 287) ("Reply to Objection").

On June 5, 2026, the Court issued an Order and Notice granting Ms. Travis' Motion to Expedite Hearing on Ms. Travis' Motion to Compel Turnover of Property, the Trustee's Objection to the Motion to Compel Turnover of Property, and Ms. Travis' Reply to Objection (Doc. No. 288), and the Court set a telephonic hearing for June 11, 2026. On June 11, 2026, the Court held a telephonic hearing on the motions, and the Court requested Ms. Travis file proof of ownership of the disputed property. On June 15, 2026, Ms. Travis filed a Supplement (Doc. No. 301) to her Motion to Compel Turnover of Property (Doc. No. 263). On June 16, 2026, the Court found Ms. Travis' Supplement was sufficient to prove ownership and issued an Order (Doc. No. 306) permitting Ms. Travis to retrieve undisputed items with the parties to confer and agree upon a date and time for retrieval within 2 weeks from the date of the Order. The Court further Ordered the Trustee to provide copies of receipts and records and/or allow Ms. Travis to review the records within 10 days of the scheduled hearing on July 16, 2026. Pursuant to the Court's June 1, 2026 Order (Doc. No. 282), the Court deferred ruling on the remaining issues scheduled for hearing on July 16, 2026.

On July 8, 2026, the Trustee requested a *Motion to Continue* the July 16, 2026 hearing (Doc. No. 331). On July 9, 2026, Ms. Travis filed an *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel (Robert Boles And Sarah Dean),[1] Motion For An Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor, Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established; Motion For An Investigation On The Formal Complaint Made On Dahna Herr*

---

[1] Ms. Travis' *Emergency Objection To Retention Of Authorized Personnel (Robert Boles And Sarah Dean)* (Doc. No. 336), filed July 9, 2026, is addressed by separate Order.

*And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done; Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336).

On July 13, 2026, the Court issued an Order (Doc. No. 341) finding good cause to grant the Trustee's *Motion to Continue* and rescheduled the matters for hearing on July 29, 2026.  On July 24, 2026, the Trustee filed a *Combined Response to Various Objections and Motions filed on July 9, 2026 by Sharon Marie Travis* (Doc. No. 360).

On July 29, 2026, the Court held a hearing on the pending matters.  In consideration of the pleadings, the July 19, 2026 hearing, and comprehensive record before it, the Court does hereby

**ORDER** that Ms. Travis' Motion to Compel Turnover of Property (Doc. No. 263) is **RESOLVED** and **DENIED** as moot.  The Court finds that the Trustee has complied with the Court's June 16, 2026 Order (Doc. No. 306), with regard both the turnover of Ms. Travis' personal property and providing copies of receipts and records from 2020-2025 pertaining to items that Ms. Travis purchased for the Debtor and/or any deferred wages.  It is further

**ORDERED** that, to the extent the Trustee discovers additional personal property or personal records pertaining to Ms. Travis, the Trustee shall promptly produce such property or records to Ms. Travis.  It is further

**ORDERED** that if Ms. Travis believes the bankruptcy estate possesses additional records relevant to her to file an amended proof of claim for expense reimbursement or deferred wages that cannot otherwise be obtained by her, are not already in her possession, and uniquely within the possession, custody, or control of the bankruptcy estate, she may file an appropriate motion specifically identifying the documents sought. It is further

**ORDERED** that

1. the *Trustee's Motion For Requiring Sharon Marie Travis To Pay Storage Fees And Excess Wages* (Doc. No. 279), filed May 27, 2026,

2. Ms. Travis' *Motion To Require the Debtor To Pay Rental Fees For The Use Of Her Equipment For Daily Operations In The Facility, The Sober House, And The Farmhouse And Damage To The Property*, and *Motion To Pay Deferred Wages From February 27, 2025 To May 1, 2026; also, The Repayment Of All Expenditures Spent On Serenity Hills Life Center And All Heart 2 Heart Programs From February 27, 2025 to February 27, 2026* (Doc. No. 287), filed June 3, 2026, and

3. Ms. Travis' motion to *Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336), filed June 9, 2026

are **DEFERRED** pending the Court's consideration of the merits of Ms. Travis' proof of claim number 17-1.  It is further

**ORDERED** that

1. Ms. Travis' *Motion For The Examination Of Books As A Creditor To Get Receipts So I Can Formally File My Amount For The Proof Of Claim And Find Out Now About Excess Wages That Is Being Claimed* and *Motion For An Independent Auditor Because Of The Accusations Of My Pay And What Is Being Stated* (Doc. No. 287), filed June 3, 2026, and

2. Ms. Travis' *Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established* (Doc. No. 336), filed June 9, 2026

are **DENIED**.  The Court finds that the Trustee has produced all records within his possession that relate to the Court's June 16, 2026 Order (Doc. No. 306).  To the extent Ms. Travis seeks the appointment of an independent auditor or examiner to assist her in determining the amount of her proof of claim, such relief is not authorized under the Bankruptcy Code.  The appointment of an examiner under the Bankruptcy Code is intended to serve the interests of all creditors, not assist an individual creditor in investigating that creditor's personal proof of claim. It is further

**ORDERED** that Ms. Travis' *Motion For An Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor* and *Motion For An Investigation On The Formal Complaint Made On Dahna Herr And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done* (Doc. No. 336), filed July 9, 2026 is **DENIED**.  As set forth in the Court's ruling on July 29, 2026, the Court's jurisdiction is limited to matters affecting the bankruptcy estate.  Ms. Travis' motions concern personal matters that do not impact that bankruptcy estate and, therefore, fall outside the Court's jurisdiction and are more appropriate for State authorities.