

David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| HEART 2 HEART VOLUNTEERS, INC., | ) | CASE NO. 5:25-bk-00087 |
| | ) | |
| Debtor. | ) | Chapter 11 |

### ORDER DENYING RELIEF REGARDING SARAH DEAN

On June 30, 2026, Sharon Marie Travis filed a *Motion To Remove Sara Dean For Conflict Of Interest With This Creditor, the Trustee Not Getting Approval From The Courts As A Professional, For Her Actions Of Being Previously Fired And Has An Active Ethics Violation Filed Against Her; A Motion To Object As Creditor To Her Hiring Because She Is Also A Creditor, Because There Is A Conflict Of Interest Because She Has An Active Ethics Complaint Before The WV Board Of Examiners In Counseling Against Her By The This Creditor; A Motion To Request For Her Job Description, Title, And Pay* (Doc. No. 316) ("Motion to Remove Sarah Dean").  On July 2, 2026, the Court issued an Order and Notice (Doc. No. 317) setting Ms. Travis' Motion to Remove Sarah Dean for hearing on July 16, 2026.

On July 8, 2026, Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee") filed a *Motion to Continue* all matters set for the July 16, 2026 hearing(s) (Doc. No. 331).  On July 9, 2026, Ms. Travis filed an *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel (Robert Boles[1] And Sarah Dean[2])[3], Motion For An*

---

[1] Ms. Travis' *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel* (Doc. No. 336), filed July 9, 2026, relating to Robert Boles are addressed by separate Order.

[2] Ms. Travis' *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel* (Doc. No. 336), filed July 9, 2026, is relevant to this Order insofar as it relates to Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316).

[3] Ms. Travis' *Emergency Objection To Retention Of Authorized Personnel (Robert Boles And Sarah Dean)* (Doc. No. 336)*,* filed July 9, 2026, contains arguments that are duplicative of Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316), filed June 30, 2026.

*Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor, Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established; Motion For An Investigation On The Formal Complaint Made On Dahna Herr And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done; Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336).[4]

On July 10, 2026, the Trustee filed a *Combined Response To Motion To Remove Robert Boles For Conflict Of Interest With A Creditor; Motion To Object As A Creditor To The Hiring Of Robert Boles; Motion For Expedited Hearing Filed By Sharon Travis And Motion To Remove Sarah Dean For Conflict Of Interest; Motion To Request Job Description, Title And Pay Filed By Sharon Travis* (Doc. No. 338) ("Combined Response to Motion to Remove Robert Boles and Sarah Dean for Conflict of Interest with a Creditor").[5]  On July 13, 2026, Ms. Travis filed *Now Comes Sharon Travis' Consolidated Reply To The Combined Response Concerning The Motions To Remove Robert Boles And Sarah Dean, Object To Hiring, And Request Job Descriptions* (Doc. No. 340).[6]

On July 13, 2026, the Court issued an Order (Doc. No. 341) finding good cause to grant the Trustee's *Motion to Continue* and rescheduled the matters for hearing on July 29, 2026.  On July 16, 2026, Ms. Travis filed an *Emergency Motion For Temporary Restraining Order, Preliminary And Permanent Due To Unlicensed Practice Of Psychology And Injunction Relief And To Remove Sarah Dean, Clinical Director Due To Unlicensed Practice Of Psychology And Immediate Facility And Patient Risk* (Doc. No. 344) ("Emergency Motion for TRO").  On July 17, 2026, the Court issued an Order and Notice (Doc. No. 347) setting Ms. Travis' Emergency Motion

---

[4] Ms. Travis' *Motion For An Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor, Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established; Motion For An Investigation On The Formal Complaint Made On Dahna Herr And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done; Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336), filed July 9, 2026, are addressed by separate Order.

[5] Any motions relating to Robert Boles are addressed by separate Order.

[6] Any motions relating to Robert Boles are addressed by separate Order.

for TRO for hearing on July 29, 2026, in conjunction with the other matters scheduled. On July 24, 2026, Patient Care Ombudsman, Deborah Fish, filed a *Response Of Patient Care Ombudsman To Emergency Motion For Temporary Restraining Order, Preliminary And Permanent Due To Unlicensed Practice Of Psychology And Immediate Facility And Patient Risk* (Doc. No. 358) ("Ombudsman's Objection to Emergency Motion for TRO"). On July 24, 2026, the Trustee filed an *Objection To Emergency Motion For Temporary Restraining Order, Preliminary And* Permanent *Due To Unlicensed Practice Of Psychology And Injunction Relief And To Remove Sarah Dean, Clinical Director Due To Unlicensed Practice Of Psychology And Immediate Facility And Patient Risk* (Doc. No. 359) ("Trustee's Objection to Emergency Motion for TRO"). Also on July 24, 2026, the Trustee filed a *Combined Response To Various Objections And Motions Filed On July 9, 2026 By Sharon Marie Travis* (Doc. No. 360) ("Combined Response to July 9, 2026 Motions").[7] On July 29, 2026, the Court held a hearing on Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316), Ms. Travis' Emergency Motion for TRO (Doc. No. 344), all responses, objections, and replies thereto.

In consideration of the pleadings, the July 29, 2026 hearing, and comprehensive record before it, the Court denies both Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316) and Ms. Travis' Emergency Motion for TRO (Doc. No. 344). First, the Court addresses its reasons for denying Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316). Second, the Court addresses its reasons for denying Ms. Travis' Emergency Motion for TRO (Doc. No. 344).

1. **Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316) is denied.**

11 U.S.C. § 327(a) provides,

> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Although the Bankruptcy Code does not define the phrase "other professional persons," courts have construed the term narrowly to mean a person whose duties play a central role in the administration of the bankruptcy estate. *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (distinguishing between a "member of a profession" and a "professional person"

---

[7] The Trustee's *Combined Response To Various Objections And Motions Filed On July 9, 2026 By Sharon Marie Travis* (Doc. No. 360) addresses various motions filed by Ms. Travis. Here, the Court only addresses pleadings pertaining to Ms. Travis' Motion to Remove Sarah Dean in this Order. All other pleadings are addressed by separate Order.

3

as used in 11 U.S.C. § 327(a)).  For instance, a person who is hired to assist in the day-to-day, ordinary course operations of a debtor is not the kind of professional person contemplated by 11 U.S.C. § 327(a).  *Id.*  Rather, a person who "plays an intimate role" in the debtor's reorganization is a person who is required to be employed under 11 U.S.C. § 327(a).  *Id.*  Bankruptcy Rule 2014(a), in turn, governs applications for employment of every professional person by a bankruptcy estate.  Fed. R. Bankr. P. 2014.

A Chapter 11 trustee is afforded substantial discretion to administer the bankruptcy estate and operate the debtor's day-to-day business affairs.  *In re Integrated Resources*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re DeLuca Distributing Co.*, 38 B.R. 588, 591 (Bankr. N.D. Ohio 1984).  Accordingly, "the court will not entertain objections to a trustee's conduct of the estate where that conduct involves a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981).  In other words, the court will not disturb a transaction undertaken in the ordinary course of business "so long as the trustee can articulate reasons for his conduct (as distinct from a decision made arbitrarily or capriciously)." *Id.* (citing *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 797 (Bankr. D. Del. 2007)).

Regarding Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316), as stated by the Court in its Order denying Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315), Ms. Travis' argument that the Trustee was required to seek Court approval under 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a) before hiring Dr. Dean is misplaced.  The Trustee explained in his Combined Response to Motion to Remove Robert Boles and Sarah Dean for Conflict of Interest with a Creditor (Doc. No. 338), Objection to Emergency Motion for TRO (Doc. No. 359), Combined Response to July 9, 2026 Motions (Doc. No. 360), and at the July 19, 2026 hearing that Dr. Dean is employed as Clinical Director, as part of Heart 2 Heart Volunteers, Inc.'s (the "Debtor") ongoing business. The Trustee stated that in her duties as Clinical Director, Dr. Dean supervises other counselors at Serenity Hills Life Center (the "Debtor's Facility").  The Trustee also clarified that Dr. Dean does not participate in the administration of the bankruptcy estate or bankruptcy related functions.  Rather, Dr. Dean assists solely with the Debtor's day-to-day operational needs.

Based upon the record before it, the Court finds that Dr. Dean is not a professional person within the meaning of 11 U.S.C. § 327(a). Dr. Dean's duties are limited to managing counselors at the Debtor's Facility and do not involve her in the type of central or intimate role in the

administration of the bankruptcy estate contemplated by 11 U.S.C. § 327(a).  Consequently, neither 11 U.S.C. § 327(a) nor Bankruptcy Rule 2014(a) required the Trustee to seek Court approval before employing Dr. Dean as Clinical Director.  Because 11 U.S.C. § 327(a) does not apply, the Court need not consider Ms. Travis' arguments concerning whether Dr. Dean is a disinterested person or whether she allegedly has an adverse personal relationship with her as a creditor.  Those requirements apply only to professionals whose employment is governed by 11 U.S.C. § 327(a).  Instead, the Trustee's decision to employ Dr. Dean is properly evaluated under the business judgment rule.  The Trustee explained that Dr. Dean possesses the necessary credentials to serve as Clinical Director because she is a Licensed Professional Counselor and was previously employed as Clinical Director at the Debtor's Facility.  The Court finds that these reasons constitute a reasonable exercise of the Trustee's business judgment, were made in good faith, and fall squarely within his statutory authority.  Ms. Travis presented no evidence, either in her written filings or at the July 29, 2026 hearing, sufficient to overcome the presumption that the Trustee exercised reasonable business judgment.  Accordingly, the Court concludes that the Trustee was not required to seek approval under 11 U.S.C. § 327(a) or Bankruptcy Rule 2014(a), and the Trustee's decision to employ Dr. Dean was a proper exercise of his business judgment.

**2. Ms. Travis' Emergency Motion for TRO (Doc. No. 344) is denied.**

When determining whether a preliminary injunction should be issued, the Court of Appeals for the Fourth Circuit requires that a court weigh four factors: "1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; 2) the likelihood of harm to the defendant if the preliminary injunction is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) the public interest." *Hughes Network Sys. v. Interdigital Communications Corp.,* 17 F.3d 691, 693 (4th Cir. 1994).

These four factors are not equally weighted— "[t]he 'balance of hardships' reached by comparing the relevant harms to the plaintiff and defendant is the most important determination...." *Id.* If the balance tips "decidedly" in the favor of the moving party, a preliminary injunction would be appropriate if the moving party "has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 813 (4th Cir. 1991). On the other hand, if the balance of the harms tips away from the moving party, the moving party must demonstrate its entitlement to a preliminary injunction with "'a very clear and strong case,'"

because "'if there is doubt as to the probability of plaintiff's ultimate success on the merits, the preliminary injunction must be denied.'" *Id.* (citation omitted). In the absence of a viable cause of action, however, no preliminary injunction is appropriate. *E.g., Safety–Kleen, Inc. v. Wyche,* 274 F.3d 846, 859–64 (4th Cir.2001) (holding that Safety–Kleen failed to present a substantial question on its various causes of action; therefore, a preliminary injunction was inappropriate even though the parties agreed that "Safety–Kleen will suffer decidedly more harm than [the opposing party] if a preliminary injunction is denied."); *Mom N Pops, Inc. v. City of Charlotte,* No. 97–2359, 1998 U.S. App. LEXIS 20272 at* 17–20 (4th Cir.1998) (affirming the denial of a preliminary injunction on the basis that the movant lacked standing to challenge a zoning ordinance for vagueness or overbreadth) (unpub.); *Regal Coal, Inc. v. LaRosa,* No. 2:03CV90, 2004 U.S. Dist. LEXIS 26846 at* 17–21 (N.D.W.Va. Aug. 27, 2004) (denying a motion for a preliminary injunction, in part, because the movants did not have standing to raise the relevant legal issues).

Here, for the reasons stated on the record, Ombudsman's Objection to Emergency Motion for TRO (Doc. No. 358), and the Trustee's Objection to Emergency Motion for TRO (Doc. No. 359), the Court finds that Ms. Travis has not met the requirements for emergency temporary relief. As discussed herein with respect to the Court's denial of Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316), the Trustee's decision to employ Dr. Dean was within his business judgment. By denying Ms. Travis' Motion to Remove Sarah Dean, the Court has effectively ruled that Ms. Travis would not succeed on the merits of her Emergency Motion for TRO.  Further, Ms. Travis has failed to present any evidence, both in her pleadings or at the July 29, 2026 hearing, of irreparable harm to the Debtor or herself warranting emergency relief.  Specifically, Ms. Travis' allegations that Dr. Dean has acted outside the scope of her employment as Clinical Director are meritless.[8]  The Court has no basis to believe that Dr. Dean is holding herself out as a licensed psychologist, performing or billing for psychological testing, or otherwise engaging in duties legally restricted to licensed psychologists in her role as Clinical Director.  To the contrary, the Trustee and Ombudsman have represented to the Court that Dr. Dean is not employed as a psychologist and has acted within the scope of her employment as Clinical Director.

Although Ms. Travis represented that she has filed complaint(s) against Dr. Dean with State regulatory agencies regarding her personal care, those complaint(s) are merely allegations relating

---

[8] The Court notes that Ms. Travis, in her former role as the Debtor's Chief Executive Officer, previously employed Dr. Dean as Clinical Director at the Debtor's Facility.

to personal matters and do not implicate the administration of the bankruptcy estate.  Moreover, those matters are beyond the jurisdiction of the Court.  The Court's jurisdiction is limited to issues affecting the bankruptcy estate, including whether Dr. Dean has acted improperly in her role as Clinical Director.  Again, Ms. Travis has presented no such evidence.  The Court does hereby

**ORDER** that Ms. Travis' Motion to Remove Sarah Dean (Doc. No. 316), filed June 30, 2026, is **DENIED**.  It is further

**ORDERED** that Ms. Travis' *Emergency Objection To Retention Of Authorized Personnel (Sarah Dean)* (Doc. No. 336), filed July 9, 2026, is **DENIED**.

**ORDERED** that Ms. Travis' Emergency Motion for TRO (Doc. No. 344), filed July 16, 2026, is **DENIED.**