

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| HEART 2 HEART VOLUNTEERS, INC., | ) | CASE NO. 5:25-bk-00087 |
| | ) | |
| Debtor. | ) | Chapter 11 |

### ORDER DENYING RELIEF REGARDING ROBERT BOLES

On June 30, 2026, Sharon Marie Travis filed the *Motion To Remove Robert Boles For Conflict of Interest With A Creditor, The Trustee Not Getting Approval From The Court As A Professional, The Trustee Uses Robert Boles Help With Estate Matters Concerning Creditors, Also Because Of His Previous Actions While Employed That Harmed The Facility And Residents; He Is Not Ethically Appropriate For This Position; A Motion To Object As A Creditor To The Hiring Of Robert Boles Because He Has A Conflict Of Interest With This Creditor, Has Harassed Her And Wrote Defaming Letters Against Her; This Causes A Liability For The Company; A Motion To Ask For Expedited Hearing Because This Creditor Believes The Trustee Is Purposely Using Robert Boles To Help With The Receipts And The Court Order Because He Knows Sharon Travis Will Not Work With Him And He Is Trying To Delay The Court Order Doc. 311 On June 18* (Doc. No. 315) ("Motion to Remove Robert Boles").  On July 2, 2026, the Court issued an Order and Notice (Doc. No. 317) setting Ms. Travis' Motion to Remove Robert Boles for hearing on July 16, 2026.

On July 8, 2026, Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), filed a *Motion to Continue* all matters set for the July 16, 2026 hearing(s) (Doc. No. 331).  On July 9, 2026, Ms. Travis filed an *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection*

1

*To Retention Of Authorized Personnel (Robert Boles[1] And Sarah Dean[2])[3], Motion For An Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor, Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established; Motion For An Investigation On The Formal Complaint Made On Dahna Herr And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done; Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336).[4]

On July 10, 2026, the Trustee filed a *Combined Response To Motion To Remove Robert Boles For Conflict Of Interest With A Creditor; Motion To Object As A Creditor To The Hiring Of Robert Boles; Motion For Expedited Hearing Filed By Sharon Travis And Motion To Remove Sarah Dean For Conflict Of Interest; Motion To Request Job Description, Title And Pay Filed By Sharon Travis* (Doc. No. 338) ("Combined Response to Motion to Remove Robert Boles and Sarah Dean for Conflict of Interest with a Creditor").[5]  On July 13, 2026, Ms. Travis filed *Now Comes Sharon Travis' Consolidated Reply To The Combined Response Concerning The Motions To Remove Robert Boles And Sarah Dean, Object To Hiring, And Request Job Descriptions* (Doc. No. 340).[6]

On July 13, 2026, the Court issued an Order (Doc. No. 341) finding good cause to grant

---

[1] Ms. Travis' *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel* (Doc. No. 336), filed July 9, 2026, is relevant to this Order insofar as it relates to Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315).

[2] Ms. Travis' *Emergency Objection To The Motion To The Trustee Adjournment Attempts, For The July 16, 2026, Emergency Objection To Retention Of Authorized Personnel* (Doc. No. 336), filed July 9, 2026, relating to Sarah Dean are addressed by separate Order.

[3] Ms. Travis' *Emergency Objection To Retention Of Authorized Personnel (Robert Boles And Sarah Dean)* (Doc. No. 336)*,* filed July 9, 2026, contains arguments that are duplicative of Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315), filed June 30, 2026.

[4] Ms. Travis' *Motion For An Emergency Investigation By A Third Party For The Harassment And Retaliation Charge Against Sharon Travis When She Was An Employee And Her Continued Defamation Of My Character As A Former Employee Then Creditor, Motion To Have An Appointments For Third Party Comprehensive Examination Of Records Financial Audit Concerning Sharon Travis Money Owed For A Proof Of Claim To Be Fully Established; Motion For An Investigation On The Formal Complaint Made On Dahna Herr And Shelia Weese For Harassment Charges Made On April 6, 2026 Made By Sharon Travis After Numerous Complaint And Nothing Done; Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336), filed July 9, 2026, are addressed by separate Order.

[5] Any motions relating to Sarah Dean are addressed by separate Order.

[6] Any motions relating to Sarah Dean are addressed by separate Order.

the Trustee's *Motion to Continue* and rescheduled the matters for hearing on July 29, 2026.  On July 24, 2026, the Trustee filed a *Combined Response To Various Objections And Motions Filed On July 9, 2026 By Sharon Marie Travis* (Doc. No. 360).[7]  On July 29, 2026, the Court held a hearing on Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315), all responses, objections, and replies thereto.

In consideration of the pleadings, the July 29, 2026 hearing, and comprehensive record before it, the Court denies Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315).  11 U.S.C. § 327(a) provides,

> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Although the Bankruptcy Code does not define the phrase "other professional persons," courts have construed the term narrowly to mean a person whose duties play a central role in the administration of the bankruptcy estate. *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (distinguishing between a "member of a profession" and a "professional person" as used in 11 U.S.C. § 327(a)).  For instance, a person who is hired to assist in the day-to-day, ordinary course operations of a debtor is not the kind of professional person contemplated by 11 U.S.C. § 327(a).  *Id.*  Rather, a person who "plays an intimate role" in the debtor's reorganization is a person who is required to be employed under 11 U.S.C. § 327(a).  *Id.*  Bankruptcy Rule 2014(a), in turn, governs applications for employment of every professional person by a bankruptcy estate.  Fed. R. Bankr. P. 2014.

A Chapter 11 trustee is afforded substantial discretion to administer the bankruptcy estate and operate the debtor's day-to-day business affairs.  *In re Integrated Resources*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re DeLuca Distributing Co.*, 38 B.R. 588, 591 (Bankr. N.D. Ohio 1984).  Accordingly, "the court will not entertain objections to a trustee's conduct of the estate where that conduct involves a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981).  In other words, the court will not disturb a transaction undertaken in the ordinary

---

[7] The Trustee's *Combined Response To Various Objections And Motions Filed On July 9, 2026 By Sharon Marie Travis* (Doc. No. 360) addresses various motions filed by Ms. Travis.  Here, the Court only addresses pleadings pertaining to Ms. Travis' Motion to Remove Robert Boles in this Order.  All other pleadings are addressed by separate Order.

course of business "so long as the trustee can articulate reasons for his conduct (as distinct from a decision made arbitrarily or capriciously)." *Id.* (citing *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 797 (Bankr. D. Del. 2007)).

Ms. Travis' motion is premised on the assertion that the Trustee was required to seek Court approval under 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a) before hiring Mr. Boles. That premise is misplaced. The Trustee explained in his Combined Response to Motion to Remove Robert Boles and Sarah Dean[8] for Conflict of Interest with a Creditor (Doc. No. 338) and at the July 29, 2026 hearing that Mr. Boles performs information technology services, serves on a voluntary basis, and receives no compensation. The Trustee further stated that Mr. Boles does not participate in the administration of the bankruptcy estate or bankruptcy-related functions. Rather, Mr. Boles assists solely with Heart 2 Heart Volunteers, Inc.'s (the "Debtor") day-to-day operational needs.

Based upon the record before it, the Court finds that Mr. Boles is not a professional person within the meaning of 11 U.S.C. § 327(a). Mr. Boles' duties are limited to ordinary operational and information technology functions and do not involve him in the type of central or intimate role in the administration of the bankruptcy estate contemplated by 11 U.S.C. § 327(a). Consequently, neither 11 U.S.C. § 327(a) nor Bankruptcy Rule 2014(a) required the Trustee to seek Court approval before utilizing Mr. Boles' services. Because 11 U.S.C. § 327(a) does not apply, the Court need not consider Ms. Travis' arguments concerning whether Mr. Boles is a disinterested person or whether he allegedly has an adverse relationship with her as a creditor. Those requirements apply only to professionals whose employment is governed by 11 U.S.C. § 327(a).

Instead, the Trustee's decision to employ Mr. Boles is properly evaluated under the business judgment rule. The Trustee explained that Mr. Boles was familiar with the Debtor's business operations, allowing the Trustee to continue operating the Debtor's business while minimizing administrative expenses. The Court finds that these reasons constitute a reasonable exercise of the Trustee's business judgment, were made in good faith, and fall squarely within his statutory authority. Ms. Travis presented no evidence, either in her written filings or at the July 29, 2026 hearing, sufficient to overcome the presumption that the Trustee exercised reasonable business judgment.

---

[8] Any motions relating to Sarah Dean are addressed by separate Order.

Accordingly, the Court concludes that the Trustee was not required to seek approval under 11 U.S.C. § 327(a) or Bankruptcy Rule 2014(a), and the Trustee's decision to employ Mr. Boles was a proper exercise of his business judgment.  The Court does hereby

**ORDER** that Ms. Travis' Motion to Remove Robert Boles (Doc. No. 315), filed June 30, 2026, is **DENIED**. It is further

**ORDERED** that Ms. Travis' *Emergency Objection To Retention Of Authorized Personnel (Robert Boles)* (Doc. No. 336), filed July 9, 2026 is **DENIED**.

5