**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

| | |
|---|---|
| **HEART 2 HEART VOLUNTEERS INC., d/b/a SERENITY HILLS LIFE CENTER,** | **Bankruptcy Case No. 25-00087 Chapter 11** |

Debtor.

**COMBINED RESPONSE TO CREDITOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REMOVE SARAH DEAN AND EMERGENCY MOTION TO REMOVE SARAH DEAN, AND REQUEST FOR EVIDENTIARY HEARING AND MOTION FOR RECONSIDERATION OF COURT ORDER PERMITTING FORMER EMPLOYEE ROBERT BOLES TO VOLUNTEER/WORK AND ACCESS RECORDS, MANAGE THE RECORD, COMPUTER SYSTEMS AND ANY WORK ON THE RECORD; REQUEST FOR EVIDENTIARY HEARING; AND REQUEST FOR EMERGENCY PROTECTIVE RESTRICTIONS; AND TRUSTEE'S MOTION FOR RULE 11 SANCTIONS, AND/OR PROTECTIVE MEASURES TO REGARDING FRIVOLOUS MOTIONS FILED BY SHARON MARIE TRAVIS**

Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), by undersigned counsel; in response to Sharon Marie Travis' ("Travis") *Creditor's Motion for Reconsideration of Order Denying Motion to Remove Sarah Dean and Emergency Motion to Remove Sarah Dean, and Request for Evidentiary Hearing* (the "Dean Motion") and *Motion for Reconsideration of Court Order Permitting Former Employee Robert Boles to Volunteer/Work and Access Records, Manage the Record, Computer Systems and Any Work on the Record; Request for Evidentiary Hearing; and Request for Emergency Protective Restrictions* (the "Boles Motion"). Neither the Dean Motion or the Boles Motion identifies no intervening change in controlling law, presents no newly discovered evidence, and establishes no clear error or manifest injustice. Instead, Travis repeats arguments the Court has already considered or advances matters that were available before entry of judgment. Rule 59(e) of the

F*ederal Rules of Civil Procedure* does not permit a disappointed litigant to relitigate resolved issues or belatedly supplement its prior presentation. The Motion should be denied.

Furthermore, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, the Trustee's respectfully requests that this Court consider either the appropriate sanctions and/or alternatively enter an order pursuant to this Court's inherent and statutory authority to provide sufficient measures to limit further motions filed by Travis.

## FACTS

1. The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27, 2025.

2. The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

3. On April 2, 2025, the Court entered an order directing the U.S. Trustee to appoint a health care ombudsman pursuant to 11 U.S. C. §333.

4. On December 17, 2025, the Debtor filed an application to employ a CRO on an expedited basis.

5. After it was clear that a CRO was not working, the U.S. Trustee filed a Motion for entry on order directing the appointment of a Chapter 11 Trustee and on February 19, 2026, the Court appointed the Trustee.

6. In taking over the day-to-day operations, the Trustee deemed it necessary to replace the existing clinical director and in order to stabilize the treatment of patient to hire a clinical director with a more of supervisory background. As a result, the Trustee contracted with Dr. Sarah Dean to provide those services.

7. Dr. Sarah Dean ("Dr. Dean") is well qualified for the position of clinical director, as evidenced by her Curriculum Vitae, herein referenced and incorporated as Exhibit A, and had familiarity with the Debtor's business operations by having been previously contracted by the Debtor.

8. Dr. Dean has agreed to waive any claim for payment from the Debtor for the previously work that Dr. Dean had performed for the Debtor.

9. The Trustee also allowed Robert Boles ("Mr. Boles") to provide information technology services as an unpaid volunteer and as evidenced by his resume, herein referenced and incorporated as Exhibit B, is qualified to provide these necessary services. In addition, Mr. Boles worked for the Debtor. Mr. Boles does not have any claim against the Debtor.

10. The Trustee, a part of his duties, oversees the operation of the Debtor, has regular meetings with both Dr. Dean and Mr. Boles, and is also available remotely as the need arises.

11. On June 30th, 2026, Travis filed her *Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job Description, Title and Pay Filed by Sharon Travis and Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis* (the "Removal Motions"). [Docket No(s). 315,316].

12. On July 10th, 2026, the Trustee filed his *Combined Response to Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis* and *Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job Description, Title and Pay Filed by Sharon Travis* ("Removal Motions Response").[Docket No. 340].

13. On July 29th, 2026, this Court held an in-person, evidentiary hearing on the Removal Motions and Removal Motions Response ("Evidentiary Hearing").

14. After hearing the representations of Travis and the Trustee, the Court denied Travis' Removal Motions.

15. On August 4th, 2026, the Court entered *Order Denying Relief Regarding Sarah Dean* [Docket No. 369] and *Order Denying Relief Regarding Robert Boles*. [Docket No. 370].

16. In reaching its decision, the Court found that under 11 U.S.C. § 327(a) or Bankruptcy Rule 2014(a), that neither Dr. Dean, nor Mr. Boles were considered professionals under the bankruptcy code and that Trustee's decision to employ Dr. Dean and Mr. Boles "…were a proper exercise of his business judgment." *Order Denying Relief Regarding Sarah Dean* (August 4th, 2026) ¶ 9[Docket No. 369], *Order Denying Relief Regarding Robert Boles* ¶ 10 (August 4th, 2026) [Docket No. 370].

17. Furthermore, the Court found in the matter related to Dr. Dean that

> Ms. Travis has failed to present any evidence, both in her pleadings or at the July 29, 2026 hearing, of irreparable harm to the Debtor or herself warranting emergency relief. Specifically, Ms. Travis' allegations that Dr. Dean has acted outside the scope of her employment as Clinical Director are meritless. The Court has no basis to believe that Dr. Dean is holding herself out as a licensed psychologist, performing or billing for psychological testing, or otherwise engaging in duties legally restricted to licensed psychologists in her role as Clinical Director. To the contrary, the Trustee and Ombudsman have represented to the Court that Dr. Dean is not employed as a psychologist and has acted within the scope of her employment as Clinical Director.

*Order Denying Relief Regarding Sarah Dean* ¶ 13 (August 4th, 2026) [Docket No. 369]

18. Travis now seeks reconsideration based on the same allegations that she raised in her original Removal Motions. However, the Dean Motion and Boles Motion offer no new evidence, any evidence that could not have been discovered after entry of judgment, and do not

explain why any information or argument on which either the Dean Motion or the Boles Motion rely could not have been presented earlier. Nor does the Dean Motion or the Boles Motion identify any intervening change in controlling law or manifest error in the Court's decision on these matters. Therefore, the relief requested by Travis should be denied.

ARGUMENT

I. Rule 59 Standard

Rule 59(e) allows a party to move to alter or amend a judgment. Its purpose is to give a court an opportunity to correct its own mistakes immediately following a decision, and courts generally use it only to reconsider matters properly encompassed within the merits decision. *Banister v. Davis*, 590 U.S. 504 (2020). Relief under Rule 59(e) is limited and is reserved for narrow purposes, including "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (1998). The remedy is extraordinary and should be used sparingly. *O'Fallon v. Encore Receivable Mgmt*., 831 F. Supp. 2D 957, 967 (2011) (see also *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007)).

A Rule 59(e) motion may not be used to relitigate matters already decided, raise arguments that could have been made before judgment, or present evidence that was previously available. *Banister*, 590 U.S. 504. Mere disagreement with the Court's decision does not establish clear error. *O'Fallon*, 831 F. Supp. 2d 957.

In the case before this Court, the Court found that the Bankruptcy Code requires court approval only when a trustee seeks to employ "attorneys, accountants, appraisers, auctioneers, or other professional persons" to assist in carrying out statutory duties. 11 U.S.C. § 327, *David v. King*, 109 F.4th 653 ( 4th Cir. 2024). Specifically, § 327 dictates that the trustee may employ such

professionals only "with the court's approval." *Id*. However, this application and approval requirement does not extend to ordinary, non-professional employees who assist exclusively with the ongoing, day-to-day operations of the business. *In re Sieling Assoc. Ltd. Partnership*, 128 B.R. 721 (Bankr. E.D. Va. 1991). Neither Dr. Dean or Mr. Boles are providing any role that involves the reorganization or restructuring of the Debtor. Dr. Dean and Mr. Boles duties are not central to the administration of the bankruptcy estate, like negotiating a reorganization plan, dealing with creditors of the estate, or liquidating assets. Dr. Dean and Mr. Boles are providing serviced related to ongoing business of the Debtor in providing either addiction recovery services, or technological and administrative support for the facility. The Court concluded that Travis' allegations had no merit as it relates to the services that Dr. Dean and Mr. Boles provide to the facility.

Furthermore, this Court found that the remaining allegations raised in the Removal Motions were also of no merit and that Travis failed to offer any evidence to support her claims. The Court held that its jurisdiction is limited to issues affecting the bankruptcy estate and with that in mind, the Court found that the Trustee's business judgment as to the day-to-day operations of the Debtor should be given deference.

Travis is essentially requesting this Court to reconsider issues that were raised at the prior Evidentiary Hearing, but offers not additional evidence worthy of reconsideration of this Court. This Court clearly found that Ms. Travis has presented no such evidence that Dr. Dean has acted improperly in her role as Clinical Director. *Order Denying Relief Regarding Sarah Dean* (August 4th, 2026) [Docket No. 369]. However, as evidenced in the Declaration of Sarah Dean, herein referenced in and incorporated as <u>Exhibit C</u>, Dr. Dean does not provide any of the services that Travis laments in her Motion. Instead, and all too telling, is Travis' own statement, stating that "...Movant [Travis] filed a formal ethics Complaint against Sarah Dean…" Travis Mot.

Reconsideration Dean, p. 17 (August 8th, 2026). Travis is fueled by personal animosity and not for the welfare of the Debtor. Travis could not offer any evidence to this Court that Dr. Dean is providing any services beyond what was described by the Trustee, even though she had every opportunity to do so.

Furthermore, Travis fails to appreciate that volunteerism occurs at the Debtor's facility every day and that volunteers provide a necessary connection with the community, is normal, appropriate and is financially beneficial to the Debtor and the Debtor's operations. Travis only speculates as to the extent of the voluntary services that Mr. Boles provides, and again, did not offer evidence of any malfeasance in the role that Mr. Boles provides to the Debtor. Travis cannot meet her burden to be granted relief under Rule 59(e) of the *Federal Rules of Civil Procedure*. There is no intervening change in controlling law, there is no previously unavailable new evidence, there is no error of law, or any manifest injustice. Instead, the Dean Motion and Boles Motion manifest only Travis' disagreement with the Court's decision. For these reasons, this Court should deny the relief requested by Travis.

II. Rule 11 Sanction and/or Protective Measures

Courts possess both statutory authority under the Federal Rules of Civil Procedure and the inherent power to protect their jurisdictions by acting against pro se litigants who file frivolous, abusive, or repetitive motions and pleadings *Werner v. Utah*, 32 F.3d 1446, 1446 (10th Cir. 1994), *Cauthon v. Rogers*, 116 F.3d 1334, 1335 (10th Cir. 1997), *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Because a pro se status offers no license to clog judicial dockets or harass opposing parties, courts have implemented a range of sanctions against these litigants, including monetary penalties, pre-filing screening requirements, and tailored injunctions *Werner*, 32 F.3d 1446, *Farguson*, 808 F.2d 358, *Bigsby v. Runyon*, 950 F. Supp. 761, 768 (ND Miss. 1996).

Courts frequently impose monetary penalties on pro se litigants under Federal Rule of Civil Procedure 11, which requires all unrepresented parties to sign filings certifying that they are not presented for an improper purpose and are legally and factually investigated. In *Farguson*, the Fifth Circuit upheld a Five Hundred Dollar ($ 500.00) Rule 11 monetary sanctions against a pro se plaintiff for each party brought before the court after the plaintiff persisted in refiling an embellished complaint arising from previously dismissed, "frivolous and irrational" claims. *Farguson*, 808 F.2d 358, 360. The 9th Circuit Court of Appeals affirmed in *Orndoff v. United States, IRS*, a Three Thousand Dollars ($3,000.00) Rule 11 sanction against pro se litigants. The court noted that the "Orndoffs submitted a rambling 21-page brief containing not a single comprehensible argument" and as such their claims to be entirely frivolous even when construed liberally. *Orndoff v. United States, IRS*, 1994 U.S. App. LEXIS 14865, *7 (9th Cir. 1994).

Courts also have the ability to tailor injunctive relief and pre-filing restrictions when appropriate. To preserve limited judicial resources from repetitive and abusive motions, courts exercise their inherent power under 28 U.S.C. § 1651 to restrict a pro se litigant's future Courts possess both statutory authority under the *Federal Rules of Civil Procedure* and the inherent power to protect their jurisdictions by acting against pro se litigants who file frivolous, abusive, or repetitive motions and pleadings. Because a pro se status offers no license to clog judicial dockets or harass opposing parties, courts have implemented a range of sanctions against these litigants, including monetary penalties, pre-filing screening requirements, and tailored injunctions. *Werner*, 32 F.3d 1446, *Farguson*, 808 F.2d 358, *Bigsby v. Runyon*, 950 F. Supp. 761. In *Farguson*, the court upheld an injunction ordering the pro se litigant to refrain from filing any further actions against the specific named defendants based on the same claims unless they first obtained leave of court. Farguson, 808 F.2d 360. In the case of *Martin-Trigona*, the Court required the movant to

"…obtain leave of that court to file the action." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984). In *Werne*r, the court among other requirements ordered that

> [The Petitioner] file with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of petitioner's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

*Werne*r, 32 F.3d 1449. These measures were considered ""necessary or appropriate" in aid of jurisdiction." *Id* at 1448.

This Court has inherent authority pursuant to 11 U.S.C. 105, which allows the Court to

> …issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 USCS § 105. Furthermore, In *Link v. Wabash Railroad Co.*, the Supreme Court established that a court's inherent authority to manage its affairs is directed toward achieving the "orderly and expeditious disposition of cases. " *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). (See also *United States v. Oliver*, 878 F.3d 120 (4th Cir. 2017)). In *Degen v. United States*, the United States Supreme Court found that federal courts have inherent authority to protect their proceedings and judgments while discharging their traditional responsibilities. *Degen v. United States*, 517 U.S. 820 (1996).

In the case before this Court, Travis has filed at least nine (8) motions, of which, she has requested removal of contracted individuals, volunteers, the healthcare ombudsman and the Trustee. [Docket No(s). 273, 315, 316, 336, 344, 377, 379, and 385]. The motions further request

reconsideration of issues that have already been decided by the Court. However, the motions themselves lack an evidential basis for the relief requested in the motions and instead focus attention away from the purposes stated in both this Court's prior order and the Debtor's obligations as an ongoing concern and Chapter 11 debtor. Travis should not be permitted to use this Court's time and cause the Debtor to expend resources that should be focused on its responsibilities and duties under the bankruptcy code. For this reason, the Trustee respectfully requests that this Court use its extraordinary powers to address the frivolous motions that have been filed by Travis.

RELIEF REQUESTED

**WHEREFORE**, the Trustee respectfully requests this Court to (1) deny the relief requested in the Motion; (2) sanction Travis pursuant to Rule 11 of the Federal Rules of Civil Procedure, or (3) alternatively establish injunctive relief and pre-filing restrictions on Travis when appropriate, and (4) grant whatever additional relief this Court would deem appropriate.

**ROBERT L. JOHNS, TRUSTEE**
By Counsel:

/s/ Brian R. Blickenstaff

BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
**101 Brook Hill Drive**
Charleston, WV 25311
Phone No. (304) 720-2300
Fax No. (304) 720-2311
E-mail bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**
**d/b/a SERENITY HILLS LIFE CENTER,**

**Bankruptcy Case No. 25-00087**
**Chapter 11**

Debtor.

**CERTIFICATE OF SERVICE**

I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***COMBINED RESPONSE TO CREDITOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REMOVE SARAH DEAN AND EMERGENCY MOTION TO REMOVE SARAH DEAN, AND REQUEST FOR EVIDENTIARY HEARING AND MOTION FOR RECONSIDERATION OF COURT ORDER PERMITTING FORMER EMPLOYEE ROBERT BOLES TO VOLUNTEER/WORK AND ACCESS RECORDS, MANAGE THE RECORD, COMPUTER SYSTEMS AND ANY WORK ON THE RECORD; REQUEST FOR EVIDENTIARY HEARING; AND REQUEST FOR EMERGENCY PROTECTIVE RESTRICTIONS; AND TRUSTEE'S MOTION FOR RULE 11 SANCTIONS, AND/OR PROTECTIVE MEASURES TO REGARDING FRIVOLOUS MOTIONS FILED BY SHARON MARIE TRAVIS,***" "***EXHIBIT A-C,***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid or by electronic mail where indicated, on this 9th day of September, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV 25307
(*Via Electronic Mail*)

**KIRK B. BURKLEY, ESQ.**
WH Burkley, LLP
601 Grant Street, 9th Floor
Pittsburg, PA 15219
(*Via Electronic Mail*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003

Given this day by my hand,
/s/ Brian R. Blickenstaff