**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV

SEP 15 2026

Time: 3:30 am/pm

In re: Heart 2 Heart Volunteers Inc.
Debtor.
Case No. 5:25-bk-00087
Chapter 11
Sharon Travis Creditor/ Pro Se

# CREDITOR SHARON MARIE TRAVIS'S OBJECTION AND MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR RULE 9011 SANCTIONS

The Objector, Sharon Marie Travis, appearing *pro se* in her explicit capacity as a **Creditor and Party in Interest** under 11 U.S.C. § 1109(b), respectfully files this Objection and Memorandum of Law in Opposition to the Trustee's Motion for Rule 11 Sanctions and/or Protective Measures (Doc. No. 397), filed on September 09, 2026. Then docketed again (Docket No. 398) on September 20th 2026

The Trustee's motion is a procedurally fatal, bad-faith attempt to utilize judicial penalties to silence a corporate whistleblower and founder who holds a direct financial stake in this estate. Because the record irrefutably establishes that the Trustee flagrantly violated the mandatory procedural prerequisites of Federal Rule of Bankruptcy Procedure 9011, this Court lacks the statutory authority to grant the requested relief. In support thereof, the Creditor states as follows:

## I. AS A RECOGNIZED CREDITOR, OBJECTOR HAS EXPANSIVE STANDING TO CHALLENGE MISMANAGEMENT

As a preliminary threshold matter, the Objector possesses direct standing as a

creditor under **11 U.S.C. § 1109(b)**. The United States Supreme Court recently reaffirmed the expansive nature of creditor standing in ***Truck Insurance Exchange v. Kaiser Gypsum Co.*, 602 U.S. 685 (2024)**, holding that bankruptcy standing must be interpreted broadly to protect any stakeholder whose financial recovery is directly or adversely threatened by operational mismanagement, hidden liabilities, or risks that diminish the pool of estate assets. The Creditor's underlying motions were brought strictly to protect the estate's financial integrity from ongoing regulatory fraud and catastrophic civil liability.

## II. THE CLERK'S NOTICE CONSTITUTES IRREFUTABLE PROOF THAT THE TRUSTEE VIOLATED THE MANDATORY 21-DAY SAFE HARBOR RULE

As documented by the Clerk's Notice of Electronic Filing issued on September 10, 2026, the Trustee formally filed his Motion for Sanctions directly onto the court docket as **Document No. 397 on September 9, 2026, Document No. 398 on September 10, 2026 and Document No. 399 notice on September 10, 2026** This public docket entry represents an immediate, non-curable violation of federal procedure. Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) explicitly mandates that a motion for sanctions **"shall not be filed with or presented to the court unless, within 21 days after service of the motion... the challenged paper... is not withdrawn or appropriately corrected."** This 21-day "safe harbor" period is a strict, mandatory prerequisite. A moving party must serve the

motion privately upon the opposing party and wait a full three weeks *before* presenting it to the clerk of court. By filing Document No. 398 directly onto the electronic docket simultaneously with his response, the Trustee provided the unrepresented Creditor with **zero days** of a safe harbor window. In the Fourth Circuit, strict compliance with the safe harbor provision is an absolute condition precedent. In the Fourth Circuit, strict compliance with the safe harbor provision is an absolute condition precedent. As the Fourth Circuit *in banc* held in *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 393 (4th Cir. 2004), the safe-harbor provision creates a mandatory condition precedent, and when a movant fails to comply, the court "lacks authority to impose the requested sanctions." A bankruptcy court lacks the equitable or statutory authority to retroactively waive or overlook a lawyer's failure to provide the 21-day notice. Because the Trustee completely failed to comply with the safe harbor rule, the motion must be dismissed as a matter of law.

## III. THE TRUSTEE VIOLATED THE SEPARATE MOTION REQUIREMENT

Rule 9011(c)(1)(A) further commands that a motion for sanctions **"shall be made separately from other motions or requests."** The Trustee flagrantly ignored this structural rule by burying his request for Rule 11 sanctions, monetary penalties, and pre-filing injunctions directly inside a combined response addressing the merits of the Creditor's motions for reconsideration. Federal courts routinely deny

sanctions request out of hand when they are improperly appended to ordinary response briefs, as the Trustee has done here.

## IV. TRUTH IS AN ABSOLUTE DEFENSE: THE CREDITOR'S FILINGS POSSESS AN IRONCLAD BASIS IN FACT AND LAW

The Trustee's allegation that the Creditor has filed "frivolous, abusive, and unverified" motions is flatly contradicted by the court's own electronic docket. Under Rule 9011, a filing is legally *not* frivolous if it possesses an objectively reasonable basis in fact. The Creditor's filings are grounded entirely in **verified, authenticated, and docketed physical evidence**:

1. **Document No. 316 (Pages 8-24):** Contains direct, official correspondence from the West Virginia Board of Examiners of Psychologists explicitly confirming that Sarah Dean is completely unlicensed to practice psychology in the State of West Virginia.

2. **Document No. 338:** Contains the individual's resume, formally filed onto the public record by Trustee's own counsel, which explicitly holds her out under the restricted title of "Psychologist" and claims she conducts "Psychological testing."

3. **West Virginia Code § 30-21-2:** Explicitly makes it a misdemeanor crime to hold oneself out as a psychologist or use restricted psychological titles in connection with employment without an active state license.

4. **Document No. 315 (Pages 13-51) & Exhibits K and L:** Formally places

into the record the supervisors' testimony and commercial insurance audits documenting a **$519,750.00 regulatory claw back** directly resulting from the operational failures and unauthorized data handling of former employee Robert Boles.

Bringing a documented, ongoing state-law criminal violation and a severe $519,750 asset liability to the attention of a bankruptcy court is an absolute statutory right of a creditor. It cannot legally be twisted into "harassment" or "Abuse of process" simply because the facts expose deep mismanagement by the Trustee.

## V. REVERSING THE ILLUSION OF AN "EVIDENTIARY HEARING" FOR THE APPELLATE RECORD

To paint the Creditor as a repetitive filer, the Trustee claims that an "Evidentiary Hearing" was previously conducted on these matters. This is an explicit mischaracterization of the record- especially given the transparently retaliatory timing of the trustee's sanction motion, which was filed right on the heels of the creditors motion for regarding the removal of the trustee for cause.

An evidentiary hearing requires witnesses to be placed under oath and subject to cross-examination under the Federal Rules of Evidence. No such proceeding occurred. Instead, the Court accepted the unsworn, verbal proffers of debtor's counsel and a hearsay paper declaration to settle deeply disputed historical facts.

Under binding Fourth Circuit law. Under Federal Rule of Bankruptcy Procedure 9014(d), bankruptcy courts are required to take oral testimony when material factual disputes exist in contested matters. Attorney arguments and unsworn proffers are devoid of evidentiary weight, as established in federal jurisprudence (*INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *United States v. Alerre*, 430 F.3d 681, 689 n.1 (4th Cir. 2005); *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys., Inc.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007)). Ignoring docketed physical state records in favor of unsworn attorney statements, the court committed a severe abuse of discretion and denied the Creditor her constitutional right to procedural due process under the Fifth Amendment.

## VI. CONCLUSION AND PRAYER BEFORE RELIEF

The Creditor files this response explicitly to lock these procedural and substantive defects into the record for appellate review. Should this Court ignore the mandatory provisions of Rule 9011 and grant sanctions, it will do so under a **de novo** standard of review on appeal. The Fourth Circuit Court of Appeals owes zero deference to a lower court order that waives mandatory safe harbor timelines or treats a lawyer's unsworn verbal text as factual evidence.

## RELIEF REQUESTED

WHEREFORE, the Creditor respectfully requests that this Court:

1. **DISMISS** the Trustee's Motion for Rule 11 Sanctions and Protective

Measures (Doc. No. 398) with prejudice due to fatal procedural non-compliance with Rule 9011(c)(1)(A);

2. **DENY** all requests for monetary penalties, pre-filing restrictions, or screening injunctions against the *pro se* Creditor; and

3. Grant such other and further relief as this Court deems just and proper.

Dated: September 11, 2026
Respectfully submitted

**CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**In re: Heart 2 Heart Volunteers, Inc.,**
***Debtor.***
**Case No. 5:25-bk-00087**
**Chapter 11**

**I, Ms. Travis, hereby certify under penalty of perjury that on this 15th day of September, 2026, I served a true and correct copy of the foregoing *Objection to the motion* via the Court's Electronic Case Filing (ECF/CM) system and/or by depositing the same in the United States Mail, first-class postage prepaid, addressed to the following parties of record:**
**Chapter 11 Trustee:**
**Robert Johns**
**Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Chapter 11 Trustee:**
**BRIAN R. BLICKENSTAFF [WVSB No. 9449] Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Debtor:**
**KIRK B. BURKLEY, ESQ. Bernstein-Burkley, P.C. 707 Grant Street Suite 2200 Gulf Tower Pittsburgh**

**Office of the United States Trustee:**
**GARY O. KINDER, ESQ. Assistant U.S. Trustee 300 Virginia Street East, Room 2025 Charleston, WV 25307**

**Respectfully Submitted,**
**Sharon Marie Travis**
**930 Main Street**
**Wheeling, West Virginia**
**304 – 281-0474**