**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

| | |
|---|---|
| **HEART 2 HEART VOLUNTEERS INC.,** **d/b/a SERENITY HILLS LIFE CENTER,** | **Bankruptcy Case No. 25-00087** Chapter 11 |

Debtor.

**COMBINED OBJECTION AND MEMORANDUM IN OPPOSITION TO MOTION TO REMOVE CHAPTER 11 TRUSTEE FOR CAUSE**

Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), objects to the Sharon Marie Travis' ("Travis") Motion to Remove Chapter 11 Trustee for Cause ("Motion to Remove") filed by Travis former CEO, on August 31st, 2026. This Court should deny the relief requested by Travis. A Chapter 11 trustee can only be removed from a case by a court order "for cause" after notice and a hearing. Because "cause" is not statutory, courts evaluate the totality of the circumstances on a case-by-case basis, requiring the moving party to prove substantial grounds—such as a breach of fiduciary duty, conflict of interest, or gross incompetence—under either a preponderance of the evidence or clear and convincing evidence standard.

In the case before this Court, Travis' allegations, are merely allegations, and Travis has not provided any evidence to suggest that the Trustee has breached his fiduciary duty, has a conflict of interest and/or has acted with gross incompetence. Travis spurious allegations are not evidence of the any reason to remove the Trustee for "cause." Travis cannot meet the required evidentiary standard under either preponderance of the evidence or the clear and convincing standard that may be used by this Court. For these reasons, Travis' Motion to Remove should be denied. In support thereof, the Trustee respectfully represents the following facts and argument.

**FACTS**

1. The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27, 2025.

2. The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

3. On April 2, 2025, the Court entered an order directing the U.S. Trustee to appoint a health care ombudsman pursuant to 11 U.S. C. §333.

4. On December 17, 2025, the Debtor filed an application to employ a CRO on an expedited basis.

5. After it was clear that a CRO was not working, the U.S. Trustee filed a Motion for entry on order directing the appointment of a Chapter 11 Trustee.

6. In taking over the day-to-day operations, the Trustee deemed it necessary in his business judgment to make necessary staff changes, including replacing the existing clinical director with a more supervisory background and in order to stabilize the treatment of patients.

7. On March 20th, 2026, the Trustee, after being made aware of certain issues with Travis' role as Chief Executive Office ("CEO") placed Travis on administrative leave.

8. On May 1st, 2026, after a special committee reviewed the issues with Travis' role as CEO and made recommendations to the Trustee; the Trustee removed her from her role as CEO.

9. On June 30th, 2026, Travis filed her *Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job*

*Description, Title and Pay Filed by Sharon Travis and Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis* (the "Removal Motions"). [Docket No(s). 315,316].

10. On July 10th, 2026, the Trustee filed his *Combined Response to Motion To Remove Robert Boles for Conflict of Interest With a Creditor; Motion to Object as a Creditor to the Hiring of Robert Boles; Motion for Expedited Hearing Filed by Sharon Travis and Motion to Remove Sara Dean For Conflict of Interest; Motion to Object as a Creditor to her Hiring; Motion To Request Job Description, Title and Pay Filed by Sharon Travis* ("Removal Motions Response").[Docket No. 340].

11. On July 29th, 2026, this Court held an in-person, evidentiary hearing on the Removal Motions and Removal Motions Response ("Evidentiary Hearing").

12. After hearing the representations of Travis and the Trustee, the Court denied Travis' Removal Motions.

13. On August 4th, 2026, the Court entered *Order Denying Relief Regarding Sarah Dean* [Docket No. 369] and *Order Denying Relief Regarding Robert Boles*. [Docket No. 370].

14. On August 14th, 2026, Travis filed her *Motion for Reconsideration of Order Denying Motion to Remove Sarah Dean and Emergency Motion to Remove Sarah Dean, and Request for Evidentiary Hearing* and on August 17th, 2026, Travis' *Motion for Reconsideration of Court Order Permitting Former Employee Robert Boles to Volunteer/Work and Access Records, Manage the Record, Computer Systems and Any*

*Work on the Record; Request for Evidentiary Hearing; and Request for Emergency Protective Restrictions* (the "Reconsideration Motions"). [Docket No. 377, 379]

15. On September 9th, 2026, the Trustee filed his *Combined Response to Motion for Reconsideration of Order Denying Motion to Remove Sarah Dean and Emergency Motion to Remove Sarah Dean, and Request for Evidentiary Hearing and Motion for Reconsideration of Court Order Permitting Former Employee Robert Boles to Volunteer/Work and Access Records, Manage the Record, Computer Systems and Any Work on the Record; Request for Evidentiary Hearing; and Request for Emergency Protective Restrictions* ("Reconsideration Motions Response"). [Docket No. 397].

16. On September 10th, 2026, this Court denied the Reconsideration Motions. [Docket No. 400].

## ARGUMENT

As this Court is aware, the United States Bankruptcy Code provide for an appointment of a Chapter 11 Trustee

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104 (2025). The appointment of Trustee is to protect both the debtor and the debtor's creditors interest in the case. Once a trustee is appointed, the standard to remove

a trustee, including a Chapter 11 trustee, is "for cause." 11 U.S.C. § 324 (2025). Specifically, § 324 provides that the court, "…after notice and a hearing, may remove a trustee (other than the United States trustee) or an examiner for cause." *Id.* The United States Bankruptcy Code does not define "cause," leaving courts to determine its meaning on a case-by-case, totality-of-the-circumstances approach. *Morgan v. Goldman (In re Morgan)*, 375 B.R. 838 (B.A.P. 8th Cir. (2007); *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139 (B.A.P. 9th Cir. (2006); *Mobile Diagnostech, Inv. v. Cohen (In re Equimed, Inc.)*, 267 B.R. 530 (D. Md. 2001) (See also *Thomas v. Grigsby*, 556 B.R. 714 (Bankr. D. Md. 2016). Because the removal of an appointed trustee is considered an "extreme remedy," a party seeking removal must make a strong showing, as removing a trustee can be highly deleterious to the continuity of administering the estate *Morgan*, 375 B.R. 838. *In re Gutierrez*, 633 B.R. 768 (Bankr. S. D. Tex. 2021), *In re Belmonte*, 524 B.R. 17 (Bankr. E.D.N.Y. 2015).

"Cause" for removal is established by demonstrating reasons that "relate to and affect the administration of the office" and are "of a substantial nature directly affecting the rights and interests of the public." *Mobile Diagnostech, Inv.*, 267 B.R. 533. Courts have recognized grounds for finding cause including:

> A. Incompetence or Unwillingness: Situations where the trustee is incompetent or unwilling to perform their statutory duties. *Morgan*, 375 B.R. 838, *In re Waller*, 331 B.R. 489 (Bankr. M. D. Ga. 2005).
>
> B. Breach of Fiduciary Duty: Violating the fiduciary duty owed to the bankruptcy estate. *Morgan*, 375 B.R. 838, *In re Waller*, 331 B.R. 489, *Smith v. Robbins (In re Ifs Fin. Corp.)*, 803 F.3d 195 (5th Cir. 2015).
>
> C. Conflicts of Interest: A lack of disinterestedness or holding an interest adverse to the estate, such as failing to disclose connections with creditors. *Morgan*, 375 B.R. 838, *In re Waller*, 331 B.R. 489.

D. Misconduct: Guilt of personal misconduct, misconduct in office, giving false testimony, or attempting to avoid rules and procedures regarding the payment of funds. *Morgan*, 375 B.R. 838*, In re Waller*, 331 B.R. 489, *Smith*, 803 F.3d 195.

E. Material Failure or Delay: Any material failure or delay in performing the trustee's statutory duties, which are set forth in 11 U.S.C. § 1106 for a Chapter 11 case.

In contrast, mistakes in discretionary judgment that are reasonable under the circumstances do not warrant removal. *Morgan*, 375 B.R. 838, *Smith*, 803 F.3d 195. When evaluating removal, courts must also consider the best interests of the bankruptcy estate. *Morgan*, 375 B.R. 838, *Smith*, 803 F.3d 195. “Cause to remove a trustee must be something of a substantial nature directly affecting the rights and interests of the public. . . . Moreover, when making a removal decision, a court must consider the best interest of the estate, not merely that of a single complaining movant." *In re Ford*, 2025 Bankr. LEXIS 2463, *11-12 (2025) (see also *In re United Tax Grp., LLC*, 622 B.R. 148, 157 (Bankr. D. Del. 2020), citing *In re Baker*, 38 B.R. 705, 707 (D. Md. 1983)).

The burden is on the moving party to prove specific facts, rather than relying on conclusory allegations or unsupported inferences, to demonstrate sufficient cause. *In re Belmonte*, 524 B.R. 17, *In re Waller*, 331 B.R. 489. The Bankruptcy Code is silent regarding the standard of proof required to remove a trustee and courts have applied differing standards. *In re Gutierrez*, 633 B.R. 768. In *Gutierrez*, the Court applied the preponderance of the evidence standard. This standard is sometimes presumed in civil actions where the Code is silent, provided particularly important individual rights are not at stake. *Id.* Other courts have held that given that removal is an extreme remedy, some courts employ the clear and convincing evidence standard. *In re Gutierrez*, 633 B.R. 768. In the Fourth Circuit, the Western District of North Carolina bankruptcy court held that

"[f]or recusal, "[t]he standard of review is clear and convincing evidence." *In re Ford*, 2025 Bankr. LEXIS 2463, *11 (quoting *In re JMW Auto Sales*, 494 B.R. 877, 890 (Bankr. S.D. Tex. 2013). For instance, a trustee's willful breach of fiduciary duty by intentionally charging the estate for personal expenses was found to justify removal under the clear and convincing evidence standard. *Smith*, 803 F.3d 195.

Secondary authorities also observe that some jurisdictions require a showing of fraud and actual injury to the debtor's interests before a trustee will be removed, whereas other courts have removed trustees based on the appearance of impropriety, potential conflicts of interest, or gross negligence alone. *Morgan*, 375 B.R. 838, *In re Belmonte*, 524 B.R. 17, *Smith*, 803 F.3d 195. An order removing a trustee carries broad consequences.

In the case before this Court, Travis has put forward multiple allegations against the Trustee, including: a rehash of allegations that have been disposed of prior to this Motion to Remove, failing to test and file reports associated with the waste water treatment system located at the facility with the West Virginia Department of Environmental Protection ("WVDEP"), failing to provide monthly operating reports, failing to remove Travis from certain bank accounts, and retaliation against Travis. The Trustee will address each of these allegations in turn.

A. Prior Resolved Allegations

First, this Court has already determined issues related to the employment of Robert Boles ("Boles") and Dr. Sarah Dean ("Dr. Dean"). The Court has held that neither Dr. Dean, nor Mr. Boles were considered professionals under the bankruptcy code and that Trustee's decision to employ Dr. Dean and Mr. Boles "…were a proper exercise of his business judgment." *Order Denying Relief Regarding Sarah Dean* (August 4th, 2026) ¶

9[Docket No. 369], *Order Denying Relief Regarding Robert Boles* ¶ 10 (August 4th, 2026) [Docket No. 370]. Furthermore, the Court found in the matter related to Dr. Dean that

> Ms. Travis has failed to present any evidence, both in her pleadings or at the July 29, 2026 hearing, of irreparable harm to the Debtor or herself warranting emergency relief. Specifically, Ms. Travis' allegations that Dr. Dean has acted outside the scope of her employment as Clinical Director are meritless. The Court has no basis to believe that Dr. Dean is holding herself out as a licensed psychologist, performing or billing for psychological testing, or otherwise engaging in duties legally restricted to licensed psychologists in her role as Clinical Director. To the contrary, the Trustee and Ombudsman have represented to the Court that Dr. Dean is not employed as a psychologist and has acted within the scope of her employment as Clinical Director.

*Order Denying Relief Regarding Sarah Dean* ¶ 13 (August 4th, 2026) [Docket No. 369]. The Courts' ruling in these matters provide a clear basis for finding that Travis' allegations as they relate to the Trustee's decision regarding business personnel should be given no merit.

Second, matters relating to Travis' personal property have been resolved by this Court when it entered its Order that provided for the retrieval of Travis' personal property items. [Docket No. 306]. Additionally, the Debtor purchased the freezers mentioned in Travis' Motion to Remove from Travis with her consent. Therefore, issues related to Travis' personal property are not relevant to the Motion to Remove filed with this Court.

B. WVDEP Reports

Travis further alleges that the Trustee has failed to test and file the necessary reports regarding the waste water treatment system located at the facility with the WVDEP. Currently, the Debtor is operating the waste treatment system under a temporary permit. Travis, the former CEO; failed to renew the WVDEP permit in October 2025 and as a result a temporary permit was issued for the Debtor. The Debtor has employed Quality

Environmental Services, Inc. to perform the required sample testing of the waste water treatment system, the samples are then sent to Industrial Lab Analysis, Inc., for preparation of the necessary report, and then the required reports are submitted to WVDEP. The alleged missing reports were filed in a timely manner, but Quality Environmental Services, Inc. incorrectly labeled the reports under the name Serenity Hills Life Center and not under Heart 2 Heart Volunteers, Inc. This oversight has since been corrected. The WVDEP has received all required reports associated with the waste water treatment system on site. The Trustee has replaced two (2) pumps, four (4) floats, and a complete sand removal and replacement of one (1) of the treatment repository since the Trustee has taken over operations. There are currently no regulatory issues or violations associated with the Debtor's waste water treatment system. Travis has failed to provide any evidence that the Debtor has suffered any fines, penalties, and or damages with the operation of the waste water treatment system. For these reasons, the Court should find no merit in these allegations.

C. Monthly Operating Reports

Travis alleges that the Trustee has failed to provide timely information as the financial status of the Debtor. The Trustee has endeavored to file monthly operating reports with sufficient detail with this Court and make those reports available to all interested parties. Travis claims that interested parties are in "total financial darkness," that the reports lack "transparency," or some conspiracy regarding the filing of these reports are unwarranted. *Travis Mtn to Remove* ¶ 3-5 (August 31st, 2026), Travis seems to conveniently forget that as the former CEO of the Debtor, Travis caused the Debtor to file for Chapter 11 bankruptcy protection. Courts generally recognize that managing a

struggling business carries inherent operational challenges. *In re Farrington Mfg. Co.*, 540 F.2d 653 (4th Cir. 1975)(superseded by statute on other grounds), *United States use of Julien P. Benjamin Equipment Co. v. Sapp*, 641 F.2d 182 (4th Cir. 1981). Generally, a Chapter 11 Trustee's business judgment is given deference by the courts. Courts within the Fourth Circuit recognize that the primary distinction of a Chapter 11 proceeding is the expanded possibility for a trustee to use independent judgment and good management to direct the ongoing operations of the estate to optimize recovery for both creditors and the estate. *In re Sydnor*, 431 B.R. 584 (Bankr. D. Md. 2010). In exercising the authority to continue the debtor's business, a trustee is "…vested with considerable discretion." *Sapp*, 641 F.2d 185. As this Court is aware, the previous management of the Debtor was not proceeding with a viable path to reorganization. Upon the Court review of the case and the United States Trustee's recommendations, this Court deemed it appropriate to appoint a Trustee to further administer the case. *Or. Appointing Chapter 11 Trustee* (February 19th, 2026) [Docket No. 219]. The Trustee has put in place mechanisms to insure the timely filing of monthly operating reports. Travis has not provided any evidence that the delay in filing of the Debtor's monthly operating reports have caused her any damages, adversely affected interested parties, and/or inhibited the Debtor from pursing reorganization.

D. Business Accounts

Travis' allegations regarding the business checking account, administrative incompetence, and personal liability exposure are also without merit. Travis refers to a "card,' which in fact is a debit card tied to a business account and her use of that account as an authorized user prior to her disassociation with the Debtor. Banking institutions routinely require an individual to be named as an authorized user on the account to be able

to use a business debit card for business purposes. However, an authorized user is not legally liable for the business account. Travis opines that she remained on the account for seventy-six (76) days, in nearly three (3) weeks after her termination. It is reasonable to assume that it would take time for the Trustee to transition the business accounts and name new individuals as authorized users, especially when working with third (3rd) party entities. Regardless, Travis has not provided any evidence of alleged damages that she suffered as result of her being named as an authorized user on the Debtor's business account for the period in question. Travis's allegations have no merit.

E. Retaliation Allegations

The Trustee is unaware of any whistleblowing that was reported to the Trustee while Travis was an employee of the Debtor. Instead, On March 20th, 2026, the Trustee, after being made aware of certain issues with Travis' role as CEO placed Travis on administrative leave. On May 1st, 2026, after a special committee reviewed the issues with Travis' role as CEO and made recommendations to the Trustee; the Trustee removed Travis from her role as CEO. The Trustee encourages all employees of the Debtor to report illegal, unethical, or dangerous issues to their appropriate supervisor, as well as, any legal and administrative entity that provides oversight in those areas. Travis' allegations of retaliation are without merit and Travis has not provided any evidence to support her claims.

## **CONCLUSION**

This Court should deny the relief requested by Travis. A Chapter 11 trustee can only be removed from a case by a court order "for cause" after notice and a hearing. Because "cause" is not statutory, courts evaluate the totality of the circumstances on a case-

by-case basis, requiring the moving party to prove substantial grounds—such as a breach of fiduciary duty, conflict of interest, or gross incompetence—under either a preponderance of the evidence or clear and convincing evidence standard. Removing an appointed trustee is considered an "extreme remedy." A party seeking removal must make a strong showing and has the significant burden of proving that a trustee has demonstrably failed in his/her duties as the Trustee. This evidentiary burden goes beyond any mistakes in discretionary judgment that are reasonable under the circumstances. The decision of the court goes beyond the interests of any one, interested party.

In the case before this Court, Travis' allegations, are merely allegations, and Travis has not provided any evidence to suggest that the Trustee has breached his fiduciary duty, has a conflict of interest and/or has acted with gross incompetence. Travis spurious allegations are not evidence of the any reason to remove the Trustee for "cause." Travis cannot meet the required evidentiary standard under either preponderance of the evidence or the clear and convincing standard that may be used by this Court. The record before this Court shows a Trustee who has taken affirmative steps "to right the ship," protect creditors interests, and move the Debtor forward. For these reasons, Travis' Motion to Remove should be denied.

**WHEREFORE**, the Trustee respectfully requests this Court to deny Travis's *Motion to Remove Chapter 11 Trustee for Cause* and grant the Trustee such other relief as the Court deems reasonable and necessary.

**ROBERT L. JOHNS, TRUSTEE**
By Counsel:

____/s/ Brian R. Blickenstaff________________
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
101 Brook Hill Drive
Charleston, WV 25311
Phone No: (304) 720-2300 / Fax No: (304) 720-2311
E-mail bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**
**d/b/a SERENITY HILLS LIFE CENTER,**

**Bankruptcy Case No. 25-00087**
Chapter 11

Debtor.

**CERTIFICATE OF SERVICE**

I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***COMBINED OBJECTION AND MEMORANDUM IN OPPOSITION TO MOTION TO REMOVE CHAPTER 11 TRUSTEE FOR CAUSE***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid, by electronic mail, or by utilizing the Court's CM/ECF Pacer System where indicated, on this 24th day of September, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV 25307
(*Via Electronic Filing*)

**KIRK B. BURKLEY, ESQ.**
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
(*Via Electronic Filing*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003
(*Via Electronic Mail*)

Given this day by my hand,

____/s/ Brian R. Blickenstaff__