**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

| | |
|---|---|
| **HEART 2 HEART VOLUNTEERS INC., d/b/a SERENITY HILLS LIFE CENTER,** | **Bankruptcy Case No. 25-00087 Chapter 11** |

Debtor.

**RESPONSE AND PARTIAL OBJECTION TO MOTION FOR EXTENSION OF TIME TO FILE PROOF OF CLAIM OUT OF TIME ACCORDING TO FEDERAL RULE OF PROCEDURE 9006(B)(1) AND MOTION FOR THE COURT TO HAVE THE TRUSTEE TO ALLOW THE COMMUNICATION BETWEEN THE FORMER ACCOUNTANT, TO SUPPLY DOCUMENTATION OF ALL LOANS PAID BACK TO SHARON TRAVIS FROM THE DEBTOR, AND ALL CHECKS MADE TO HEART 2 HEART VOLUNTEERS INC AND TRANSFER SENT BY SHARON TRAVIS TO ALL HEART 2 HEART CHECKING ACCOUNTS AND TO SUPPLY LEGIBLE RECEIPTS FOR THE MISSING DOCUMENTATION PROVIDED FILED BY SHARON TRAVIS**

This day appeared Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), by undersigned counsel; in response to Sharon Marie Travis' ("Travis") *Motion for Extension of Time to File Proof of Claim Out of Time According to Federal Rule of Procedure 9006(b)(1) and Motion for the Court to have the Trustee to Allow the Communication Between the Former Accountant, to Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Checks Made to Heart 2 Heart Volunteers Inc and Transfer Sent by Sharon Travis to All Heart 2 Heart Checking Accounts and to Supply Legible Receipts for the Missing Documentation Provided Filed by Sharon Travis* (the "Motion"). [Docket No. 386]. The Trustee does not object to the extension of time requested by Travis to file her proof of claim, however; the Trustee objects to remaining requests for relief. In support thereof, the Trustee respectfully represents the following facts and argument.

1. The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27th, 2025.

2. The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

3. On April 2nd, 2025, the Court entered an order directing the U.S. Trustee to appoint a health care ombudsman pursuant to 11 U.S. C. §333.

4. On December 17th, 2025, the Debtor filed an application to employ a CRO on an expedited basis.

5. After it was clear that a CRO was not working, the U.S. Trustee filed a Motion for entry on order directing the appointment of a Chapter 11 Trustee.

6. In taking over the day-to-day operations, the Trustee deemed it necessary in his business judgment to make necessary staff changes, including replacing the existing clinical director with a more supervisory background and in order to stabilize the treatment of patients.

7. On March 20th, 2026, the Trustee, after being made aware of certain issues with Travis' role as Chief Executive Office ("CEO") placed Travis on administrative leave.

8. On May 1st, 2026, after a special committee reviewed the issues with Travis' role as CEO and made recommendations to the Trustee; the Trustee removed her from her role as CEO.

9. On June 30th, 2026, the Trustee and his Counsel agreed that Travis could come to the Debtor's facility and review relevant financial documents.

10. On July 6th, 2026, Trustee's counsel while in route to the Debtor's business location received an e-mail from Travis stating she was ill and could not keep the appointment to review the receipt records.

11. On July 9th, 2026, the Trustee caused that copies of all expenses related to personal reimbursement to be made on behalf of Travis, consistent with what was to have occurred between Travis and Trustee's Counsel at the proposed July 6th, 2026 meeting (the "Copies").

12. Additionally, the Trustee also provided documents that appeared to be unrelated to the operation of the Debtor, but appeared to belong to Travis (the "Unrelated Documents").

13. On that same day, the Trustee had the Copies and Unrelated Documents mentioned above sent by Federal Express, overnight; to Travis at her address that is of record with this Court.

14. Upon information and belief, any additional financial documents related to Travis' claim for expense reimbursement are available to Travis through her own financial statements and credit card information.

15. Furthermore, much of the information requested by Travis is the period in which Travis was acting as President of the Debtor and before the Trustee was appointed as Chapter 11 Trustee.

16. Since the appointment of the Trustee, the Trustee continues to file monthly operating reports for the benefit of all creditors and interested parties.

17. On September 1st, 2026, Travis filed her Motion.

18. The Trustee does not object to a reasonable extension of time for Travis to file her proof of claim.

19. Upon information and belief, some of financial claims that Travis has alleged against the Debtor may actually be property of the bankruptcy estate of Sharon Marie Travis, Bankruptcy Case No. 25-20051, and the Trustee appointed to that case would be true party in interest as it relates to Travis' pre-petition claims.

A. <u>Objection to Allow the Communication Between the Former Accountant</u>

20. Upon information and belief, the Trustee believes that the financial information requested by Travis has been provided to her.

21. Furthermore, it assumed that Travis has access to her own financial records to develop her proof of claim.

22. Additionally, as previously stated, the Trustee has supplied copies of all expenses related to Travis' personal reimbursement for her review.

23. The Trustee believes that in would disruptive to the business operations of the Debtor and inappropriate for Travis to have contact with the Debtor's accountant or to have unfettered access to the Debtor's financial records, some of which may contain private patient records.

24. However, if this Court would deem the request for a financial investigation appropriate, the Trustee would be willing to cooperate with an independent, experienced, third-party investigator who is a licensed certified public accountant, specializing in forensic accounting; at the cost and expense of Travis.

B. Objection to Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Checks Made to Heart 2 Heart Volunteers Inc and Transfer Sent by Sharon Travis to All Heart 2 Heart Checking Accounts and to Supply Legible Receipts for the Missing Documentation Provided Filed by Sharon Travis

25. As previously stated, upon information and belief, the Trustee believes that the financial information requested by Travis has been provided to her.

26. Furthermore, the Trustee has supplied copies of all expenses related to Travis' personal reimbursement for her review.

27. Travis' request is in a sense a discovery request and as such Travis should be obligated to first confer with the Trustee as to the documents that are of issue in an attempt to resolve the issues before requesting relief from this Court.

28. However, if this Court would deem this request for Copies appropriate, the Trustee would be willing to deliver the originals to an independent, experienced, third-party copying service to have the documents either copied or digitized; at the cost and expense of Travis.

29. Such an arrangement would minimize the daily operations of the Debtor, address the issues raised by Travis, and place the costs to the requesting party.

**WHEREFORE**, the Trustee respectfully requests this Court to (1) deny Travis' *Motion for the Court to have the Trustee to Allow the Communication Between the Former Accountant*; (2) deny Travis' *Motion to Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Checks Made to Heart 2 Heart Volunteers Inc and Transfer Sent by Sharon Travis to All Heart 2 Heart Checking Accounts and to Supply Legible Receipts for the Missing Documentation Provided*, and (3) grant whatever additional relief this Court would deem appropriate.

**ROBERT L. JOHNS, TRUSTEE**
By Counsel:


____/s/ Brian R. Blickenstaff________________
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
101 Brook Hill Drive
Charleston, WV 25311
Phone No. (304) 720-2300
Fax No. (304) 720-2311
E-mail bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**
**d/b/a SERENITY HILLS LIFE CENTER,**

**Bankruptcy Case No. 25-00087**
**Chapter 11**

Debtor.

**CERTIFICATE OF SERVICE**

I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***RESPONSE AND PARTIAL OBJECTION TO MOTION FOR EXTENSION OF TIME TO FILE PROOF OF CLAIM OUT OF TIME ACCORDING TO FEDERAL RULE OF PROCEDURE 9006(B)(1) AND MOTION FOR THE COURT TO HAVE THE TRUSTEE TO ALLOW THE COMMUNICATION BETWEEN THE FORMER ACCOUNTANT, TO SUPPLY DOCUMENTATION OF ALL LOANS PAID BACK TO SHARON TRAVIS FROM THE DEBTOR, AND ALL CHECKS MADE TO HEART 2 HEART VOLUNTEERS INC AND TRANSFER SENT BY SHARON TRAVIS TO ALL HEART 2 HEART CHECKING ACCOUNTS AND TO SUPPLY LEGIBLE RECEIPTS FOR THE MISSING DOCUMENTATION PROVIDED FILED BY SHARON TRAVIS,***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid, by electronic mail, or by utilizing the Court's CM/ECF Pacer System where indicated, on this 24th day of September, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV 25307
(*Via Electronic Mail*)

**KIRK B. BURKLEY, ESQ.**
WH Burkley, LLP
601 Grant Street, 9th Floor
Pittsburg, PA 15219
(*Via Electronic Mail*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003
(*Via Electronic Mail*)

Given this day by my hand,
____/s/ Brian R. Blickenstaff__