**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA FOR APPEAL TO THE DISTRICT COURT**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV
SEP 29 2026
Time: 3:35 am/pm

**IN RE: Heart 2 Heart Volunteers Inc.**
**Case No. 5:25-BK-00087**
**Chapter: 11**

**APPELLANT'S DESIGNATION OF RECORD ON APPEAL**

**PLEASE TAKE NOTICE that the Appellant Sharon" Marie" Travis, designates the following document from the Bankruptcy Court's docket to constitute the record on appeal:**

| Docket No. | Date Filed | Document Description |
|---|---|---|
| 1 | 2/27/2025 | Chapter 11 Voluntary Petition |
| 13 | 3/3/2025 | Proposed order approving counsel by Kirk Burkley |
| 53 | 3/12/2025 | Motion to Wave Ombudsman |
| 68 | 3/13/2025 | Response to Motion to Wave Ombudsman |
| 74 | 3/18/2025 | Hearing on Motion to Wave Ombudsman |
| 111 | 4/4/2025 | Appointment of Patient Care Ombudsman |
| 157 | 11/10/2025 | Objection by patient care Ombudsman to extension |
| 248 | 5/1/2026 | Motion to submit contradictory Evidence and Motion to strike/Robert Boles |
| 258 | 5/4/2026 | Motion to strike testimony/Sara Dean Redacted |
| 315 | 6/30/2026 | Motion to remove Robert Boles |
| 316 | 6/30/2026 | Motion to Remove Sara Dean |
| 317 | 7/2/2026 | Order and Notice of Hearing |
| 331 | 7/8/2026 | Motion to continue Hearing |
| 336 | 7/9/2026 | Emergency Objection |
| 338 | 7/10/2026 | Combined Response to Motion to Remove RB & SD |
| 340 | 7/13/2026 | Consolidated Reply to Motion to Remove SD&RB |

| | | |
|---|---|---|
| **344** | **7/16/2026** | **Temporary Restraining order unlicensed Practice of Psychology** |
| **347** | **7/17/2026** | **Notice of hearing** |
| **358** | **7/24/2026** | **Response from Ombudsman to the preliminary Injunction** |
| **359** | **7/24/2026** | **Objection to the motion** |
| **361** | **7/24/2026** | **List of Witness from the Trustee** |
| **363** | **7/28/2026** | **List of Witness from Sharon Travis** |
| **365** | **7/30/2026** | **Hearing on 7/29/2026 (will get transcribed)** |
| **369** | **8/4/2026** | **Order Denying Relief/Sarah Dean** |
| **370** | **8/4/2026** | **Order Denying Relief/ Robert Boles** |
| **377** | **8/14/2026** | **Motion to Reconsider to Remove Sarah Dean** |
| **379** | **8/17/2026** | **Motion to Reconsider to remove Robert Boles** |
| **397** | **9/9/2026** | **Combined Response to Creditors Motion to Reconsider** |
| **400** | **9/10/2026** | **Order Denying motion to Reconsider** |

Sharon Travis
9-29-2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS, INC.,**

Debtor.

)
)
)
)
)

**CASE NO. 5:25-bk-00087**

Chapter 11

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV

SEP 29 2026

Time: 3:35 am/pm

**APPELLANT SHARON MARIE TRAVIS'S CONSOLIDATED STATEMENT OF ISSUES ON APPEAL**

NOW COMES Appellant, Sharon Marie Travis, pursuant to **Federal Rule of Bankruptcy Procedure 8009(a)(1)**, and submits this Consolidated Statement of Issues to be presented on appeal to the United States District Court for the Northern District of West Virginia, challenging the Bankruptcy Court's initial Orders Denying Relief regarding **Sarah Dean** and **Robert Boles** and its subsequent joint denial of Appellant's Motions for Reconsideration:

**ISSUE I. [Standard of Review: De Novo]:** Whether the Bankruptcy Court committed a manifest error of fact and law by finding there was no basis to believe **Sarah Dean** is holding herself out as a licensed psychologist, and abused its discretion under **28 U.S.C. § 959(b)** by shielding the Trustee's public filing of her resume on the electronic database which explicitly utilized the restricted

professional title of "Psychologist" to perform "psychological testing and interpretation" in direct violation of the criminal misdemeanor provisions **of West Virginia Code § 30-21-3(a).** Not taking in consideration the harm the harm this could cause the residents.

**ISSUE II. [Standard of Review: Abuse of Discretion]:** Whether the Bankruptcy Court erred as a matter of law and abused its discretion under **11 U.S.C. § 1107(a)** by concluding that the Trustee exercised sound fiduciary business judgment in rehiring **Sarah Dean** as Clinical Director—improperly minimizing her pre-existing regulatory conflicts as a mere personal matter—despite a prior record establishing that she was previously terminated from the exact same healthcare facility for cause involving gross insubordination and that her prior systemic failures to complete oversee the clinical documentation directly manufactured an active half-million-dollar insurance claw back liability against the debtor estate.

**ISSUE III. [Standard of Review: De Novo]:** Whether the Bankruptcy Court committed a manifest error of law and exceeded its equitable authority under **11 U.S.C. § 105(a)** by ruling that a former employee, **Robert Boles**, returning to perform core data management and administrative work under a Trustee's mandate, is an ordinary unpaid volunteer exempt from standard classification, in direct violation of statutory federal labor standards under the **Fair Labor Standards Act**

holding that an individual cannot waive their status as a worker to perform core operational labor without compensation.

**ISSUE IV. [Standard of Review: Abuse of Discretion]:** Whether the Bankruptcy Court abused its discretion and abdicated its inherent judicial duty to prevent the spoliation of evidence by granting **Robert Boles** unfettered network access to sensitive files and control over the chain of custody under **Federal Rule of Evidence 901** for financial records, despite record evidence that he had a history of corporate file destruction, had caused a multi-hundred-thousand-dollar regulatory claw back liability as a compliance officer, lacked required state fingerprint background checks, and triggered total exclusions under the facility's public risk insurance coverage.

**ISSUE V [Standard of Review: De Novo]:** Whether the Bankruptcy Court structurally violated Appellant's Fifth Amendment constitutional due process rights and **Federal Rule of Bankruptcy Procedure 9014(d)** by rubber-stamping the Trustee's assertion that the proceeding constituted an evidentiary hearing, when by operation of law no such hearing occurred because the court actively blocked Appellant from introducing physical exhibits, presenting supporting proofs, or cross-examining **Sarah Dean** who was physically present in the courtroom and **Robert Boles** who failed to appear, thereby resolving disputed material conflicts of interest with zero live testing under oath.

**ISSUE VI [Standard of Review: De Novo]:** Whether the Bankruptcy Court committed a manifest error of law and a structural abuse of discretion under **Federal Rule of Civil Procedure 59(e)** and **Federal Rule of Bankruptcy Procedure 9023** by utilizing an improper post-hoc rationalization to deny Reconsideration based upon a newly submitted, unsworn declaration from **Sarah Dean**, which was not filed until the Trustee's opposition to the reconsideration, thereby attempting to retroactively cure a completely blank evidentiary record at the time of the original denial while structurally denying Appellant any opportunity for cross-examination.

**ISSUE VII [Standard of Review: De Novo]:** Whether the Bankruptcy Court committed a manifest error of law by accepting unsworn arguments of the Trustee's counsel as established fact, and abused its discretion by permitting the Trustee to utilize a volunteer designation as a pretextual shield to avoid judicial scrutiny and completely escape cross-examination regarding **Robert Boles's** worker status, where the underlying record established that **Robert Boles** had actively approached the Appellant to assist with executing a court order, completing core operational tasks under a trustee mandate that legally constitute an employer-worker relationship.

Dated: September 26, 2026

Respectfully submitted,

By: ______________________

**Sharon Marie Travis, Pro Se/Creditor**

930 Main Street Apt 303

Wheeling WV, 26003

304-281-0474

**CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**In re: Heart 2 Heart Volunteers, Inc.,**
***Debtor.***
**Case No. 5:25-bk-00087**
**Chapter 11**

**I, Ms. Travis, hereby certify under penalty of perjury that on this 29th day of September, 2026, I served a true and correct copy of the foregoing *Notice of Motion,* United States Mail, first-class postage prepaid, addressed to the following parties of record:**

**Chapter 11 Trustee:**
**Robert Johns**
**Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Chapter 11 Trustee:**
**BRIAN R. BLICKENSTAFF [WVSB No. 9449] Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Debtor:**
**KIRK B. BURKLEY, ESQ. Bernstein-Burkley, P.C. 707 Grant Street Suite 2200 Gulf Tower Pittsburgh**

**Office of the United States Trustee:**
**GARY O. KINDER, ESQ. Assistant U.S. Trustee 300 Virginia Street East, Room 2025 Charleston, WV 25307**
**Dated: August 13, 2026 - Respectfully Submitted- Sharon Marie Travis**

Sharon "Marie" Travis