CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV



OCT 01 2026

Time: 3:50 am/pm

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re: Heart 2 Heart Volunteers, Inc.,
*Debtor.*
Case No. 5:25-bk-00087
Chapter 11

Creditor/ Pro se

# CREDITOR SHARON MARIE TRAVIS'S REPLY TO THE UNITED STATES TRUSTEE'S RESPONSE OPPOSING THE MOTION TO REINSTATE THE BOARD OF DIRECTORS

Sharon Marie Travis, a party-in-interest and Creditor in the above-captioned proceeding, hereby submits this Reply to the Response of the United States Trustee ("UST") [Doc. 414].

The UST's response attempts to reduce critical, documented corporate whistleblowing and systemic regulatory issues into mere "personal grievances." Rather than addressing the severe, ongoing evidentiary and financial crises affecting this estate, the UST seeks a summary denial based on a false procedural narrative. As a Creditor of this estate, Ms. Travis has an absolute right to expose fraud, protect estate assets, and demand a remedy for a manifest miscarriage of justice. Ms. Travis replies to the UST's assertions as follows:

1. **The Corporate Debtor is Already Represented by Counsel of Record under Local Rule 1074-1**

The UST's primary argument for denial rests on the claim that Ms. Travis "does

not identify any attorney that would be representing the debtor in possession" under Local Rule 1074-1. This is a deliberate mischaracterization of bankruptcy law designed to create a non-existent barrier.

The Debtor corporation **already has retained, court-approved bankruptcy counsel of record**. In a Chapter 11 case, bankruptcy counsel represents the *Debtor-in-Possession (the estate)* as a legal entity—not specific individual managers or temporary factions. Reinstating the Board of Directors does not require the retention of new counsel or violate Local Rule 1074-1; it merely restores the lawful corporate authorities who are authorized to direct the **existing, docketed counsel of record**. Upon restoration, the estate's current counsel remains under an ongoing legal obligation to continue representing Heart 2 Heart Volunteers, Inc. The UST's claim that the remedy is "impossible" is legally incorrect.

## 2. Ms. Travis Has Absolute Standing to Argue This Motion *Pro Se* as a Creditor

The UST's objection attempts to strip Ms. Travis of her fundamental statutory rights. Ms. Travis is **not appearing on behalf of the corporation pro se**; rather, she is appearing **pro se in her own individual capacity as a Creditor and Party-in-Interest** to remedy a manifest miscarriage of justice that is destroying the financial value of the estate.

Bankruptcy law explicitly permits individual creditors to petition the court to

protect estate assets from ongoing fraud and mismanagement. If Ms. Travis prevails on this motion, corporate governance is restored, and the **already-retained corporate counsel of record** will seamlessly continue to execute the legal operations of the Debtor under the Board's direction. The UST cannot use local corporate appearance rules to blind this Court to perjury or to strip an individual creditor of their right to due process.

**3. The Extent of Pleadings Reflects Persistent Whistleblowing, not "Personal Grievances"**

The UST highlights the extensive list of prior pleadings filed by Ms. Travis (including Docket #'s 248, 257, 258, 261, 263, 271, 273, 285, 287, 315, 333, 334, 336, 344, 377, 379, and 385) as if frequency equates to a lack of merit.

To the contrary, this chronological record is the direct result of the UST's complete failure to investigate systemic fraud. These filings represent legitimate corporate whistleblowing. Each docket entry marks an instance where the UST ignored ironclad evidence of fraud, including:

The UST's dismissal of motions to protect the creditors, estate and the integrity of the bankruptcy rules demonstrate a profound abdication of the Trustee's statutory duty to protect the integrity of the bankruptcy estate.

**4. Turning the Burden Back onto the United States Trustee**

The UST's position is inherently contradictory. The UST claims to protect the

estate, yet fiercely defends a management paradigm built on a baseline of that started with two witness that have proven uncredible. The UST explicitly states in Doc. 414 that he "reserves the right to raise additional issues... if counsel is retained."

This admission proves the UST is completely unable or unwilling to dispute the underlying facts of the fraud, the video evidence, or the Board of Psychology documentation. Unable to defend the integrity of his witnesses, the UST hides behind a deliberate misreading of Local Rule 1074-1 to prevent the truth from being spoken in open court.

## CONCLUSION AND REQUEST FOR RELIEF

A procedural rule regarding corporate representation cannot be twisted to block an inquiry into perjury and financial sabotage, especially when counsel of record is already active on the docket. Sharon Marie Travis respectfully requests that this Court

1. Deny the UST's request for a summary dismissal and recognize that Ms. Travis has independent standing as a Creditor to bring and argue this motion *pro se.*
2. Schedule an **evidentiary hearing** pursuant to Bankruptcy Rule 9014, ordering the UST and the Patient Care Ombudsman to answer for the timeline inconsistencies and the documented credential fraud of their primary witnesses.
3. Vacate the prior management transition orders and **reinstate the Board of Directors to full power** to direct the operations and existing counsel of the estate.

Dated: September 30, 2026

Respectfully submitted,

10/1/2026

**Sharon Marie Travis**, *Pro Se*
Creditor and Party-in-Interest
930 Main Street Apt 303
#04-281-0474

# CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**In re: Heart 2 Heart Volunteers, Inc.,**
***Debtor.***
**Case No. 5:25-bk-00087**
**Chapter 11**

**I, Ms. Travis, hereby certify under penalty of perjury that on this 29th day of September, 2026, I served a true and correct copy of the foregoing *Notice of Motion,* United States Mail, first-class postage prepaid, addressed to the following parties of record:**

**Chapter 11 Trustee:**
**Robert Johns**
**Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Chapter 11 Trustee:**
**BRIAN R. BLICKENSTAFF [WVSB No. 9449] Johns & Associates, PLLC 101 Brook Hill Drive Charleston, WV 25311**

**Counsel for the Debtor:**
**KIRK B. BURKLEY, ESQ. Bernstein-Burkley, P.C. 707 Grant Street Suite 2200 Gulf Tower Pittsburgh**

**Office of the United States Trustee:**
**GARY O. KINDER, ESQ. Assistant U.S. Trustee 300 Virginia Street East, Room 2025 Charleston, WV 25307**
**Dated: August 13, 2026 - Respectfully Submitted- Sharon Marie Travis**

Sharon Marie Travis