**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**IN RE: HEART TO HEART VOLUNTEERS INC.,**

Debtor,

**SHARON TRAVIS,**

Appellant,

v.

**BK. NO. 5:25-BK-87**
**CIV. ACT. NO. 5:26-CV-114**
Judge Bailey

**DEBORAH FISH - OMBUDSMAN,**

Appellee,

v.

**UNITED STATES TRUSTEE,**

Appellee/Intervenor.

## ORDER

Pending before this Court is appellant's Emergency Motion for Extension of Time to File Appellant's Reply Brief [Doc. 25], filed October 7, 2026. On October 7, 2026, this Court granted appellant's Motion insofar as it requested an extension of time in which to file her Reply Brief. [Doc. 26]. In the same Order granting the extension, this Court directed the United States Trustee to file a Response to the other issues raised in the

Emergency Motion. [Id.]. On October 8, 2026, the Trustee filed a Response to appellant's Emergency Motion [Doc. 27] and simultaneously filed a Motion to Supplement Appeal Record [Doc. 28].

In the Emergency Motion, appellant Travis accuses the Trustee of "knowingly misrepresent[ing] the record in bad faith." [Doc. 25 at 1]. Specifically, Ms. Travis asserts that the Trustee included three (3) documents in his Appendix from the Bankruptcy Court Docket that were not designated by either party. [Id. at 2].

In his Response, the Trustee acknowledges that these three (3) documents—Bankr. Doc. Nos. 195, 205, and 261—were indeed included in his Brief's Appendix but had not been designated by either party. [Doc. 27 at 1–2]. The Trustee also states that, in his Response Brief, he cited three (3) other documents from the Bankruptcy Docket—Bankr. Doc. Nos. 117, 200, and 271—that were not designated by the parties. [Id.].

In light of the above, the Trustee simultaneously moves to supplement the Record with the six (6) aforementioned documents. [Doc. 28].

The Trustee expressly denies Ms. Travis's allegations that he engaged in bad faith or that he was attempting to deceive this Court. [Doc. 27 at 3]. The Trustee then explains that the six omitted documents were part of the Bankruptcy Court record, are proper for designation on appeal, and while they were "cited primarily as factual background to provide context to other record documents discussed in the briefs," they were not "critical to the U.S. Trustee's argument that the bankruptcy court did not abuse its discretion in denying Ms. Travis's motion to remove or replace the patient care ombudsman." [Id.]. The Trustee then provides a brief description of the contents of the six (6) documents at issue. [Id. at 3–5].

Finally, the Trustee states that while "Ms. Travis further notes that she is unable to access on [the District] Court's docket the U.S. Trustee's designation that was filed in the bankruptcy court at bankruptcy court docket number 328," "the designation is available from the bankruptcy court's docket, and it appears she was able to access that docket to confirm that three inadvertently omitted items were not designated by the parties." [Id. at 5–6].

Upon review of the Trustee's Response, this Court is satisfied that the six (6) documents were inadvertently omitted and there was no malicious intent on the part of the Trustee. This Court also finds that the inclusion of these documents as part of the record at this juncture will not prejudice the appellant. Accordingly, to the extent that Ms. Travis's Emergency Motion [**Doc. 25**] seeks any relief beyond an extension of time in which to file her Reply, it is **DENIED**.

Additionally, the Trustee's Motion to Supplement the Record [**Doc. 28**] is **GRANTED**. The Bankruptcy Clerk is **DIRECTED** to transmit [**N.D. W.Va. Bankr. 5:25-BK-87, Doc. Nos. 117, 195, 200, 205, 261, and 271**] to the District Clerk for inclusion as a supplement to the Designated Record for this appeal.

If appellant requires additional time to prepare her Reply brief other than what was already granted [Doc. 26], she is free to move this Court to request additional time.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record, to the Bankruptcy Clerk, and to mail a copy to the *pro se* appellant.

**DATED:** October 9, 2026.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**