David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| HEART 2 HEART VOLUNTEERS, INC., | ) | CASE NO. 5:25-bk-00087 |
| | ) | |
| Debtor. | ) | Chapter 11 |

**ORDER**

On May 6, 2026, Sharon Marie Travis filed *a Motion to Compel The Production Of Property And Or A Motion Under Rule 2004 Examination; also, A Motion To Compel Turnover of Property And Or A Motion For Relief From The Automatic Stay To Retrieve Personal Property* (Doc. No. 263) ("Motion to Compel Turnover of Property"). On July 28, 2026, Ms. Travis filed proof of claim #17-1. Also on July 8, 2026, Ms. Travis filed a *Motion to Request For Sharon Marie Travis To Have More Time To Get the Monies Not Listed In The Official Form 410 Proof of Claim Filed Today For 2020 Through 2026 And Lack Of Notice Of Date To File Amount and Motion To Add My Witness List and To Exhibits Due To Being In The Hospital And Under A Doctor's Care Prior To Being Admitted To The Hospital* (Doc. No. 364) ("Motion for Extension of Time to file Proof of Claim").

On July 29, 2026, the Court held a hearing on the Motion for Extension of Time to File Proof of Claim, Motion to Compel Turnover of Property, responses thereto, in addition to other matters. On July 30, 2026, the Court entered an Order (Doc. No. 366) granting the Motion and allowed Ms. Travis to amend her proof of claim on or before August 28, 2026. On August 4, 2026, the Court entered an Order (Doc. No. 368) resolving and denying as moot Ms. Travis' Motion to Compel Turnover of Property and deferred consideration of the Trustee's *Motion For Requiring Sharon Marie Travis To Pay Storage Fees and Excess Wages* (Doc. No. 279), filed May 27, 2026, Ms. Travis' *Motion To Require the Debtor To Pay Rental Fees For The Use Of Her Equipment For Daily Operations In The Facility, The Sober House, And The Farmhouse And Damage To The Property, and Motion To Pay Deferred Wages From February 27, 2025 To May 1, 2026; also, The*

*Repayment Of All Expenditures Spent On Serenity Hills Life Center And All Heart 2 Heart Programs From February 27, 2025 to February 27, 2026* (Doc. No. 287), filed June 3, 2026, and Ms. Travis' *Also Include The Rental Fees For The Use Of My Property For That I Proposed For The July 16 Hearing* (Doc. No. 336), filed June 9, 2026, pending the Court's consideration of the merits of Ms. Travis' proof of claim. The Court found that the Trustee had complied with the Court's June 16, 2026 Order (Doc. No. 306), with regard to the turnover of Ms. Travis' personal property and providing copies of receipts and records from 2020-2025 pertaining to items that Ms. Travis purchased for Heart 2 Heart Volunteers, Inc. ("Heart 2 Heart") and/or any deferred wages. The Court further ordered that to the extent, the Trustee discovers additional personal property or personal records pertaining to Ms. Travis, the Trustee shall promptly produce such property or records to Ms. Travis.

On August 11, 2026, Ms. Travis filed a *Motion for Extension of Time to File Retractions/Amended Claim* and an amended proof of claim #17-2 with proposed redacted attachments (Doc. No. 375). On August 12, 2026, the Court entered an Order granting Ms. Travis' *Motion for Extension of Time to File Retractions/Amended Claim* (Doc. No. 376) and made her proof of claim with properly redacted attachments available for public view as proof of claim #17-3. The Court ordered that Ms. Travis was to comply with the Court's Order (Doc. No. 366), issued July 30, 2026, requiring her to file any amended proof of claim on or before August 28, 2026.

On August 31, 2026, Ms. Travis filed a *Motion for Extension of Time to File Proof of Claim Out of Time According to federal Rule of Procedure 9006(b)(1) and Motion for the Court to Have The Trustee to Allow the Communication Between the Former Accountant, To Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Check Made to Heart 2 Heart Volunteers Inc. and Transfer Sent by Sharon Travis To All Heart 2 Heart Checking Accounts and To Supply Legible Receipts for the Missing Documentation Provided* (Doc. No. 384). On September 16, 2026, Ms. Travis filed *Notice of Filing Supporting Documentation Please Take Notice For Motion On Docket No. 384* (Doc. No. 408). On September 24, 2026, Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), filed a Response and Partial Objection To *Motion for Extension of Time to File Proof of Claim Out of Time According to federal Rule of Procedure 9006(b)(1) and Motion for the Court to Have The Trustee to Allow the Communication Between the Former Accountant, To Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Check Made to Heart 2 Heart*

*Volunteers Inc. and Transfer Sent by Sharon Travis To All Heart 2 Heart Checking Accounts and To Supply Legible Receipts for the Missing Documentation Provided Filed by Sharon Travis* (Doc. No. 413). On October 9, 2026, Ms. Travis filed *Creditor Sharon Marie Travis's Reply to Chapter 11 Trustee's Response and Partial Objection to Motion for Extension of Time and Document Production* (Doc. No. 430).

In her pending Motion, Ms. Travis requested additional time to amend her proof of claim to obtain and submit receipts supporting her claimed expenses against Heart 2 Heart. Based on the Court's review, Ms. Travis' seeks reimbursement for expenses incurred between February 14, 2022, to December 30, 2025. The expenses incurred between February 14, 2022, to May 12, 2025, predate Ms. Travis' Chapter 7 bankruptcy filing on May 12, 2025. Ms. Travis' Chapter 7 case was reopened on September 11, 2026, and Aaron Amore was appointed as Chapter 7 Trustee on October 9, 2026. As set forth in the Court's Order entered in Ms. Travis Chapter 7 case granting the UST's Amended Motion to Reopen (Doc. No. 42), the basis for reopening the case was Ms. Travis' proof of claim for $283,788.58, of which $250,000, based on supporting documentation, occurred prior to 2025, and would be a potential asset of the Chapter 7 estate. Accordingly, any amendment to Ms. Travis' proof of claim concerning expenses incurred before May 12, 2025, is subject to standing by the Chapter 7 Trustee.

For these reasons, and at this stage, the Court will limit any amendment to Ms. Travis' proof of claim to expenses incurred on or after May 12, 2025. The Court will set a hearing to determine the deadline for Ms. Travis to amend her proof of claim for expenses incurred during that period and to address what additional documentation is required to support the amendment. The Court finds that the record is sufficiently developed for the Court to proceed to a hearing. Accordingly, the pleadings are deemed closed, and no further pleadings, motions, responses, replies, supplements, or other filings requesting additional relief will be considered at the hearing unless specifically approved by the Court. Therefore, the Court does hereby

**ORDER** that the following matters are scheduled for hearing on **<u>November 17, 2026, at 10:00 a.m.</u>** in the L. Edward Friend II Bankruptcy Courtroom, 1125 Chapline Street, Wheeling, West Virginia:

> **384** *Motion for Extension of Time to File Proof of Claim Out of Time According to federal Rule of Procedure 9006(b)(1) and Motion for the Court to Have The Trustee to Allow the Communication Between the Former Accountant, To Supply*

*Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Check Made to Heart 2 Heart Volunteers Inc. and Transfer Sent by Sharon Travis To All Heart 2 Heart Checking Accounts and To Supply Legible Receipts for the Missing Documentation Provided* filed by Sharon Travis;

**408** *Notice of Filing Supporting Documentation Please Take Notice For Motion On Docket No. 384* filed by Sharon Travis;

**413** *Motion for Extension of Time to File Proof of Claim Out of Time According to federal Rule of Procedure 9006(b)(1) and Motion for the Court to Have The Trustee to Allow the Communication Between the Former Accountant, To Supply Documentation of All Loans Paid Back to Sharon Travis from the Debtor, and All Check Made to Heart 2 Heart Volunteers Inc. and Transfer Sent by Sharon Travis To All Heart 2 Heart Checking Accounts and To Supply Legible Receipts for the Missing Documentation Provided Filed by Sharon Travis* filed by Brian Richard Blickenstaff on behalf of Robert L. Johns, Chapter 11 Trustee;

**430** *Creditor Sharon Marie Travis's Reply to Chapter 11 Trustee's Response and Partial Objection to Motion for Extension of Time and Document Production* filed by Sharon Travis.

It is further

**ORDERED** that, on or before November 5, 2026, any party intending to present testimony or other evidence at the hearing shall file with the Clerk a list of witness and exhibits they intend to use during the hearing.

It is **FURTHER ORDERED** that, at the final hearing, the parties shall present the court with two copies of each exhibit that is offered, in addition to copies for opposing counsel and the witness.

It is **FURTHER ORDERED** that the pleadings are deemed **CLOSED**, and no further pleadings, motions, responses, replies, supplements, or other filings requesting additional relief will be considered at the hearing unless specifically approved by the Court.