**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**
**d/b/a SERENITY HILLS LIFE CENTER,**

**Bankruptcy Case No. 25-00087**
Chapter 11

Debtor.

**COMBINED OBJECTION AND MEMORANDUM IN OPPOSITION TO CREDITOR SHARON TRAVIS'S MOTION FOR A FORMAL DETERMINATION OF UNBROKEN CREDITOR STANDING, MANDATORY RIGHT TO DOLLAR-FOR-DOLLAR REIMBURSEMENT, AND FOR AN ORDER IMPOSING A PROTECTIVE ESCROW UPON DISPUTED CORPORATE CAPITAL PROCEEDS, AND NOTICE OF INTENT TO INITIATE AN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. 105(a), 1109 (b), 509(b)(2), AND FED. R. BANKR. P. 7001/9014**

Robert L. Johns, Chapter 11 Trustee for the bankruptcy estate of Heart 2 Heart Volunteers, Inc. (the "Trustee"), responds and objects to Creditor Sharon Travis's *Motion for a Formal Determination of Unbroken Creditor Standing, Mandatory Right to Dollar-for-Dollar Reimbursement, and for an Order Imposing a Protective Escrow Upon Disputed Corporate Capital Proceeds, and Notice of Intent to Initiate an Adversary Proceeding Pursuant to 11 U.S.C. 105(a), 1109 (b), 509(b)(2), and Fed. R. Bankr. P. 7001/9014* (the "Motion") filed by Sharon Marie Travis ("Travis") former Chief Executive Officer, on October 9th, 2026. This Court should deny the relief requested by Travis.

## FACTS

1. The debtor, Heart 2 Heart Volunteers, Inc. (the "Debtor"), filed a voluntary petition for Chapter 11 relief on February 27, 2025, in the United States Bankruptcy Court for the Northern District of West Virginia.

2. The Debtor conducts business as Serenity Hills Life Center and is an addiction recovery center specializing in treatment of at-risk women suffering from substance abuse disorder.

3. On April 2, 2025, the Court entered an order directing the U.S. Trustee to appoint a patient care ombudsman (the "PCO") pursuant to 11 U.S. C. §333.

4. On May 12th, 2025, Travis filed an individual, voluntary petition for Chapter 7 relief in the United States Bankruptcy Court for the Northern District of West Virginia, Case No. 25-00251.

5. On December 17, 2025, the Debtor filed an application to employ a Corporate Restructuring Officer ("CRO") on an expedited basis.

6. After it was clear that a CRO was not working, the United States Trustee's Office ("USTO") filed a *Motion to Appoint Trustee Chapter 11 Trustee*. [Docket No. 210].

7. On February 19th, 2026, this Court entered the *Order Granting Motion to Appoint Chapter 11 Trustee*. [Docket No. 219].

8. In taking over the day-to-day operations, the Trustee deemed it necessary in his business judgment to make necessary staff changes, including replacing the existing clinical director with a more supervisory background in order to stabilize the treatment of patients.

9. On March 20th, 2026, the Trustee, after being made aware of certain issues with Travis' role as Chief Executive Office ("CEO") placed Travis on administrative leave.

10. On May 1st, 2026, after a special committee reviewed the issues with Travis' role as CEO and made recommendations to the Trustee; the Trustee removed her from her role as CEO.

11. On July 28th, 2026, Travis filed a proof of claim, Claim No. 17-1; claiming an amount of Two Hundred Eighty-Three Thousand Seven Hundred Eighty-Eight Dollars and Fifty-Eight Cents ($ 283, 788.58), including a priority claim amount of Seventeen Thousand One Hundred Fifty Dollars ($ 17, 150.00) pursuant to 11 U.S.C. 507(a) without supporting documentation.

12. Subsequently, Travis has amended her proof of claim, on two (2) occasions, first on August 11th, 2026 (Claim No. 17-2) and on August 12th, 2026, (Claim No. 17-3) with the amount claim and type unchanged, but included what is purported to be supporting documentation for her claim.

13. On October 16th, 2026, this Court entered an Order in Travis's individual bankruptcy, Case No. 25-00251, that touches on the relief requested in this Motion. Order (October 16th, 2026) [*In re Travis*, Case No. 25- 00251, Doc. No. 70].

## ARGUMENT

### A. Retaliatory Aggression, Abuse of Process, and Exploitation of Medical Illness.

Travis has alleged that the Chapter 11 Trustee somehow conspired with the U.S. Trustee's Office to reopen Travis's individual case in order to somehow penalize her for her actions in this case. This Court has previous ruled on this issue. In the Fourth Circuit Court of Appeals, an issue is precluded if

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*Needham v. Merck & Co. (In re Gardasil Prods. Liab. Litig.)*, 151 F.4th 178, 196 (4th Cir. 2025)(quoting *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004)).

Like the Court's ruling in Travis's individual case, this Court did not find any conspiracy, but instead found that "…the sole basis for reopening the Chapter 7 case was the Debtor's voluntary action of filing a proof of claim in Heart 2 Heart." ¶ 5, Order (October 16th, 2026) [*In re Travis*, Case No. 25- 00251, Doc. No. 70]. The issues presented in this case are the same, the Court had resolved the issue in its Order, the issue was material for adjudication, and the Order is final as to the issues addressed. For the reasons put forward in the Court's Order of October 16th 2026, the Trustee requests this Court deny the relief requested.

**B. Travis's Creditor Role**

Travis request for a declaratory judgment that Travis is valid creditor should be denied. A filed proof of claim is deemed allowed unless a party in interest objects; upon an objection, the court must determine and allow the claim after notice and a hearing, subject to the statutory grounds for disallowance. 11 U.S.C. § 502 (2025). Thus, the statutory claims-allowance process expressly contemplates bankruptcy-court determination of claim validity when an objection is made by a party. *Id.*

In the case before this Court, the Trustee has not acted upon Travis's Proof of Claim No. 17-3, and at this stage, the claim is deemed allowed. This Court has previously found that the proof of claim filed by Travis "…has a presumption of prima facie validity." ¶ 4,

Order (October 16th, 2026) [*In re Travis*, Case No. 25- 00251, Doc. No. 70]. This does not foreclose the possibility that the Trustee may and probably will object to Travis's proof of claim at some later date. Rule 3007 supplies no general deadline measured from the filing of the proof of claim, but a trustee should ordinarily object before confirmation when the plan classifies or treats the claim. USCS Bankruptcy R 3007, *In First Union Commer. Corp. v. Nelson, Mullins, Riley, & Scarborough (In re Varat Enters.)*, 81 F.3d 1310 (1996). However, at this juncture, Proof of Claim No. 17-3 is deemed allowed.

However, if Travis is attempting to assert her individual right to the entirety of the amount listed in Proof of Claim No. 17-3, the present case is not the proper forum for this assertion. On May 12th, 2025, Travis filed an individual, voluntary petition for Chapter 7 relief. It is well settled that at the time of filing, the bankruptcy estate consists of "…all legal or equitable interests of the debtor in property as of the commencement of the case."11 U.S.C. § 541 (2025). It also appears Travis received the benefits of a bankruptcy discharge on August 13th, 2025. Proof of Claim No. 17-3, contemplates claims and obligations incurred by Debtor both prior to Travis's bankruptcy filing and after. As such, it would appear that a portion of the claim encompassed by Proof of Claim No. 17-3 is property of Travis's individual bankruptcy estate. On September 10th, 2026, Travis's individual case was reopened to allow the appointed Trustee to investigate. This Court has noted that Travis's individual case was reopened "…to permit the Chapter 7 Trustee to determine whether the Debtor's claim against Heart 2 Heart Volunteers, Inc. ("Heart 2 Heart"), or any portion thereof, is property of the estate and, if so, whether and how that claim should be administered for the benefit of the estate." ¶ 4, Order (October 16th, 2026) [*In re Travis*, Case No. 25- 00251, Doc. No. 70]. The determination of who has standing

to initiate the claims put forward in Proof of Claim No. 17-3 and to what extent Travis or the Trustee on behalf of Travis's individual bankruptcy estate's interest lies not in this case, but in Travis's individual case. As the Court has already determined "…the Debtor's case was reopened to permit the Chapter 7 Trustee to determine whether the Debtor's claim against Heart 2 Heart Volunteers, Inc. ("Heart 2 Heart"), or any portion thereof, is property of the estate and, if so, whether and how that claim should be administered for the benefit of the estate." *Id.* The Trustee will file an objection, if necessary, once the Travis Chapter 7 Trustee has had an opportunity to investigate the claim. As there is no pending objection to proof of claim No. 17-3, and a Trustee has been appointed to investigate the claim, the relief requested by Travis is inappropriate. For the reasons stated above, this Court should deny Travis's request to declare her a valid creditor and allow Trustee in her bankruptcy case complete his investigation as it relates to Travis's individual bankruptcy estate.

**C. Protective Escrow**

This Court should deny Travis's request for a "protective escrow" as there is no basis for requesting such extraordinary relief pursuant to 11 U.S.C. § 105(a). This Court has inherent authority pursuant to 11 U.S.C. 105, which allows the Court to

> …issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (2025). In the Fourth Circuit, a bankruptcy court may exercise 11 U.S.C. § 105(a) authority when necessary or appropriate to implement a specific Bankruptcy Code provision, enforce a lawful order, prevent abuse of process, or protect the estate or reorganization from detrimental third-party proceedings—but it may not use

that authority to contravene the Code's statutory requirements. 11 U.S.C. § 105, *David v. King*, 109 F.4th 653, 666 (4th Cir. 2024). The Fourth Circuit Court of Appeals had previously rejected the concept of free-floating equitable discretion to redistribute rights according to a judge's personal assessment of fairness *Official Committee of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 301 (4th Cir. 1987)(see also *Kestell v. Kestell* (*In re Kestell*), 99 F.3d 146, 148 (4th Cir. 1996). A cursory review of circuit decisions across the country, only provide one (1) case in which a bankruptcy court ordered a trustee to deliver money into escrow. *Eller Indus. v. Indian Motorcycle Mfg.* (*In re Indian Motorcycle Trademark Litig.*), 281 B.R. 775, 780 (2002). In the *Eller Indus.* Case, a complicated series of events and the involvement of multiple jurisdictions, led to the bankruptcy court ordering the trustee to deliver One Million Two Hundred Thousand Dollars ($ 1,200,000.00) to a receiver to be held in escrow and further specified that payment first to the IRS claims, then to holders of allowed general unsecured claims until those claims were paid, and finally to pay any remaining portion to the receiver as result of a Madelman judgment and settlement and compromise. *Eller Indus. v. Indian Motorcycle Mfg. (In re Indian Motorcycle Trademark Litig.)*, 281 B.R. 775, 780 (2002). The circumstances in this case do not rise to the complicated facts of the *Eller Indus.* case.

The Trustee is this case is operating the Debtor under Chapter 11, pays employee wages, and continues to maintain the Debtor's assets in an appropriate matter. Other than Travis's unsubstantiated allegations of dissipation of assets, Travis has not cited any statute, case law, and/or facts that would warrant the establishment of an escrow account, much less; for the benefit of a single debtor. The *United States Bankruptcy Code* and the *Federal Rules of Bankruptcy Procedure* provide systematic and appropriate mechanisms

for both the preservation of the bankruptcy estate and for creditors to be paid from estate assets. The United States Trustee's Office and this Court continually monitor the case as it moves forward. There is no reason for this Court to deviate from those mechanisms. For the reasons stated-above, this Court should deny Travis's request to establish an escrow account.

## CONCLUSION

This Court should deny the relief requested by Travis. Other than Travis's allegations, Travis has not provided any factual evidence or legal standing to merit the relief requested. This Court has already determined the basis for re-opening Travis's individual case and the reasonableness of allowing the Trustee to determine what interest her personal bankruptcy estate may have in the Proof of Claim filed by Travis in the Debtor's estate. Furthermore, as no objection has been filed against the claim, the claim is deemed allowed and benefits from "…a presumption of prima facie validity." Finally, the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure provide systematic and appropriate mechanisms for both the preservation of the bankruptcy estate and for creditors to be paid. The establishment of an escrow, especially for the benefit of one (1) creditor is unwarranted and should be denied.

**WHEREFORE**, the Trustee respectfully requests this Court to deny Travis's *Motion for a Formal Determination of Unbroken Creditor Standing, Mandatory Right to Dollar-for-Dollar Reimbursement, and for an Order Imposing a Protective Escrow Upon Disputed Corporate Capital Proceeds, and Notice of Intent to Initiate an Adversary Proceeding Pursuant to 11 U.S.C. 105(a), 1109 (b), 509(b)(2), and Fed. R.*

*Bankr. P. 7001/9014* and grant the Trustee such other relief as the Court deems reasonable and necessary.

**ROBERT L. JOHNS, TRUSTEE**
by Counsel:

____/s/ Brian R. Blickenstaff________________
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
**Johns & Associates, PLLC**
101 Brook Hill Drive
Charleston, WV 25311
Phone No: (304) 720-2300
Fax No: (304) 720-2311
E-mail bblickentaff@johnswvlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

In re:

**HEART 2 HEART VOLUNTEERS INC.,**
**d/b/a SERENITY HILLS LIFE CENTER,**

**Bankruptcy Case No. 25-00087**
Chapter 11

Debtor.

**CERTIFICATE OF SERVICE**

I, Brian R. Blickenstaff, hereby certify that a copy of the foregoing "***COMBINED OBJECTION AND MEMORANDUM IN OPPOSITION TO CREDITOR SHARON TRAVIS'S MOTION FOR A FORMAL DETERMINATION OF UNBROKEN CREDITOR STANDING, MANDATORY RIGHT TO DOLLAR-FOR-DOLLAR REIMBURSEMENT, AND FOR AN ORDER IMPOSING A PROTECTIVE ESCROW UPON DISPUTED CORPORATE CAPITAL PROCEEDS, AND NOTICE OF INTENT TO INITIATE AN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. 105(a), 1109 (b), 509(b)(2), AND FED. R. BANKR. P. 7001/9014***" and **CERTIFICATE OF SERVICE** was served by First Class mail, postage prepaid, by electronic mail, and/or utilizing the Court's CM/ECF Pacer System where indicated, on this 4th day of November, 2026, on the following:

**GARY O. KINDER, ESQ.**
Assistant U.S. Trustee
300 Virginia Street East, Room 2025
Charleston, WV 25307
(*Via Electronic Filing*)

**KIRK B. BURKLEY, ESQ.**
Bernstein-Burkley, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
(*Via Electronic Filing*)

**SHARON MARIE TRAVIS**
930 Main Street, Unit 303
Wheeling, WV 26003
(*Via First Class Mail and Electronic Mail*)

Given this day by my hand,

/s/ Brian R. Blickenstaff